

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

June 4, 2021

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  <u>Felipe Rodriguez v. City of New York, et. al.</u>, 21 Civ. 1649 (AMD)(RLM)

Your Honor:

      I am a Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. George Zaroogian (Ret.) Det. John Beisel (Ret.), Det. John Califano (Ret.), Det. Jerry Fennel (Ret.) and Det. John Wilde (Ret.), in the above referenced matter.  Defendants hereby respectfully request a pre-motion conference in anticipation of a motion to dismiss the Complaint with prejudice.

      As it pertains to defendants' anticipated motion pursuant to Rule 12(b)(6), the principal problem with the Complaint is that it completely misrepresents (the Complaint is replete with misrepresentations and fabrications throughout) the basis on which plaintiff's conviction was vacated by the Queens County Supreme Court on December 30, 2019.  The basis of the Queens County Supreme Court's decision to vacate plaintiff's conviction was a discovery violation in the criminal proceedings, namely that certain notes of LIRR detectives had not been turned over to the defense, and thus there was newly discovered evidence that "undermine[d] confidence in the outcome of [plaintiff's] trial."  (Exhibits A, B and C hereto)  Plaintiff was not "exonerated," as is claimed on page 51 of the Complaint, and his conviction was not vacated because of "a recantation by the prosecution's main witness, Javier Ramos," as is claimed in ¶2 of the Complaint.  Rather, as to Javier Ramos' "recantation," Robert Masters, who conducted the reinvestigation of plaintiff's case for the Queens County District Attorney's Office (which joined in plaintiff's motion to vacate based on the discovery issue) stated at the hearing that "Mr.

Ramos' recantation is entirely devoid of logic, adequate recall and appears to be motivated in part by intense animus toward the police." (Exhibit B hereto, p. 16)

Plaintiff claims a federal malicious prosecution against all individual defendants. (Count II) Following the Second Circuit's decision in Lanning v. City of Glens Falls, 908 F.3d 19 (2d Cir. 2018), it is clear in this Circuit that in order to satisfy the favorable termination prong of a federal claim for malicious prosecution, a plaintiff must affirmatively demonstrate that the criminal proceedings were terminated in a manner indicative of [his] innocence. Id., at 25. Lanning makes clear that "criminal 'proceedings are 'terminated in favor of the accused'…only when their final disposition is such to indicate the innocence of the accused.'" Id., at 27-28.

Plaintiff claims denial of a fair trial in Count III of the Complaint.[1] This Court has stated after the Supreme Court's decision in McDonough v. Smith, 139 S. Ct. 2149 (2019), that "it makes sense to adopt the same favorable termination definition for fair trial claims based on fabricated evidence and malicious prosecution claims." Gondola v. City of New York, 16 CV 369 (AMD)(SJB), 2020 U. S. Dist. LEXIS 50972, at *11-12 (E.D.N.Y. Mar. 24, 2020). "To hold otherwise,…, ignores the similarities between malicious prosecution and fair trial claims based on fabricated evidence, and raises precisely the practical concerns the Supreme Court identified where there is parallel civil and criminal litigation." Id., at *12.

In Count IV of the Complaint, plaintiff makes denial of fair trial claims based on alleged Brady violations. The same favorable termination requirement applies to plaintiff's denial of fair trial claims based on alleged Brady violations. See Goldring v. Donawa, 16 CV 5651 (KAM), 2019 U.S. Dist. LEXIS 161170, 2019 WL 4535507, at *11 (E.D.N.Y. Sept. 19, 2019) ("plaintiff has not received a favorable termination under Second Circuit case law and, therefore, cannot maintain a § 1983 action for an unfair trial." [based on a Brady violation])

"The Court's review of defendants' motion to dismiss is limited to the facts alleged in the complaint, documents attached to the complaint or incorporated by reference in the complaint, documents integral to the complaint, and matters of which the Court may take judicial notice." Kravtchouk v. City of New York, et. al., 16 CV 4787 (RRM), 2019 U.S. Dist. LEXIS 173982, at *8 (E.D.N.Y. Sept. 30, 2019). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document integral to the complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Insofar as the complaint relies on the terms" of a document either annexed or deemed incorporated by reference, the court "need not accept its description," but may look to the document itself. Broder v. Cablevision Sys. Corp., 418 F.3d 187, 196 (2d Cir. 2005).

---

[1] Plaintiff in Counts III and IV of his Complaint makes vague allegations of denial of due process. However, such allegations are entirely conclusory, without merit, and should be dismissed on this basis. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008).

2

Here, plaintiff in ¶¶339-347 of the Complaint makes reference to and even quotes from, the hearing transcript and decision that resulted in plaintiff's conviction being vacated. However, plaintiff's contention that he was "exonerated," and that the Court credited the "recantation" of Javier Ramos, who had provided the police information, and testified to, the fact that plaintiff had borrowed his car on the night of Maureen Fernandez's murder, and had admitted to him the next morning the fact that plaintiff killed her, is a complete misrepresentation, and defendants respectfully submit that under the foregoing authorities, that the Court should examine Exhibits A, B and C hereto in deciding defendants' motion.

"A dismissal that 'leaves the question of guilt or innocence unanswered . . . cannot provide the favorable termination required . . . .'" Gondola, at *14 (quoting Lanning, 908 F.3d at 28-29). Judge Zayas' decision to vacate plaintiff's conviction (Ex. A) does not in any way affirmatively indicate plaintiff's innocence, and was based solely on an alleged discovery violation in connection with the LIRR detectives' notes as set forth above. Plaintiff cannot meet the federal "favorable termination" standard, and plaintiff's federal malicious prosecution, denial of fair trial and Brady claims should be dismissed for this reason alone.

Plaintiff's Brady claims (Count IV) should also be dismissed against the moving defendants for the additional reason that all of the Brady claims in the Complaint against the moving defendants arise out of documents allegedly not provided to the defense by the LIRR police, and not the NYPD individual defendants. (See Complaint, ¶¶298-321)

In Count V of the Complaint, plaintiff claims "excessive pretrial detention." "To prevail on… a claim [for excessive pretrial detention] against [the] individual defendants, a plaintiff must establish "(1) that he has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct 'shocks the conscience.'" Creighton v. City of New York, 12 CV 7454 (PGG), 2017 U.S. Dist. LEXIS 21194, at *117-18 (S.D.N.Y. Feb. 14, 2017). "In order to satisfy the Russo standard for excessive pre-trial detention, such exculpatory evidence must have conclusively or affirmatively established [plaintiff's] innocence." Id., at *117. Simply, plaintiff does not plausibly allege facts that demonstrate that there was exculpatory evidence in the possession of any individual defendant that would have conclusively established plaintiff's innocence pre-trial that would "shock the conscience." As such, this claim should be dismissed.

Plaintiff's Count VI against all individual defendants alleges a §1983 conspiracy. "To successfully assert a §1983 claim for conspiracy, plaintiff must show: (1) an agreement between two or more state actors … (2) to act in concert to inflict an unconstitutional injury and (3) an overt act done in furtherance of that goal causing harm to plaintiff." Little v. City of New York, 487 F. Supp. 2d 426, 441 (S.D.N.Y. 2007). "A § 1983 conspiracy claim 'will stand only insofar as the plaintiff can prove the *sine qua non* of a § 1983 action: the violation of a federal right.'" Bertuglia v. Schaffler, 672 F. App'x 96, 102 (2d Cir. 2016). To survive dismissal, a §1983 conspiracy claim must "'provide some factual basis supporting a meeting of the minds,' such an agreement, express or tacit, to achieve the unlawful end, augmented by some details of time and place and the alleged effects of the conspiracy." Blue v. City of New York, 16 CV 9990 (VSB), 2018 U.S. Dist. LEXIS 93509, at *26 (S.D.N.Y. June 4, 2018). The Complaint

3

does not plausibly allege, nor can it, any agreement by the individual defendants to conspire actionably against plaintiff, or any overt acts in furtherance thereof. Further, for the reasons set forth herein, the individual defendants have not violated any of plaintiff's rights.

Plaintiff's Count VII alleges a violation of the Equal Protection Clause by the defendant Beisel only. "To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must… show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004). Plaintiff "must establish that such unequal treatment was the result of intentional and purposeful discrimination." Chen v. City Univ. of New York, 11 Civ. 0320 (CM), 2011 U.S. Dist. LEXIS 130094, at *17 (S.D.N.Y. Nov. 9, 2011). Plaintiff's equal protection should be dismissed for the reasons that the Complaint does not in any way compare plaintiff to "others similarly situated," nor does it plausibly allege intentional and purposeful discrimination by Det. Beisel.

Sprinkled throughout the Complaint are vague and conclusory allegations of "failure[s] to intervene" by the individual defendants. (Complaint, ¶¶126, 371) "An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he or she observes or has reason to know that those other officers violated someone's constitutional rights. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). Simply, there was no underlying constitutional violation by any individual defendant in this case, nor is it plausibly alleged that any officer had a reason to know that another officer had an opportunity to intercede.

Counts VIII and X of the Complaint allege municipal liability against the City of New York.[2] Count VIII alleges municipal liability arising out of conduct by the NYPD. "In order to hold the City of New York liable under 42 U.S.C. § 1983 for an alleged constitutional violation, plaintiff must plead: "(1) an official policy or custom that (2) cause[d] [plaintiff] to be subjected to (3) a denial of a constitutional right." Aquino v. City of New York, 16 CV 1577 (GHW), 2017 U.S. Dist. LEXIS 10436, at *8 (S.D.N.Y. Jan. 25, 2017). After demonstrating the existence of a municipal policy at issue, "a plaintiff must then establish a causal connection, or an 'affirmative link,' between the policy and the deprivation of his constitutional rights." Deferio v. City of Syracuse, 770 Fed. App'x. 587, 590 (2d Cir. 2019). Count VIII should be dismissed for the reasons that as seen above, plaintiff's constitutional rights have not been violated herein, and that plaintiff cannot demonstrate any "affirmative link" between the alleged conduct in other cases, and the subject investigation of plaintiff herein.

Count X of the Complaint alleges Monell liability arising out of conduct by the Queens County District Attorney's Office. But the only underlying constitutional violation arising out of conduct by the Queens County District Attorney's Office in the Complaint was the

---

[2] Should the Court eventually allow the Monell claims to proceed, defendants wish to discuss with the Court a bifurcation of Monell discovery, which defendants submit is most economical.

alleged failure by former Queens County ADA Safran (the trial prosecutor) to turn over to the defense the Nagra tape, which was an audio recording of a conversation between Richard Perreira and Javier Ramos. (See Complaint, ¶¶158-167, 270-72, 298) Count X of the Complaint should be dismissed for a number of reasons. First, this issue was heavily litigated in prior motions by plaintiff pursuant to C.P.L §440 (including evidentiary hearings), and writs of *habeas corpus*, and were all decided against plaintiff. See People v. Rodriguez, 620 N.Y.S.2d 966 (2d Dep't 1994) and Exhibits D and E hereto. The Queens County Supreme Court specifically found after the evidentiary hearing that the Nagra tape had been turned over to the defense and found no discovery violation whatsoever. (Ex. D) These decisions should be considered by the Court upon defendants' motion to dismiss based on the authorities above and be given preclusive effect as to plaintiff's present claim. In any event, there was no prejudice to plaintiff as to the Nagra tape. Second, there is no "affirmative link" between the wholly unrelated other cases cited by plaintiff in the Complaint and the actions of former ADA Safran.

Based on the foregoing, all of plaintiff's federal claims should be dismissed. "It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over the remaining state law claims." Klein & Co. Futures, Inc. v. Board of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006). The Court should therefore decline pendant jurisdiction over plaintiff's sole state law claim, Count I for state law malicious prosecution.

Should the court retain jurisdiction over plaintiff's state law malicious prosecution claim, it should still be dismissed for failure of plaintiff to plausibly allege a "favorable termination." To demonstrate a favorable termination under state law, plaintiff must demonstrate that the termination of the criminal proceeding is not "inconsistent with the innocence of the accused." Neal v. Fitzpatrick, 250 F. Supp. 2d 153, 154 (E.D.N.Y. 2003). Plaintiff cannot demonstrate a "favorable termination" as the decision to vacate the conviction was not "on the merits," "the failure to proceed [does not] 'impl[y] a lack of reasonable grounds for the prosecution.'" see Fate v. Charles, 24 F. Supp. 3d 337, 342 (S.D.N.Y. 2014) (quoting Russo v. New York, 672 F.2d 1014, 1019 (2d Cir. 1982)), and "leaves the question of the plaintiff's guilt or innocence unanswered." See Hayes v. Schultz, 150 A.D.2d 522 (2d Dep't 1989).

The allegations against the defendant Fennel are conclusory and should be dismissed in their entirety under Iqbal. (See Complaint, ¶¶122, 158, 190, 204, 319, 362 and 390)

The Complaint does not plausibly allege the "initiation or continuation of a criminal proceeding" against the defendants Wilde and Califano sufficient for malicious prosecution, nor does it plausibly allege that they "forwarded false information to prosecutors" sufficient for a denial of fair trial claim. All claims against them should be dismissed, as they had the most limited of roles in the subject investigation.

The defendant Beisel is also absolutely immune for the testimony he gave at plaintiff's underlying criminal trial, though the Complaint, e.g., ¶¶293-298, seeks to hold him liable therefor. Briscoe v. LaHue, 460 U.S. 325 (1983).

Any remaining claim of plaintiff is without merit and should be dismissed as well.

5

Thank you for your consideration herein.

                                                              Respectfully submitted,

                                                              /s/ Mark D. Zuckerman
                                                              Mark D. Zuckerman
                                                              Senior Counsel

cc:      All Counsel (via ECF)