SUPREME COURT – STATE OF NEW YORK
CRIMINAL TERM, K-11, QUEENS COUNTY
125-01 QUEENS BOULEVARD
KEW GARDENS, NEW YORK 11415

PRESENT:

HONORABLE JOSEPH A. ZAYAS
JUSTICE OF THE SUPREME COURT

---

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK | DECISION AND ORDER OF THE COURT |
| -against- | Ind. No.: 1568/1989 |
| FELIPE RODRIGUEZ,              Defendant. | Motion to Vacate Judgment |

---

Defendant Felipe Rodriguez has moved, though counsel, to vacate a judgment, rendered on May 29, 1990, convicting him, after a jury trial, of murder in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to 25 years to life imprisonment.[1] He asserts that newly discovered evidence, which he could not have obtained with due diligence when he prepared his defense against charges that he murdered Maureen Fernandez during the early morning hours of

---

[1] Defendant's sentence was commuted by Governor Andrew Cuomo on December 30, 2016, and he was released from prison the following month.

November 26, 1987, creates a probability of a more favorable verdict (*see* CPL 440.10 [1] [g]). He also alleges that favorable evidence was withheld from him and the suppression of that evidence undermines confidence in the outcome of his trial (*see* CPL 440.10 [1] [h]; *Brady v Maryland*, 373 US 83 [1963]; *Giglio v United States*, 405 US 150 [1972]).

The People have filed a response to defendant's motion. Having conducted a multi-year reinvestigation of this matter, they agree with the crux of defendant's claims and consent to the relief he requests. The People moreover indicate that now, three decades after the underlying events, they are no longer able to prosecute this matter and, consequently, the indictment should be dismissed.

Accordingly, for the reasons outlined in the parties' papers and further detailed on the record, the Court grants the defendant's motion to vacate the judgment, pursuant to CPL 440.10 (1) (g) and (h), and dismisses the indictment. Sealing of the records and papers related to this matter in accordance with CPL 160.50 is stayed at the request of the defense, but the Court grants defendant leave to move for sealing in the future.

This constitutes the decision and order of the Court.

The Clerk of the Court is directed to distribute copies of this decision and order to counsel for the defendant and to the District Attorney

December 30, 2019

JOSEPH A. ZAYAS, J.S.C.
JUDGE JOSEPH A ZAYAS