

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel  212.689.8808
Fax  212.689.5101
www.hnrklaw.com

ssilverberg@hnrklaw.com

June 7, 2021

**VIA ECF**

Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Felipe Rodriguez v. City of New York, et al.*, 21 Civ. 1649 (AMD)(RLM)

Dear Judge Donnelly,

We represent defendants Metropolitan Transportation Authority ("MTA"), Long Island Rail Road Company ("LIRR"), and retired Detectives Thomas Sullivan and Charles Wendel in this matter (collectively, the "MTA Defendants."). We write pursuant to Your Honor's Individual Rules to respectfully request a pre-motion conference to discuss the MTA Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

By way of background, Plaintiff Felipe Rodriguez brings this action arising out of his arrest, prosecution, and conviction on homicide charges following the 1987 death of Maureen Fernandez. Plaintiff was convicted in 1990, though his conviction was vacated in late 2019, due to a discovery violation during the criminal proceedings. (*Id*. ¶¶ 2, 341.) It is uncontested that the murder investigation was conducted by the New York City Police Department ("NYPD"). (*See, e.g.,* Compl. 107.) Detectives Sullivan and Wendel, then members of the LIRR Police Department ("LIRR PD"), provided support to the NYPD because the victim's body was discovered on LIRR property. (*Id*. ¶ 51.) Plaintiff was arrested by the NYPD, prosecuted by the Queens District Attorney's Office, and convicted by a jury of his peers. He has no claim against the MTA Defendants for the following reasons:

**Malicious Prosecution – All MTA Defendants (Counts I and II):**[1]

A plaintiff bringing a malicious prosecution must prove that the defendant initiated or continued a criminal proceeding against him. *Greene v. City of New York*, No. 08 Civ. 243 (Donnelly, J.), 2017 WL 1030707, at *21 (E.D.N.Y. Mar. 15, 2017), *aff'd,* 742 Fed. App'x 532 (2d Cir. 2018). The criminal charges against Plaintiff were initiated by NYPD Detective John Beisel. (Compl. ¶ 236.). Plaintiff therefore cannot maintain a malicious prosecution claim against Detectives Sullivan and Wendel because neither of them initiated nor urged the continuation of

---

[1] The MTA Defendants respectfully reserve the right to move on additional grounds not asserted herein.

the criminal charges against him. *Pierre v. Rocco*, 2021 WL 950021, at *3 (E.D.N.Y. Mar. 12, 2021). Accordingly, because the federal claim cannot stand against Sullivan and Wendel, the derivative state law claim against the MTA and LIRR must also fail. *Garcia v. Gridley*, 2020 WL 2523049, at *6 (E.D.N.Y. May 18, 2020).

In addition, Plaintiff cannot satisfy the favorable termination prong of his federal claim, which requires him to demonstrate that the criminal proceedings were terminated in a manner indicative of his innocence. *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). His conviction was vacated because of a purported discovery violation, which is not a final disposition indicating Plaintiff's innocence. *See Norton v. Town of Brookhaven*, 47 F. Supp.3d 152, 158 (E.D.N.Y. 2014) (a dismissal that does not reach the merits, without more, is not indicative of innocence).

**Denial of Due Process and Fair Trial: Fabrication of Evidence and *Brady* Violations – Sullivan and Wendel (Counts III and IV):**

Counts III and IV allege a violation of Plaintiff's due process right to a fair trial, based on fabrication of evidence (Count III) and a violation of Plaintiff's *Brady* rights (Count IV). "To succeed on a fabricated-evidence claim, a plaintiff must establish that an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[red] a deprivation of life, liberty, or property as a result." *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (quotation omitted). "A fair trial claim may also arise where the police or prosecutors withhold material exculpatory or impeaching evidence from a defendant. The latter theory of liability is essentially a civil claim seeking damages for a *Brady* violation." *Fappiano v. City of New York*, 640 F. App'x 115, 118 (2d Cir. 2016).

Plaintiff's allegations against Detectives Sullivan and Wendel fall far short of these pleading standards. Plaintiff alleges no facts supporting a fabrication of evidence claim against them. Plaintiff alleges that Sullivan and Wendel "assisted" another detective in conducting witness interrogations, which resulted in perjurious affidavits, one of which implicated the Plaintiff. (*See, e.g.*, Compl. ¶¶ 122, 140-41, 145, 190.) There are no allegations that Sullivan or Wendel fabricated evidence, only that Sullivan observed the witnesses sign the affidavits. This does not amount to generating false information, a requisite element of a fair trial claim. *See Greene*, 2017 WL 1030707, at *24–26. Since there are no allegations specific to Sullivan or Wendel as to what fabricated evidence they purportedly forwarded to prosecutors this claim must fail.

Moreover, as this Court recently held, a Plaintiff must also demonstrate a favorable termination to proceed on a fair trial claim. *Gondola v. City of New York*, 16 Civ. 369 (Donnelly, J.), 2020 WL 1433874, at *4-6 (E.D.N.Y. Mar. 24, 2020) (internal citations omitted). The same requirement applies to an unfair trial claim premised on a *Brady* violation. *See Goldring v. Donawa*, 2019 WL 4535507, at *11 (E.D.N.Y. Sept. 19, 2019). As stated above, Plaintiff cannot meet this threshold.

As to purportedly undisclosed evidence, Plaintiff has the burden to show that the government failed to disclose evidence that was favorable to him. *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995). Police satisfy their *Brady* obligations when they turn exculpatory evidence over to prosecutors. There are no allegations that Sullivan or Wendel failed to do so.

Case 1:21-cv-01649-AMD-RLM Document 22 Filed 06/07/21 Page 3 of 4 PageID #: 213

Hon. Ann M. Donnelly
June 7, 2021
Page 3

HOGUET NEWMAN
REGAL & KENNEY,LLP

Plaintiff alleges only that certain documents that the detectives created were never turned over by the prosecutor but this is insufficient to state a *Brady* claim against the detectives. *See Greene*, 2017 WL 1030707, at *26 ("That detectives gave the prosecutors the information that the plaintiff claims was withheld ends the inquiry"), *aff'd,* 742 F. App'x 532 (2d Cir. 2018).

**Excessive Pretrial Detention – Sullivan and Wendel (Count V):**

"The Second Circuit permits recovery for excessive pre-trial detention where a Plaintiff can show (1) that [he] has a right to be free from continued detention stemming from law enforcement officials' mishandling or suppression of exculpatory evidence, (2) that the actions of the officers violated that right, and (3) that the officers' conduct 'shocks the conscience." *Gonzalez v. New York City*, 2016 WL 7188147, at *4 (S.D.N.Y. Dec. 2, 2016). Again, there are no specific allegations that Sullivan or Wendell mishandled evidence. That the Plaintiff did not receive certain documents is insufficient to allege that it was the detectives who failed to turn over that information.

**Civil Rights Conspiracy – Sullivan and Wendel (Count VI):**

To state a claim for conspiracy under Section 1983, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Plaintiff alleges that Detectives Sullivan and Wendel, acting within the scope of their employment, acted in concert with NYPD officers to deny Plaintiff his constitutional rights. (Compl. ¶ 389.) Because all of the alleged conspirators were state actors carrying out their duties, this claim fails. To survive a motion to dismiss, a plaintiff must allege more than "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (collecting cases).

**Municipal Liability – MTA and LIRR (Count IX):**

The MTA, LIRR and the City of New York are each separate and distinct municipal entities for § 1983 purposes. *See Lloyd* v. *City of New York*, No. 12 Civ. 4303 (BMC), 2012 WL 3878116, at *1 n.1 (E.D.N.Y. Sept. 6, 2012) (collecting cases). A municipality may only be held liable if "a violation of rights resulted from the 'government's policy or custom, whether made by its lawmakers or by those whose acts or edicts may fairly be said to represent official policy.'" *Canete v. Metro. Transp. Auth.*, No. 17 Civ. 3961 (PAE), 2018 WL 4538897, at *4–6, *quoting Monell,* 436 U.S. at 694 (internal quotation marks omitted). Section 1983 claims purporting to allege an officially adopted policy or custom "still must satisfy the plausibility standard under the Supreme Court decisions of *Twombly* and *Iqbal*." *Byrd v. Metro. Transp. Auth.*, No. 15 Civ. 13634 (JG) (RLM), 2015 WL 4546718 at *2, (E.D.N.Y. July 28, 2015). Plaintiff's only allegations as to the LIRR and MTA are conclusory, and plainly insufficient to support a *Monell* claim. (Compl. ¶¶ 446-61.) Plaintiff's own case alone is insufficient to establish *Monell* liability. *Nguedi v. Caulfield*, 813 F. App'x 1, 3 (2d Cir. 2020).

Based on the foregoing, the MTA Defendants intend to move for dismissal on the pleadings and respectfully request that the Court schedule a pre-motion conference in this matter.

Hon. Ann M. Donnelly
June 7, 2021
Page 4



Respectfully submitted,

Steven M. Silverberg

cc: **VIA ECF**
*All Counsel of Record*