
**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

June 11, 2021

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Felipe Rodriguez v. City of New York, et. al.</u>, 21 Civ. 1649 (AMD)(RLM)

Your Honor:

   I am a Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. George Zaroogian (Ret.) Det. John Beisel (Ret.), Det. John Califano (Ret.), Det. Jerry Fennel (Ret.) and Det. John Wilde (Ret.), in the above referenced matter. The foregoing defendants hereby respectfully request that discovery be stayed herein pending the outcome of defendants' anticipated motions to dismiss, or in the event that the Court is not inclined to grant such request, that <u>Monell</u> discovery at least be stayed and/or bifurcated. Plaintiff objects to any stay of discovery, thus, the foregoing defendants would like to discuss this issue with Your Honor at any pre-motion conference with respect to the anticipated motions to dismiss.

   District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion. <u>Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC</u>, 19 CV 7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2010) (internal citations omitted). In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. <u>Id</u>. (internal citations omitted). A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation. <u>Johnson v. N.Y. Univ. Sch. of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

First, as outlined in defendants' pre-motion conference letter, defendants' anticipated motion to dismiss is strong, and if granted in its entirety, would be fully dispositive. Defendants' argument as to the lack of a "favorable termination" is particularly strong for the reasons set forth therein, and if the Court so finds, would be a basis to eliminate the most significant claims in the complaint, i.e., plaintiff's malicious prosecution, denial of fair trial, Brady and Monell claims. As also outlined in defendants' letter, the remaining claims in the complaint are without merit as well. Thus, defendants meet the first prong of the foregoing test.

Second, a stay would benefit both sides by avoiding the burden and expense of further burdensome discovery[1] that may well prove unnecessary. See Integrated Sys. & Power v. Honeywell Int'l, 09 Civ. 5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery") (quoting In re Term Commodities Cotton Futures Litig., 12 Civ. 5126, 2013 U.S. Dist. LEXIS 65797, at *23 (S.D.N.Y. May 8, 2013)); Chesney v. Valley Stream Union Free Sch. Dist. No. 25, 05 CV 5105 (DRH) (ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated). If defendants' motion is granted, no discovery at all will be necessary. At the very least, obtaining a decision on defendants' motion to dismiss will reduce the amount of necessary discovery by eliminating non-meritorious claims. Further, plaintiff would have the parties engage in vexatious Monell discovery as to other lawsuits and incidents from decades ago, which is completely unnecessary.

Third, there is no prejudice to plaintiff if the stay is granted. A delay alone does not constitute prejudice. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). In any event, any delay is greatly outweighed by the substantial burden of discovery that would be avoided if defendants' motion is granted. Even if it is granted in part, much of the discovery that plaintiff would argue for would be eliminated.

The City has moved to dismiss plaintiff's Monell claims, which lack merit. Separate and apart from that, courts often stay discovery on Monell claims based on considerations of efficiency until it has been resolved whether the existence of an underlying violation of a constitutional right has been established. See, e.g., Roper v. City of N.Y., 15 CV

---

[1] This case is in an unusual posture, as Rodriguez has an existing action in the New York of Claims which is presently pending and in which significant discovery on the subject matter of the Complaint herein has already been taken. Not only have all of the underlying documents been produced upon Rodriguez's subpoena duces tecum to the Queens County District Attorney's Office, numerous depositions of the defendants Beisel, Califano, Zaroogian, Sullivan and various non-party Queens County Assistant District Attorneys have already been taken. It is the vexatious and unmeritorious Monell discovery that plaintiff will surely seek that is completely unnecessary, as well as discovery such as disciplinary records from thirty years ago. Further it would remain an open question as to what further depositions would be necessary given the depositions that have already been taken in the Court of Claims case, though, i.e., the City defendants were not present at the deposition of MTA defendants, and vice versa.

8899 (PAE) (GWG), U.S. Dist. LEXIS (S.D.N.Y. Jan. 25, 2017); Brown v. City of N.Y., 13 CV 6912 (TPG), 2016 U.S. Dist. LEXIS 18670, at *4 (S.D.N.Y. Feb. 16, 2016).

Alternatively, even in the event that the Court is not inclined to stay all discovery, defendants respectfully submit that Monell discovery, at the very least, should be stayed pending the outcome of the motion, and bifurcated even if the motion is denied. In this Circuit, "courts often order bifurcation in §1983 civil rights cases where there are Monell claims against the municipality." Tabor v. New York City, 11 CV 195 (FB)(CLP), 2012 U.S. Dist. LEXIS 29004, at *31, 2012 WL 603561 (E.D.N.Y. Feb. 23, 2012). In fact, "[t]he overwhelming weight of authority holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a Monell claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." Morales v. Irizarry, 95 CV 5068 (AGS)(HBP), 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 22, 1996); Williams v. City of New York, 07 CV 5362 (NG)(VVP), 2008 U.S. Dist. LEXIS 104730, at *8 (E.D.N.Y. Dec, 29, 2008) ("[b]ifurcation of civil rights trials is a common practice in the courts in this circuit.").[2]

Courts recognize that the issue of municipal liability goes well beyond the question of whether the individual plaintiff's rights were violated on the date of incident, see, e.g., Padilla v. City of New York, supra, 1993 U.S. Dist. LEXIS 17, at *2, and that judicial efficiency is served where a separate trial disposes of one claim or establishes a necessary element of a second claim. Ismail v. Cohen, 706 F. Supp. 243, 251 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990). That consideration is most applicable in this case.

---

[2] See also Albert v. City of New York, 17 CV 3957 (ARR)(SMG), 2018 U.S. Dist. LEXIS 179576, at **14-15, 2018 WL 5084824 (E.D.N.Y. Oct. 18, 2018); Aquino v. City of New York, 16 CV 1577 (GHW), 2017 U.S. Dist. LEXIS 76402, at **7-8, 2017 WL 2223921 (S.D.N.Y. May 19, 2017); Mineo v. City of New York, 09 CV 2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953, at **3-6, 2013 WL 1334322 (E.D.N.Y. Mar. 29, 2013); Jones v. City of New York, 10 CV 5387 (BMC), 2011 U.S. Dist. LEXIS 31561, at *2-3 (E.D.N.Y. Mar. 27, 2011); Thrower v. Commissioner Rocco Pozzi, et. al., 99 Civ. 5871 (GBD), 2002 U.S. Dist. LEXIS 1035 at *18-19, 2002 WL 91612 (S.D.N.Y. Jan. 23, 2002); Vives v. City of New York, No. 02 Civ. 6646 (JSM) (HBP), 2003 U.S. Dist. LEXIS 1833, at *2-3, 2003 WL 282191 (S.D.N.Y. Feb. 10, 2003); Busch v. City of New York, No. 00 CV 5211 (SJ), 2002 U.S. Dist. LEXIS 18337, at *9-10, 2002 WL 31051589 (E.D.N.Y. Sept. 9, 2002); Duke v. County of Nassau, No. 97 CV1495 (JS) (ETB), 2000 U.S. Dist. LEXIS 22415, at *2-3 (E.D.N.Y. Oct. 26, 2000); Daniels v. Loizzo, 178 F.R.D. 46, 47-49 (S.D.N.Y. 1998); Masi v. City of New York, No. 98 Civ. 6802 (MBM), 1999 U.S. Dist. LEXIS 13488, at *1-2, 1999 WL 688453 (S.D.N.Y. Sept. 2, 1999); West v. City of New York, 88 Civ. 1801 (DC), 1996 U.S. Dist. LEXIS 6239, at *16, 1996 WL 240161 (S.D.N.Y. May 8, 1996); Doe v. Yorkville Plaza Assocs., 1997 U.S. Dist. LEXIS 10103 at *1-2, 1997 WL 394944 (S.D.N.Y. July 11, 1997); Padilla v. City of New York, 92 Civ. 1212 (MBM), 1993 U.S. Dist. LEXIS 17, at *2, 1993 WL 5883 (S.D.N.Y. Jan. 4, 1993); Fisher v. City of New York, 90 Civ. 8163 (LJF), 1992 U.S. Dist. LEXIS 3436, at *9, 1992 WL 7706 (S.D.N.Y. Mar. 23, 1992).

Thank you for your consideration herein.

                                                  Respectfully submitted,

                                                  /s/ Mark D. Zuckerman
                                                  Mark D. Zuckerman
                                                  Senior Counsel

cc:      All Counsel (via ECF)