# ZMO Law PLLC

June 18, 2021

***Via ECF***

Hon. Ann M Donnelly
Eastern District of New York
US Courthouse, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Felipe Rodriguez v. City of New York et al.*, 21-cv-01649 (AMD)(RLM)

Dear Judge Donnelly:

This office represents Felipe Rodriguez in the above-captioned matter. We write to respond to counsel Steven Silverberg's letter requesting a pre-motion conference to discuss the filing of a motion to dismiss the Complaint with respect to Metropolitan Transportation Authority ("MTA"), Long Island Rail Road Company ("LIRR"), and retired Detectives Thomas Sullivan and Charles Wendel (collectively, the "MTA Defendants"). ECF No. 22. We respectfully submit that no conference is necessary because there are no valid grounds to dismiss any portion of the Complaint under Fed. R. Civ. P. 12(b)(6). The case should proceed forthwith to discovery.

## 1. Malicious Prosecution (Counts I and II) – Defendants Sullivan and Wendel

The MTA Defendants argue that Sullivan and Wendel cannot be liable for malicious prosecution because they did not "initiate or urge the continuation" of Plaintiff's prosecution. ECF No. 22 at 1-2. *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). A defendant initiates or urges the continuation of a prosecution by "play[ing] an active role in the prosecution," *id.* at 163, including by "preparing [an] alleged false confession and forwarding it to prosecutors." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Liability is not limited to the officer who signed the accusatory instrument, and more than one detective can initiate or urge the continuation of a prosecution. *See, e.g., id.*

There is no question that Plaintiff adequately alleged that Sullivan and Wendel played an "active role" in initiating Plaintiff's prosecution. The detectives interviewed key witnesses and suspects and created dozens of police reports. *See, e.g.*, Compl. ¶¶ 68, 71, 89-90, 122. They intentionally elicited Javier Ramos's statement falsely implicating Plaintiff in the murder and caused that statement to be handed to prosecutors, thereby substantially contributing to the decision to initiate and continue the prosecution of Plaintiff. Compl. ¶¶ 189-201; 372-375.

Further, as discussed in Plaintiff's response to the City Defendants' letter seeking a pre-motion conference, ECF No. 28 at 2-3, the underlying criminal proceeding terminated in a

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

manner indicative of Plaintiff's innocence. *See Lanning v. City of Glens* Falls, 908 F.3d 19, 25, (2d Cir. 2018). The grounds for dismissal included, not merely a "discovery violation," ECF No. 22 at 2, but "newly discovered evidence . . . creat[ing] a probability of a more favorable verdict"; the DA's Office consented to dismissal in light of Ramos's recantation; all parties agreed that the City lacked sufficient evidence to retry the case; and Justice Joseph Zayas of Queens County Supreme Court acknowledged that the newly discovered evidence "would likely have affected the jury's verdict." *See* ECF No. 21-1: 12/30/19 Order at 2; ECF No. 21-2: 12/30/19 Tr. at 5, 20, 23.

## 2. Fair Trial Claims – Fabrication of Evidence and *Brady* Violations (Counts III and IV) – Defendants Sullivan and Wendel

The MTA Defendants argue that Plaintiff's fair trial claims must be dismissed because (1) the Complaint does not allege that Sullivan or Wendel fabricated evidence or failed to disclose *Brady* material and (2) Plaintiff does not satisfy *Lanning*'s "favorable termination" requirement. Both arguments fail.

First, the Complaint alleges that Sullivan and Wendel intentionally coerced a false statement from Javier Ramos implicating Plaintiff in the murder and forwarded the statement to prosecutors. Compl. ¶¶ 189-201; 372-375. The Complaint also details at least six pieces of exculpatory information that Wendel and Sullivan withheld from prosecutors and the defense and alleges that such information was, individually and collectively, material to the outcome of Plaintiff's trial. Compl. ¶¶ 220-21; 299-321; 380-82.[1]

Second, fair trial claims do not require showing termination in a manner "affirmatively indicat[ing] [] innocence,"[2] and even if such a showing were required, Plaintiff can easily make it. *See supra*.

---

[1] As permitted by Fed. R. Civ. P. 8, the Complaint alleges, in the alternative, that prosecutors possessed this information and failed to disclose it to the defense. *See* Compl. ¶ 461.

[2] *See Poventud v. City of New York*, 750 F.3d 121, 124 (2d. Cir. 2014). Plaintiff is mindful that this Court interpreted *McDonough v. Smith*, 139 S. Ct. 2149 (2019), to extend the termination-indicative-of-innocence requirement to fabrication claims. *Gondola v. City of New York*, 16-cv-369 (AMD), 2020 WL 1433874, at \*4-6 (E.D.N.Y. Mar. 24, 2020). Plaintiff respectfully submits, however, that *McDonough* concerned principles of claim processing introduced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and did not establish a new substantive element for fabrication claims. *See McDonough v. Smith*, 139 S. Ct. at 2155 ("We assume without deciding that the Second Circuit's articulations of the right at issue and its contours are sound, having not granted certiorari to resolve those separate questions."). Nevertheless, because the facts surrounding Plaintiff's vacatur clearly indicate innocence within the meaning of *Lanning*, there is no need for the Court to resolve this issue of law.

ZMO Law PLLC

### 3.  Excessive Pretrial Detention (Count V) – Sullivan and Wendel

The MTA Defendants argue that they cannot be liable for excessive pretrial detention because there are no "specific allegations that Sullivan or Wendel mishandled evidence." ECF No. 22 at 3. To the contrary, the Complaint plausibly alleges that both detectives mishandled and suppressed evidence: they helped fabricate Javier Ramos's false statement implicating Plaintiff in the murder and they withheld exculpatory evidence that would have derailed Plaintiff's prosecution. Compl. ¶¶ 220-21; 299-321; 380-82.

### 4.  Civil Rights Conspiracy (Count VI) – Sullivan and Wendel

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The Complaint plausibly alleges that Defendants Sullivan, Wendel and the City Defendants agreed to deprive Plaintiff of his right not to have criminal proceedings initiated against him without probable cause, not to have fabricated evidence used against him at trial, and not to have exculpatory evidence withheld from him. Compl. ¶¶ 389-391.

### 5.  Municipal Liability (Count IX) - MTA and LIRR

The Complaint plausibly alleges that the MTA and LIRR failed to train its detectives to disclose exculpatory information and not to fabricate evidence or coerce witnesses, evincing a deliberate indifference to the constitutional rights of the public that "may fairly be said to represent a policy for which the [entities are] responsible." *City of Canton v. Harris*, 489 U.S. 378, 389-90 (1989). *See* Compl. ¶¶ 446-461. Further, as they did in Plaintiff's case, LIRR detectives regularly conducted joint investigations with the New York City Police Department, which was known to carry out the same unconstitutional policies. Compl. ¶ 457. Plaintiff's case highlighted numerous acts of misconduct by multiple LIRR employees. The Court should not dismiss Plaintiff's *Monell* claims against the MTA and LIRR without the benefit of discovery.

#### *Conclusion*

Because the Complaint adequately alleges multiple constitutional violations against each MTA Defendant, the Court should not entertain dismissal and the case should proceed to discovery forthwith.

ZMO Law PLLC

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma
Benjamin Notterman

CC: Steven Silverberg, Esq. (via email and ECF)
    Mark D. Zuckerman, Esq. (via email and ECF)
    Joel B. Rudin, Esq. (via email).