UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
**FELIPE RODRIGUEZ,**

                         **Plaintiff,**          **ORDER**

     **-against-**          **21-cv-1649 (AMD)**

**CITY OF NEW YORK, et al.,**

                         **Defendants.**
-------------------------------------------------------------------x

A telephonic initial conference will be held in this case at 12:00 p.m. on September 14, 2021, before United States Magistrate Judge Roanne L. Mann. *<u>Counsel for all parties (and any pro se parties) must participate</u>*.

## PRIOR TO THE INITIAL CONFERENCE

**<u>Compliance with Rule 26(f)</u>.** Prior to the conference, the parties are to comply with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The parties shall confer at least five business days before the initial conference to discuss the matters specified in Fed. R. Civ. P. 26(f) and 16(b); counsel[1] shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data, and (2) the scope of any anticipated protective order, including whether to address inadvertent disclosure of privileged information therein, pursuant to Rule 502 of the Federal Rules of Evidence.

---

[1] References to "counsel" in this Order apply equally to *pro se* parties, except that *pro se* parties are exempt from the Electronic Case Filing program but are encouraged to register to receive electronic notifications.

**Questionnaire.**  After the parties confer pursuant to Rule 26(f), counsel shall complete the attached questionnaire.  No written report or discovery plan required by Rule 26(f) need be filed with the Court, **but the completed questionnaire must be filed with the Court prior to the initial conference.**

**Automatic Disclosures under Rule 26(a)(1).**  At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and comply with the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure. Additional discovery may commence prior to the initial conference.

**Confirmation of Initial Conference.**  Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.  In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed, or as soon as plaintiff's counsel learns the identity of defense counsel, whichever occurs first.  Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference, if an answer still has not been filed.

**Adjournments of Initial Conference.**  Requests for adjournments will not be considered unless made at least **forty-eight (48) hours** before the scheduled conference.

## DURING THE INITIAL CONFERENCE

At the initial conference, counsel shall be **fully prepared** to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement.  Counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events that are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

## GENERAL MATTERS

**Production of Documents and Privilege Logs.**  The parties are reminded of their responsibilities regarding the production of documents under Rule 34(b)(2)(E).  Should a party withhold documents on grounds of privilege, such party must provide a privilege log that sets forth the information required by Local Civil Rule 26.2(a)(2)(A).

**Electronic Case Filing.**  All cases have been assigned to the Court's Electronic Case Filing Program.  The parties shall file all future submissions electronically, except for parties appearing *pro se*, who are directed to file all correspondence and other submissions by first class mail, with a copy to counsel of record.  (*Pro se* parties with email addresses are, however, encouraged to sign up to receive submissions electronically.)  The parties are reminded of their obligation to comply with Rule 5.2 of the Federal Rules of Civil Procedure, which requires partial redactions of certain information, such as social security numbers and the names of minors.

**Counsel of Record.**  Only counsel who are registered for ECF and who have filed a notice of appearance will receive electronic notices that a document has been filed via ECF.  The parties are warned that they will bear the consequences if they do not receive electronic notices due to counsel's failure to register for ECF.  It is the responsibility of the parties to regularly monitor the status of their cases to avoid missing deadlines and court appearances, as well as to update the Court of any change in counsel or counsel's contact information.

**Individual Rules.**  It is the responsibility of the parties to comply with the Individual Rules of the judges assigned to this case, including those relating to sealed documents, *pro se* parties, and courtesy copies. The rules of the undersigned magistrate judge are attached to this order.

**SO ORDERED.**

Dated:   Brooklyn, New York
         August 3, 2021

/s/    *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

Case Name: <u>Rodriguez v. City of New York et al</u>
Docket #: 21-cv-1649

**INITIAL CONFERENCE QUESTIONNAIRE**

1. Have the parties exchanged the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)? \_\_\_\_\_

2. If additional interrogatories beyond the 25 permitted under Fed. R. Civ. P. 33(a) are needed, the maximum *additional* ones by:   plaintiff(s) \_\_\_\_\_  and defendant(s) \_\_\_\_\_

3. Maximum number of requests for admission by: plaintiff(s) \_\_\_\_\_ and defendant(s) \_\_\_\_\_

4. Number of depositions by plaintiff(s) of: parties \_\_\_\_\_ non-parties \_\_\_\_\_

5. Number of depositions by defendant(s) of: parties \_\_\_\_\_ non-parties \_\_\_\_\_

6. Time limit per deposition (if more than 7 hours permitted by Fed. R. Civ. P. 30 (d)(1) is required): _____

7. Date for completion of factual discovery: _____

8. Number of expert witnesses of plaintiff(s): \_\_\_\_\_ medical \_\_\_\_\_ non-medical
   Date for expert disclosure, including report(s): _____

9. Number of expert witnesses of defendant(s): \_\_\_\_\_ medical \_\_\_\_\_ non-medical
   Date for expert disclosure, including report(s): _____

10. Dates for completion of expert depositions (if desired):

11. Time for amendment of the pleadings by plaintiff(s) _____ and by defendant(s

12. Number of proposed additional parties to be joined by plaintiff(s) \_\_\_\_\_ and defendant(s) \_\_\_\_\_ and time for adding those parties: _____

13. Types of contemplated dispositive motions: _____

14. Dates for filing contemplated dispositive motions, or where applicable, requests for a premotion conference: _____

15. Have counsel reached any agreements regarding electronic discovery?  If so, please describe at the initial conference.

16. Do the parties consent[1] to trial before a magistrate judge pursuant to 28 U.S.C. § 636(d)? (Answer "no" if any party declines to consent, without indicating which party has declined.) Yes \_\_\_\_\_    No \_\_\_\_

---

[1] The fillable consent form A0 85 may be found at https://www.nyed.uscourts.gov/forms/all-forms/general_forms and may be filed electronically upon completion prior to the initial conference, or brought to the initial conference and presented to the Court for processing.  Consenting does not affect a party's right to a jury trial.

**INDIVIDUAL RULES OF**
**MAGISTRATE JUDGE ROANNE L. MANN**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Telephone: (718) 613-2350
Fax: (718) 613-2355
Contact: Josh Proujansky/Gena Miller (Law Clerks)

Unless otherwise ordered by the judge in a specific case, matters before Magistrate Judge Mann shall be conducted in accordance with the following practices:

*Electronic Case Filing (ECF)*

A.  *ECF is Mandatory.*  All documents must be filed electronically via the Court's Electronic Case Filing ("ECF") System, pursuant to Administrative Order 200408.  The Eastern District's User Guide for electronic case filing is available at https://www.nyed.uscourts.gov/forms/ all-forms/ecf_instructions.  This manual also contains contact information for questions regarding ECF.  Parties are advised not to contact Chambers with questions regarding ECF registration, filing, or other technical issues.

B.  *Notifications and Orders by the Court.*  Attorneys will receive notifications from the Court electronically.  Hard copies will not be mailed to attorneys registered for ECF.  Attorneys are responsible for ensuring that they are registered with the Clerk's Office to receive e-mail notifications in each and every matter in which they appear before Magistrate Judge Mann and for keeping their e-mail addresses current with the Clerk's Office.  For assistance, attorneys may call the Docketing Department of the Clerk's Office at 718-613-2610.

C.  *Exemptions.*  Litigants proceeding *pro se* are exempt from ECF requirements.  *Pro se* litigants may, however, consent to receive electronic notice of court documents. For more information, *pro se* parties may visit the EDNY website at https://www.nyed.uscourts.gov/forms/all-forms/prose_forms.

*Communications with Chambers*

A.  *Written Communications.*  ALL written communications with Chambers shall be filed through ECF.  However, if the communication exceeds 25 pages (including attachments), the party must also submit to Chambers a courtesy copy in hard copy.  Preferably, the courtesy copies will be reproductions of the document as filed on ECF, with the ECF numbering appearing at the top of the page.  If not, the courtesy copy should be prominently labeled with the Docket Entry ("DE") number assigned to the document at the time of filing -- e.g., "Courtesy Copy – DE #45."

B. **Letters**. Except as otherwise provided in these Rules, all communications with Chambers shall be in letter form and filed on ECF. **If a letter requests any judicial relief, it must be docketed into ECF as a "motion event," indicating, from the drop-down options (e.g., Letter Motion to Adjourn Conference), the specific type of relief requested.** The Docketing Department of the Clerk's Office may provide information regarding the ECF motion event function. Copies of correspondence between counsel or discovery requests or responses shall not be filed with the Court except as attachments to requests for judicial intervention.

C. **Telephone Calls.** Telephone calls to Chambers are permitted only in urgent situations requiring immediate attention, such as deposition disputes. In such situations only, call Chambers at the number listed above.

D. **Faxes.** Faxes to Chambers are not permitted unless prior authorization is obtained. Authorization ordinarily will not be given for materials that should be filed via ECF.

E. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be in writing and filed by ECF as a Letter Motion utilizing the motion event option indicating type of request.

Such requests should not be made unless the applicant has first consulted with all other parties. All requests for adjournments or extensions of time must state (1) the original date, (2) the reason for the request, (3) the number of previous requests for adjournment or extension, (4) whether these previous requests were granted or denied, and (5) whether the other parties to the action consent to or oppose the request. If the requested adjournment or extension affects any other scheduled dates, a proposed revised scheduling order must be included.

Requests for **adjournments of conferences** made less than **three business days** or, in the case of a settlement conference, **two weeks** before the scheduled date, will be **DENIED** except upon a showing of **EXCEPTIONAL** cause.

Requests for **extensions of discovery deadlines** must be made as a Letter Motion, utilizing the descriptive selection under "Motion event," on ECF and, in addition to the requirements specified above, must contain a description of discovery taken thus far, the additional discovery required, and the time needed to complete discovery.

F. **Filing of Confidential Information.** Parties wishing to seal documents must first obtain court permission by filing a Motion for Leave to E-File a Sealed Document. Instructions for e-filing sealed documents for civil cases are available at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf. Sealed documents are available only to those who have been granted sealed access to the case.

*Motions*

Before making any motion, the moving party must comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District, and the Individual Rules of the assigned judges.

- A. ***Discovery and Non-Dispositive Pre-trial Disputes.*** For discovery disputes and non-dispositive motions, parties seeking judicial resolution of such a dispute should comply with Local Civil Rules 37.3 and 6.4 and file a Letter Motion, not exceeding three (3) pages, exclusive of attachments. <u>No formal motion is required.</u> If more than three pages are necessary, parties should file a Letter Motion on ECF requesting permission to file a submission exceeding three pages.

- B. ***Dispositive Motions.*** Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding district court judge, in accordance with his or her individual rules, unless the parties have consented to Magistrate Judge Mann's jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c)(1). <u>Where the parties have so consented, the following rules apply to dispositive motions:</u>

    1. ***Premotion Conferences.*** In all cases where the parties are represented by counsel, a premotion conference is required before making any dispositive motion. To request a pre-motion conference, the moving party shall submit a Letter Motion, via ECF, not to exceed three (3) pages in length, setting forth the basis for the anticipated motion. All parties so served must serve and file a letter response, not to exceed three (3) pages, within seven (7) days from service of the notification letter. Service of the letter by the moving party within the time requirements of Rule 12 of the Federal Rules of Civil Procedure shall constitute timely service of a motion made pursuant Rule 12(b).

    2. ***Briefing Schedule.*** At the premotion conference, if the movant decides to pursue the motion, a briefing schedule will be set by the Court. If the Court determines that a premotion conference is unnecessary, a motion schedule will be set without a premotion conference. No changes to the schedule may be made without court approval.

    2. ***No Courtesy Copies.*** Counsel and parties are directed NOT to send any courtesy copies to Chambers of pre-motion submissions or motions papers except as provided in Section II(A) above or as specifically requested by Chambers.

    3. ***Filing of Motion.*** Motion papers shall be filed via ECF by each party when they are due.

    4. ***Memoranda of Law.*** The Court expects counsel to exercise their professional judgment as to the length of briefs and may impose limits if that expectation is not met.

    5. ***Oral Argument on Motions.*** Parties may request oral argument by Letter Motion at the time their moving or opposing or reply papers are filed. The

          Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

6.    *Post-Trial Motions.* Paragraph (B)(1) above does NOT apply to any of the post-trial motions described in Federal Rule of Appellate Procedure 4(a)(4)(A). A pre-motion conference is not required before making such motions.

### *Pretrial Procedures in Civil Cases*

A.    *Joint Pretrial Orders in Civil Cases.* On or before the deadline set by the Court, the parties shall submit, via ECF, for the Court's approval, a joint pretrial order that complies with the requirements specified in the Individual Rules of the trial judge. In consent cases assigned to Judge Mann for trial, the joint pretrial order shall include the following:

    i.    The full caption of the action.

    ii.    The names, addresses (including firm names), telephone and fax numbers, and e-mail addresses of trial counsel.

    iii.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

    iv.    A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted that are not to be tried.

    v.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

    vi.    Any stipulations or agreed statements of fact or law that have been agreed to by all parties.

    vii.    A list of the names and addresses of all witnesses, including possible witnesses who may be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown.

    viii.    A designation by each party of those portions of any deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

    ix.    A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties that will be offering them. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. The parties will list and briefly

      describe the basis for any objections that they have to the admissibility of any exhibits to be offered by any other party.  Parties are expected to resolve before trial all issues of authenticity, chain of custody and related grounds.  Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence, except for good cause shown; and

    x.    All exhibits must be premarked for the trial and exchanged with the other parties at least ten days before trial, or sooner if so directed by the Court. Where exhibits are voluminous, they should be placed in binders with tabs.

**B.** ***Filings Prior to Trial in Civil Consent Cases.*** Unless otherwise ordered by the Court, each party shall file, by ECF, pursuant to the schedule set by the Court:

    i.    In all cases, motions addressing any evidentiary or other issues that should be resolved *in limine*; and

    ii.    In any case where such party believes it would be useful, a pretrial memorandum.

    iii.    In jury cases, requests to charge, proposed voir dire questions, and a proposed jury verdict form.  Requests to charge should be limited to the elements of the claims, the damages sought and defenses.  General instructions will be prepared by the Court.  When feasible, proposed jury charges (only) should also be submitted to Chambers via chambers Email at: mann_chambers@nyed.uscourts.gov and in Microsoft Word format.

Revised 1.31.20