UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELIPE RODRIGUEZ,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK,
METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAIL ROAD
COMPANY, JOHN BEISEL, in his individual
and official capacities; THOMAS SULLIVAN,
in his individual and official capacities;
CHARLES WENDEL, in his individual and
official capacities; JERRY FENNEL, in his
individual and official capacities; JOHN
CALIFANO, in his individual and official
capacities; JOHN WILDE, in his individual and
official capacities; GEORGE ZAROOGIAN, in
his individual and official capacities; and
OTHER AS-YET-UNKNOWN POLICE
OFFICERS & SUPERVISORS JOHN and
JANE DOES # 1–10,

                              Defendants.

No. 21 Civ. 1649 (AMD)(RLM)


**ANSWER TO THE
AMENDED COMPLAINT
ON BEHALF OF
THOMAS SULLIVAN AND
CHARLES WENDEL**


        Defendants Thomas Sullivan and Charles Wendel,[1] by and through their attorneys Hoguet

Newman Regal & Kenney LLP, hereby answer the allegations in Plaintiff's Amended Complaint

(hereinafter "Am. Compl." or "Complaint") as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that

Plaintiff purports to seek the relief as stated therein, and admit that Plaintiff was convicted of the

murder of Maureen Fernandez.

---

[1] Defendants Sullivan and Wendel respectfully advise the Court that they will also be making a partial motion to
dismiss the Amended Complaint, and will file their motion in accordance with the briefing schedule set by the
Court.  (*See* Court Order, dated Aug. 2, 2021.)

2.　　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff's criminal sentence was commuted by Governor Cuomo to reward his rehabilitative efforts and that the Queens County Supreme Court vacated his murder conviction, except deny that Governor Cuomo granted clemency on the basis that Plaintiff was wrongfully convicted, and deny the grounds for the Queens District Attorney's Office's motion to vacate.

3.　　　Deny the allegations set forth in paragraph "3" of the Complaint.

4.　　　Deny the allegations set forth in paragraph "4" of the Complaint.

5.　　　Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports to bring this action and seek the relief as stated therein.

6.　　　Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

7.　　　Deny the allegations set forth in paragraph "7" of the Complaint, except admit that Plaintiff purports to confer jurisdiction as stated therein.

8.　　　Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiff purports to confer jurisdiction as stated therein.

9.　　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10.　　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.　　　Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff purports to lay venue as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence.

17.     The allegations set forth in paragraph "17" of the Complaint constitute a demand for a trial by jury, and as such, no response is required.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that the City of New York is a municipal corporation, and deny that Defendants Sullivan and Wendel were employed by the City of New York.

20.     The allegations set forth in paragraph "20" of the Complaint contain conclusions of law, to which no response is required.  To the extent a response is required, admit that MTA is a public benefit corporation and that LIRR is a public benefit corporation and a subsidiary of the MTA, and that the LIRR previously maintained its own police force.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that LIRR is a subsidiary of the MTA, and that it previously maintained a police force, which in 1998 was consolidated into the MTA Police Department.

22.     The allegations set forth in paragraph "22" of the Complaint contain conclusions of law, to which no response is required.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Sullivan was formerly employed as a detective by the LIRR PD, and that he was acting within the scope of his employment when carrying out investigative and other law enforcement functions.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, except admit that Wendel was formerly employed as a detective by the LIRR PD, and that he was acting within the scope of his employment when carrying out investigative and other law enforcement functions.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Admit the allegations set forth in paragraph "39" of the Complaint.

40.     Admit the allegations set forth in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admit that the victim's body was discovered.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that detectives and officers responded to the location where the body was discovered.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, except admit that tire impressions were found at the scene.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Admit the allegations set forth in paragraph "46" of the Complaint.

47.     Admit the allegations set forth in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, except admit that the witness made a statement to the police concerning a vehicle and its driver.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint, except admit that the witness made a statement to the police concerning a vehicle and its driver.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51.     Admit the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint, except admit that Ms. Fernandez was seen at a bar that evening.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint, except admit that it was never determined by what means Ms. Fernandez left the hospital.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that the bar was located at 1189 Gates Avenue, Brooklyn, New York.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Ms. Fernandez was observed at the bar in the company of a male.

60.     Deny the allegations set forth in paragraph "60" of the Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, except admit that the detectives pursued leads in connection with a black Monte Carlo.

63.     Deny the allegations set forth in paragraph "63" of the Complaint, except admit that the detectives pursued lines of inquiry relating to Mr. Fernandez.

64.     Admit the allegations set forth in paragraph "64" of the Complaint.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, except admit that witness statements were obtained from the individuals identified therein.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the Detective's file for a complete recitation of the statement by Mr. Thompson.

68.     Deny the allegations set forth in paragraph "68" of the Complaint, and respectfully refer the Court to the Detective's file for a complete recitation of the statement by Mr. Perry.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint, except deny that no record was made of the interview.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71.     Admit the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Admit, upon information and belief, the allegations set forth in paragraph "73" of the Complaint, and respectfully refer the Court to the videotape for a complete and accurate recitation of its contents.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint, and respectfully refer the Court to the videotape for a complete and accurate recitation of its contents.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, and respectfully refer the Court to the videotape for a complete and accurate recitation of its contents.

76.     Deny the allegations set forth in paragraph "76" of the Complaint respectfully refer the Court to the videotape for a complete and accurate recitation of its contents.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that several investigative leads were pursued.

83.     Deny the allegations set forth in paragraph "83" of the Complaint, except admit that Mr. Fernandez was questioned in connection with the investigation.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint, except admit that statements were made to police regarding Mr. Fernandez's relationship with the victim.

86.     Admit the allegations set forth in paragraph "86" of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the allegations the victim made to her ex-boyfriend.

87.     Admit the allegations set forth in paragraph "87" of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the allegations the victim made to Ms. Velez.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89.     Admit the allegations set forth in paragraph "89" of the Complaint.

90.     Admit the allegations set forth in paragraph "90" of the Complaint.

91.     Admit the allegations set forth in paragraph "91" of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the allegations made to investigators.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint, except admit that Ms. Fernandez resided at the address stated therein.

94.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that Mr. Perry made a statement to investigators concerning an interaction with Ms. Fernandez at the bar.

95.     Admit the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations set forth in paragraph "96" of the Complaint, and respectfully refer the Court to the FBI profile for an accurate recitation of its contents.

97.     Deny the allegations set forth in paragraph "97" of the Complaint, except admit that investigators were conducting lines of inquiry related to an individual with that name.

98.     Deny the allegations set forth in paragraph "98" of the Complaint, except admit that investigators received a phone call concerning an individual living across the street from Wyckoff Hospital.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint, except admit that Rivera was not located within the jurisdiction.

102.    Deny the allegations set forth in paragraph "102" of the Complaint, except admit that investigators were conducting lines of inquiry related to an individual with that name.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint, except admit that investigators received information about Ruiz, the substance of which was never confirmed nor denied.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint.

107.    Admit the allegations set forth in paragraph "107" of the Complaint.

108.    Admit, upon information and belief, the allegations set forth in paragraph "108" of the Complaint, except deny that the information received was ever corroborated or refuted.

109.    Admit the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Admit, upon information and belief, the allegations set forth in paragraph "111" of the Complaint, except deny that the information received was ever corroborated or refuted.

112.    Admit the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Admit the allegations set forth in paragraph "114" of the Complaint.

115.    Admit, upon information and belief, the allegations set forth in paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117.    Admit the allegations set forth in paragraph "117" of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119.    Admit the allegations set forth in paragraph "119" of the Complaint.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, except admit that when Sierra's car was observed in August 1988 the roof was painted red.

121.    Admit, upon information and belief, the allegations set forth in paragraph "121" of the Complaint.

122.    Admit, upon information and belief, the allegations set forth in paragraph "122" of the Complaint.

123.    Admit, upon information and belief, the allegations set forth in paragraph "123" of the Complaint.

124.    Admit the allegations set forth in paragraph "124" of the Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint, except admit that Ramos was questioned by investigators.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     Deny the allegations set forth in paragraph "130" of the Complaint.

131.     Deny the allegations set forth in paragraph "131" of the Complaint.

132.     Deny the allegations set forth in paragraph "132" of the Complaint.

133.     Deny the allegations set forth in paragraph "133" of the Complaint.

134.     Admit the allegations set forth in paragraph "134" of the Complaint, but deny knowledge or information sufficient to form a belief as to the truth of the representations made by Ramos.

135.     Deny the allegations set forth in paragraph "135" of the Complaint.

136.     Deny the allegations set forth in paragraph "136" of the Complaint, , except admit that Ramos told investigators he had loaned the car to Pereira and Plaintiff in the past.

137.     Deny the allegations set forth in paragraph "137" of the Complaint.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.     Deny the allegations set forth in paragraph "139" of the Complaint.

140.     Deny the allegations set forth in paragraph "140" of the Complaint, except admit that Ramos signed an affidavit implicating Pereira and the Plaintiff in the murder.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.     Deny the allegations set forth in paragraph "143" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

144.   Deny the allegations set forth in paragraph "144" of the Complaint.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.   Deny the allegations set forth in paragraph "146" of the Complaint.

147.   Deny the allegations set forth in paragraph "147" of the Complaint, except admit that Ramos signed an affidavit implicating Pereira in the murder.

148.   Admit the allegations set forth in paragraph "148" of the Complaint.

149.   Deny the allegations set forth in paragraph "149" of the Complaint.

150.   Deny the allegations set forth in paragraph "150" of the Complaint.

151.   Deny the allegations set forth in paragraph "151" of the Complaint.

152.   Deny the allegations set forth in paragraph "152" of the Complaint.

153.   Deny the allegations set forth in paragraph "153" of the Complaint.

154.   Deny the allegations set forth in paragraph "154" of the Complaint, and respectfully refer the court to the documents cited therein for a complete recitation of their contents.

155.   Deny the allegations set forth in paragraph "155" of the Complaint.

156.   Deny the allegations set forth in paragraph "156" of the Complaint.

157.   Deny the allegations set forth in paragraph "157" of the Complaint.

158.   Deny the allegations set forth in paragraph "158" of the Complaint.

159.   Deny the allegations set forth in paragraph "159" of the Complaint, except that Pereira was arrested in connection with the murder, but the arrest was subsequently voided.

160.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161.    Deny the allegations set forth in paragraph "161" of the Complaint, except admit that Pereira was not positively identified in a lineup.

162.    Deny the allegations set forth in paragraph "162" of the Complaint, except admit that Pereira's arrested was voided and he was released.

163.    Admit the allegations set forth in paragraph "163" of the Complaints.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.    Deny the allegations set forth in paragraph "165" of the Complaint, except admit that a recording device was used to capture audio recordings of Pereira and Ramos.

166.    Deny the allegations set forth in paragraph "166" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

167.    Deny the allegations set forth in paragraph "167" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

168.    Deny the allegations set forth in paragraph "168" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

169.    Deny the allegations set forth in paragraph "169" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

170.    Deny the allegations set forth in paragraph "170" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

171.    Deny the allegations set forth in paragraph "171" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

172.    Deny the allegations set forth in paragraph "172" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

173.     Deny the allegations set forth in paragraph "173" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

174.     Deny the allegations set forth in paragraph "174" of the Complaint, and respectfully refer the Court to the audio recording for a complete recitation of its contents.

175.     Admit, upon information and belief, the allegations set forth in paragraph "175" of the Complaint.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180.     Deny the allegations set forth in paragraph "180" of the Complaint.

181.     Deny the allegations set forth in paragraph "181" of the Complaint, and respectfully refer the Court to the document cited therein for a complete recitation of its contents.

182.     Deny the allegations set forth in paragraph "182" of the Complaint, and respectfully refer the Court to the document cited therein for a complete recitation of its contents.

183.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint, except admit, upon information and belief that Plaintiff called Det. Beisel.

185.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint, except admit, upon information and belief that Plaintiff met Det. Beisel at the 104th Precinct.

186.    Deny the allegations set forth in paragraph "186" of the Complaint, except admit that Plaintiff was questioned by Det. Beisel.

187.    Deny the allegations set forth in paragraph "187" of the Complaint.

188.    Deny the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint, and respectfully refer the Court to the document cited therein for a complete recitation of its contents.

190.    Deny the allegations set forth in paragraph "190" of the Complaint, and respectfully refer the Court to the document cited therein for a complete recitation of its contents.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    Deny the allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.    Deny the allegations set forth in paragraph "194" of the Complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Complaint, except admit that Ramos returned to the 104th Precinct.

197.    Deny the allegations set forth in paragraph "197" of the Complaint.

198.    Deny the allegations set forth in paragraph "198" of the Complaint.

199.    Deny the allegations set forth in paragraph "199" of the Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202.    Deny the allegations set forth in paragraph "202" of the Complaint, except admit that ADA Dikman was called to the 104th Precinct and prepared an affidavit.

203.    Deny the allegations set forth in paragraph "203" of the Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Complaint, and respectfully refer the Court to the documents cited therein for an accurate recitation of their contents.

205.    Deny the allegations set forth in paragraph "205" of the Complaint.

206.    Deny the allegations set forth in paragraph "206" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

207.    Deny the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

209.    Deny the allegations set forth in paragraph "209" of the Complaint.

210.    Admit the allegations set forth in paragraph "210" of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint, except admit that Plaintiff was questioned by Det. Beisel.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Complaint, except admit that Plaintiff was questioned by Det. Beisel.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Complaint.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "222" of the Complaint.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint, except admit that at some point Plaintiff stopped answering questions.

225.    Admit, upon information and belief, the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Complaint, except deny that Det. Sullivan breached any disclosure obligations.

229.    Admit the allegations set forth in paragraph "229" of the Complaint.

230.    Admit, upon information and belief, the allegations set forth in paragraph "230" of the Complaint.

231.    Admit the allegations set forth in paragraph "231" of the Complaint.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "232" of the Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Admit, upon information and belief, the allegations set forth in paragraph "235" of the Complaint.

236.    Deny, upon information and belief, the allegations set forth in paragraph "236" of the Complaint.

237.    Admit the allegations set forth in paragraph "237" of the Complaint.

238.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "238" of the Complaint, except admit that Thompson selected Plaintiff out of the lineup.

239.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "239" of the Complaint.

240.    Admit the allegations set forth in paragraph "240" of the Complaint.

241.    Admit, upon information and belief, the allegations set forth in paragraph "241" of the Complaint.

242.    Admit, upon information and belief, the allegations set forth in paragraph "242" of the Complaint.

243.    Admit the allegations set forth in paragraph "243" of the Complaint.

244.    Admit, upon information and belief, the allegations set forth in paragraph "244" of the Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Complaint.

246.    Deny the allegations set forth in paragraph "246" of the Complaint, except admit that ADA Dikman drafted a prosecution memo to the Queens District Attorney.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint.

249.    Deny the allegations set forth in paragraph "249" of the Complaint.

250.    Deny the allegations set forth in paragraph "250" of the Complaint.

251.    Deny the allegations set forth in paragraph "251" of the Complaint.

252.    Deny the allegations set forth in paragraph "252" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

253.    Deny the allegations set forth in paragraph "253" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

254.    Admit the allegations set forth in paragraph "254" of the Complaint.

255.     Deny the allegations set forth in paragraph "255" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

256.     Deny the allegations set forth in paragraph "256" of the Complaint.

257.     Deny the allegations set forth in paragraph "257" of the Complaint, and respectfully refer the Court to the document cited therein for an accurate recitation of its contents.

258.     Deny the allegations set forth in paragraph "258" of the Complaint.

259.     Admit the allegations set forth in paragraph "259" of the Complaint.

260.     Deny the allegations set forth in paragraph "260" of the Complaint.

261.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "261" of the Complaint.

262.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "262" of the Complaint.

263.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "263" of the Complaint.

264.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "264" of the Complaint.

265.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "265" of the Complaint.

266.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "266" of the Complaint.

267.     Deny the allegations set forth in paragraph "267" of the Complaint.

268.     Deny the allegations set forth in paragraph "268" of the Complaint, except admit that Plaintiff was indicted.

269.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "269" of the Complaint.

270.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "270" of the Complaint.

271.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "271" of the Complaint, except admit, upon information and belief, that Plaintiff was released on bail.

272.     Admit the allegations set forth in paragraph "272" of the Complaint.

273.     Deny the allegations set forth in paragraph "273" of the Complaint to the extent the allegations concern Sullivan and Wendel, but admit that the Queens DA's office was provided with more than 200 DD-5s.

274.     Deny the allegations set forth in paragraph "274" of the Complaint.

275.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the Complaint.

276.     Deny the allegations set forth in paragraph "276" of the Complaint.

277.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "277" of the Complaint.

278.     The allegations set forth in paragraph "278" are conclusions of law to which no response is required; however, to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "278" of the Complaint.

279.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "279" of the Complaint.

280.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "280" of the Complaint.

281.     The allegations set forth in paragraph "281" are conclusions of law to which no response is required; however, to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "281" of the Complaint.

282.     The allegations set forth in paragraph "282" are conclusions of law to which no response is required; however, to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "282" of the Complaint.

283.     Deny the allegations set forth in paragraph "283" of the Complaint.

284.     Deny the allegations set forth in paragraph "284" of the Complaint.

285.     Deny the allegations set forth in paragraph "285" of the Complaint.

286.     Deny the allegations set forth in paragraph "286" of the Complaint.

287.     Deny the allegations set forth in paragraph "287" of the Complaint.

288.     Deny the allegations set forth in paragraph "288" of the Complaint.

289.     Deny the allegations set forth in paragraph "289" of the Complaint.

290.     Deny the allegations set forth in paragraph "290" of the Complaint.

291.     Deny the allegations set forth in paragraph "291" of the Complaint.

292.     Deny the allegations set forth in paragraph "292" of the Complaint.

293.     Deny the allegations set forth in paragraph "293" of the Complaint.

294.     Deny the allegations set forth in paragraph "294" of the Complaint.

295.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "295" of the Complaint, and respectfully refer the Court to the transcript of the testimony cited therein for an accurate recitation of its contents.

296.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "296" of the Complaint.

297.     Deny the allegations set forth in paragraph "297" of the Complaint.

298.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "298" of the Complaint.

299.     Deny the allegations set forth in paragraph "299" of the Complaint.

300.     Deny the allegations set forth in paragraph "300" of the Complaint.

301.     Deny the allegations set forth in paragraph "301" of the Complaint.

302.     Deny, upon information and belief, the allegations set forth in paragraph "302" of the Complaint.

303.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "303" of the Complaint.

304.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the Complaint.

305.     Deny the allegations set forth in paragraph "305" of the Complaint.

306.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "306" of the Complaint, except admit that Sullivan created a handwritten note concerning Ramos.

307.     Admit the allegations set forth in paragraph "307" of the Complaint.

308.     Deny the allegations set forth in paragraph "308" of the Complaint.

309.     Deny the allegations set forth in paragraph "309" of the Complaint, except admit that Ramos made conflicting statements during the course of the investigation.

310.     Deny the allegations set forth in paragraph "310" of the Complaint.

311.     Deny the allegations set forth in paragraph "311" of the Complaint.

312.     Deny the allegations set forth in paragraph "312" of the Complaint.

313.     Deny the allegations set forth in paragraph "313" of the Complaint.

314.     Deny the allegations set forth in paragraph "314" of the Complaint.

315.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "315" of the Complaint, except deny that Sullivan and Wendel had any communication with criminal defense counsel.

316.     Deny the allegations set forth in paragraph "316" of the Complaint.

317.     Deny the allegations set forth in paragraph "317" of the Complaint.

318.     Deny the allegations set forth in paragraph "318" of the Complaint.

319.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "319" of the Complaint, except deny that Sullivan and Wendel had any communication with criminal defense counsel.

320.     Deny the allegations set forth in paragraph "320" of the Complaint.

321.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "321" of the Complaint.

322.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "322" of the Complaint.

323.     Deny the allegations set forth in paragraph "323" of the Complaint.

324.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "324" of the Complaint, except deny that Sullivan and Wendel had any communication with criminal defense counsel.

325.     Deny the allegations set forth in paragraph "325" of the Complaint.

326.     Deny the allegations set forth in paragraph "326" of the Complaint.

327.     Deny the allegations set forth in paragraph "327" of the Complaint, except admit that Detectives Sullivan and Wendel documented information reported to them, but deny knowledge or information as to the veracity of allegations regarding when the roof of the Oldsmobile was painted red.

328.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "328" of the Complaint, except deny that Sullivan and Wendel had any communication with criminal defense counsel.

329.     Admit the allegations set forth in paragraph "329" of the Complaint.

330.     Admit, upon information and belief, the allegations set forth in paragraph "330" of the Complaint.

331.     Admit the allegations set forth in paragraph "331" of the Complaint.

332.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "332" of the Complaint.

333.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "333" of the Complaint.

334.     Admit the allegations set forth in paragraph "334" of the Complaint.

335.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "335" of the Complaint, except admit that Plaintiff was released from prison.

336.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "336" of the Complaint, except admit that Plaintiff was released from prison.

337.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "337" of the Complaint, except that Plaintiff was released from prison.

338.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "338" of the Complaint.

339.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "339" of the Complaint, except admit, on information and belief, that Plaintiff is no longer under the supervision of the New York State Department of Corrections and Community Supervisor or the Division of Parole.

340.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "340" of the Complaint.

341.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "341" of the Complaint.

342.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "342" of the Complaint.

343.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "343" of the Complaint.

344.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "344" of the Complaint, except admit that the Queens District Attorney did not oppose Plaintiff's motion to vacate the conviction and dismiss the indictment.

345.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "345" of the Complaint.

346.     Admit the allegations set forth in paragraph "346" of the Complaint.

347.     Admit the allegations set forth in paragraph "347" of the Complaint.

348.     Deny the allegations set forth in paragraph "348" of the Complaint, except admit that the motion to dismiss was granted.

349.     Deny the allegations set forth in paragraph "349" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

350.     Deny the allegations set forth in paragraph "350" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

351.     Deny the allegations set forth in paragraph "351" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

352.     Deny the allegations set forth in paragraph "352" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

353.    Deny the allegations set forth in paragraph "353" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

354.    Deny the allegations set forth in paragraph "354" of the Complaint, and respectfully refer the Court to the transcript from the proceeding identified therein for an accurate recitation of what occurred in open court.

355.    Deny the allegations set forth in paragraph "355" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged damages.

356.    Deny the allegations set forth in paragraph "356" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's health.

357.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "357" of the Complaint.

358.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "358" of the Complaint.

359.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "359" of the Complaint.

360.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "360" of the Complaint.

361.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "361" of the Complaint.

362.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "362" of the Complaint.

363.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "363" of the Complaint.

364.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "364" of the Complaint.

365.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "365" of the Complaint.

366.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "366" of the Complaint.

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "367" of the Complaint.

368.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "368" as if fully set forth herein.

369.    Deny the allegations set forth in paragraph "369" of the Complaint.

370.    The allegations set forth paragraph "370" are conclusions of law, to which no response is required.

371.    The allegations set forth paragraph "371" are conclusions of law, to which no response is required.

372.    Deny the allegations set forth in paragraph "372" of the Complaint.

373.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "373" as if fully set forth herein.

374.    Deny the allegations set forth in paragraph "374" of the Complaint.

375.    The allegations set forth paragraph "375" are conclusions of law, to which no response is required.

376.    Deny the allegations set forth in paragraph "376" of the Complaint.

377.    Deny the allegations set forth in paragraph "377" of the Complaint.

378.    Deny the allegations set forth in paragraph "378" of the Complaint.

379.    Defendants repeat and re-allege all preceding paragraphs and incorporate by reference as if set forth herein.

380.    Deny the allegations set forth in paragraph "380" of the Complaint.

381.    Deny the allegations set forth in paragraph "381" of the Complaint.

382.    Deny the allegations set forth in paragraph "382" of the Complaint.

383.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "383" as if fully set forth herein.

384.    The allegations set forth paragraph "384" are conclusions of law, to which no response is required.

385.    The allegations set forth paragraph "385" are conclusions of law, to which no response is required.

386.    Deny the allegations set forth in paragraph "386" of the Complaint.

387.    Deny the allegations set forth in paragraph "387" of the Complaint.

388.    Deny the allegations set forth in paragraph "388" of the Complaint.

389.    Deny the allegations set forth in paragraph "389" of the Complaint.

390.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "390" as if fully set forth herein.

391.    Deny the allegations set forth in paragraph "391" of the Complaint.

392.    Deny the allegations set forth in paragraph "392" of the Complaint.

393.    Deny the allegations set forth in paragraph "393" of the Complaint.

394.    Deny the allegations set forth in paragraph "394" of the Complaint.

395.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "395" as if fully set forth herein.

396.    Deny the allegations set forth in paragraph "396" of the Complaint.

397.    Deny the allegations set forth in paragraph "397" of the Complaint, and all of its subparts.

398.    Deny the allegations set forth in paragraph "398" of the Complaint.

399.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "399" as if fully set forth herein.

400.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "400" of the Complaint.

401.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "401" of the Complaint, except admit that Plaintiff was arrested by Detective Beisel.

402.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "402" of the Complaint.

403.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "403" of the Complaint.

404.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "404" of the Complaint.

405.    Deny the allegations set forth in paragraph "405" of the Complaint.

406.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "406" of the Complaint, except admit that investigators pursued lines of inquiry concerning Edward Denning.

407.    Deny the allegations set forth in paragraph "407" of the Complaint.

408.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "408" of the Complaint.

409.    Deny the allegations set forth in paragraph "409" of the Complaint.

410.    Deny the allegations set forth in paragraph "410" of the Complaint.

411.    Deny the allegations set forth in paragraph "411" of the Complaint.

412.    Deny the allegations set forth in paragraph "412" of the Complaint.

413.    Deny the allegations set forth in paragraph "413" of the Complaint.

414.    Deny the allegations set forth in paragraph "414" of the Complaint.

415.    Deny the allegations set forth in paragraph "415" of the Complaint.

416.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "416" as if fully set forth herein.

417.    The allegations set forth in paragraph "417" of the Complaint are conclusions of law, to which no response is required.

418.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "418" of the Complaint.

419.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "419" of the Complaint.

420.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "420" of the Complaint.

421.    Deny the allegations set forth in paragraph "421" of the Complaint.

422.    Deny the allegations set forth in paragraph "422" of the Complaint.

423.    Deny the allegations set forth in paragraph "423" of the Complaint.

424.    Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "424" as if fully set forth herein.

425.    The allegations set forth in paragraph "425" of the Complaint are conclusions of law, to which no response is required.

426.    Deny the allegations set forth in paragraph "426" of the Complaint, except admit that Sullivan and Wendel assisted in the murder investigation lead by the NYPD.

427.    The allegations set forth in paragraph "427" of the Complaint and all of its subparts are conclusions of law, to which no response is required.

428.    The allegations set forth in paragraph "428" of the Complaint and all of its subparts are conclusions of law, to which no response is required.

429.    Deny the allegations set forth in paragraph "429" of the Complaint.

430.    Deny the allegations set forth in paragraph "430" of the Complaint.

431.    Deny the allegations set forth in paragraph "431" of the Complaint.

432.    Deny the allegations set forth in paragraph "432" of the Complaint.

433.    Deny the allegations set forth in paragraph "433" of the Complaint.

434.    The allegations set forth in paragraph "434" of the Complaint and all of its subparts are conclusions of law, to which no response is required.

435.    Deny the allegations set forth in paragraph "435" of the Complaint.

436.    Deny the allegations set forth in paragraph "436" of the Complaint.

437.    Deny the allegations set forth in paragraph "437" of the Complaint.

438.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "438" of the Complaint.

439.     Deny the allegations set forth in paragraph "439" of the Complaint.

440.     Deny the allegations set forth in paragraph "440" of the Complaint.

441.     Deny the allegations set forth in paragraph "441" of the Complaint.

442.     Deny the allegations set forth in paragraph "442" of the Complaint.

443.     Deny the allegations set forth in paragraph "443" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD.

444.     Deny the allegations set forth in paragraph "444" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD.

445.     Deny the allegations set forth in paragraph "445" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

446.     Deny the allegations set forth in paragraph "446" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

447.     Deny the allegations set forth in paragraph "447" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

448.     Deny the allegations set forth in paragraph "448" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

449.     Deny the allegations set forth in paragraph "449" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

450.     Deny the allegations set forth in paragraph "450" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

451.     Deny the allegations set forth in paragraph "451" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

452.     Deny the allegations set forth in paragraph "452" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

453.     Deny the allegations set forth in paragraph "453" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

454.     Deny the allegations set forth in paragraph "454" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

455.     Deny the allegations set forth in paragraph "455" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

456.     Deny the allegations set forth in paragraph "456" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

457.     Deny the allegations set forth in paragraph "457" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

458.     Deny the allegations set forth in paragraph "458" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

459.     Deny the allegations set forth in paragraph "459" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

460.     Deny the allegations set forth in paragraph "460" of the Complaint, except admit that the Mollen Commission Report made findings regarding the NYPD, and respectfully refer the Court to the Report for a complete recitation of its contents.

461.     Deny the allegations set forth in paragraph "461" of the Complaint.

462.     Deny the allegations set forth in paragraph "462" of the Complaint and all of its subparts.

463.     Deny the allegations set forth in paragraph "463" of the Complaint.

464.     Deny the allegations set forth in paragraph "464" of the Complaint and all of its subparts.

465.     Deny the allegations set forth in paragraph "465" of the Complaint.

466.     Deny the allegations set forth in paragraph "466" of the Complaint.

467.   Deny the allegations set forth in paragraph "467" of the Complaint.

468.   Deny the allegations set forth in paragraph "468" of the Complaint.

469.   Deny the allegations set forth in paragraph "469" of the Complaint.

470.   Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "470" as if fully set forth herein.

471.   Admit the allegations set forth in paragraph "471" of the Complaint.

472.   The allegations set forth in paragraph "472" of the Complaint and all of its subparts are conclusions of law, to which no response is required.

473.   The allegations set forth in paragraph "473" of the Complaint are conclusions of law, to which no response is required.

474.   Deny the allegations set forth in paragraph "474" of the Complaint.

475.   Deny the allegations set forth in paragraph "475" of the Complaint.

476.   Deny the allegations set forth in paragraph "476" of the Complaint.

477.   Deny the allegations set forth in paragraph "477" of the Complaint.

478.   Deny the allegations set forth in paragraph "478" of the Complaint.

479.   The allegations set forth in paragraph "479" of the Complaint are conclusions of law to which no response is required; to the extent a response is required deny the allegations set forth in paragraph "479" of the Complaint.

480.   Deny the allegations set forth in paragraph "480" of the Complaint.

481.   Deny the allegations set forth in paragraph "481" of the Complaint.

482.   Deny the allegations set forth in paragraph "482" of the Complaint.

483.   Deny the allegations set forth in paragraph "483" of the Complaint.

484.   Deny the allegations set forth in paragraph "484" of the Complaint.

485.   Deny the allegations set forth in paragraph "485" of the Complaint.

486.   Defendants repeat and re-allege their responses to all preceding paragraphs and incorporate them by reference for their response to paragraph "486" as if fully set forth herein.

487.   The allegations set forth in paragraph "487" of the Complaint are conclusions of law to which no response is required.

488.   The allegations set forth in paragraph "488" of the Complaint are conclusions of law to which no response is required.

489.   The allegations set forth in paragraph "489" of the Complaint are conclusions of law to which no response is required.

490.   Deny the allegations set forth in paragraph "490" of the Complaint.

491.   Deny the allegations set forth in paragraph "491" of the Complaint.

492.   Deny the allegations set forth in paragraph "492" of the Complaint and all of its subparts.

493.   Deny the allegations set forth in paragraph "493" of the Complaint.

494.   Deny the allegations set forth in paragraph "494" of the Complaint.

495.   Deny the allegations set forth in paragraph "495" of the Complaint.

496.   Deny the allegations set forth in paragraph "496" of the Complaint and all of its subparts.

497.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "497" of the Complaint.

498.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "498" of the Complaint.

499.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "499" of the Complaint.

500.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "500" of the Complaint.

501.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "501" of the Complaint.

502.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "502" of the Complaint.

503.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "503" of the Complaint.

504.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "504" of the Complaint.

505.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "505" of the Complaint.

506.    Deny the allegations set forth in paragraph "506" of the Complaint.

507.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "507" of the Complaint.

508.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "508" of the Complaint.

509.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "509" of the Complaint.

510.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "510" of the Complaint.

511.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "511" of the Complaint.

512.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "512" of the Complaint.

513.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "513" of the Complaint.

514.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "514" of the Complaint, except admit that Plaintiff's criminal trial occurred in 1990.

515.    Deny the allegations set forth in paragraph "515" of the Complaint, and all of its subparts.

516.    Deny the allegations set forth in paragraph "516" of the Complaint, and all of its subparts.

517.    Deny the allegations set forth in paragraph "517" of the Complaint.

518.    Deny the allegations set forth in paragraph "518" of the Complaint.

519.    Deny the allegations set forth in paragraph "519" of the Complaint.

520.    The allegations set forth in paragraph "520" are conclusions of law, to which no response is required.

521.    The allegations set forth in paragraph "521" are conclusions of law, to which no response is required.

522.    The allegations set forth in paragraph "522" are conclusions of law, to which no response is required; however to the extent a response is required, deny knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph "522" of the Complaint.

523. The allegations set forth in paragraph "523" are conclusions of law, to which no response is required; however to the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "523" of the Complaint.

524. The allegations set forth in paragraph "524" are conclusions of law, to which no response is required.

525. Deny the allegations set forth in paragraph "525" of the Complaint

526. The allegations set forth in paragraph "526" are conclusions of law, to which no response is required.

## AFFIRMATIVE DEFENSES

### AS FOR A FIRST AFFIRMATIVE DEFENSE

527. The Amended Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

528. Plaintiff's claims are barred in part by a failure to comply with conditions precedent to suit.

### AS FOR A THIRD AFFIRMATIVE DEFENSE

529. Defendants Sullivan and Wendel did not intentionally or knowingly deprive Plaintiff of any right guaranteed by the United States Constitution or any statute set forth in the Complaint, and all actions by Defendants were undertaken reasonably, properly, lawfully, and in good faith and in the performance of their official duties, and in the reasonable belief that their actions were lawful and authorized.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

530.    Any injury or damages suffered by Plaintiff was the result of an independent intervening cause, and not the result of any alleged actions or omissions of Defendants Sullivan and Wendel.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

531.    Defendants Sullivan and Wendel are immune from suit with respect to Plaintiff's claims brought under 42 U.S.C. § 1983 in accordance with the doctrine of qualified immunity.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

532.    Any state law claims alleged against Defendants should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

533.    Any verdict in the within action for past or future loss of earnings or other economic loss should be reduced by the amount that any such expense that has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

534.    There was probable cause for Plaintiff's arrest, detention, and prosecution.

## AS FOR A NINTH AFFIRMATIVE DEFENSE

535.    Defendants Sullivan and Wendel did not initiate Plaintiff's prosecution.

**WHEREFORE**, Defendants Sullivan and Wendel demand judgment dismissing the Complaint, together with costs and disbursements of this action, and for such other and further relief as the Court deems just and proper.

Dated: August 9, 2021
New York, New York

HOGUET NEWMAN
REGAL & KENNEY, LLP

Ira J. Lipton
Helene R. Hechtkopf
Steven M. Silverberg
60 East 42nd Street
New York, NY 10165
Telephone: (212) 689-8808
Facsimile: (212) 689-5101
ilipton@hnrklaw.com
hhechtkopf@hnrklaw.com
ssilverberg@hnrklaw.com
*Attorneys for MTA Defendants*