UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FELIPE RODRIGUEZ,                                           97 CV 3563

                Petitioner,

     -against-                                      MEMORANDUM
                                  AND
CHARLES GREINER, Superintendent,                            ORDER
Sing Sing Correctional Facility,

                Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FELIPE RODRIGUEZ
No. 90-A-7694
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York  10562
petitioner pro se.

RICHARD BROWN
District Attorney, Queens County
125-01 Queens Boulevard
Kew Gardens, New York  11415
for respondent.


NICKERSON, District Judge:

     Petitioner pro se brings this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner now moves for a reconsideration of the

court's earlier denial of his motion for appointment of

counsel.

     Petitioner was convicted after a jury trial in New

York state court and on May 29, 1989 was sentenced to a

term of twenty-five years to life in prison for murder

in the second degree and to time served for weapon

possession.

FR_001790

Petitioner appealed his conviction, first moving in Supreme Court, Queens County, to vacate the judgment based on a claim that the prosecutor had failed to disclose material to the defense in violation of petitioner's due process rights under Brady v. Maryland, 373 U.S. 83 (1963) and People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448, cert. denied, 368 U.S. 866 (1961). The claim centered on a tape of a conversation between two witnesses.

The Supreme Court held an evidentiary hearing and in an order dated July 30, 1993 denied petitioner's motion to vacate the judgment, holding that petitioner had failed to prove that the trial prosecutor withheld the audiotape. The court expressly found that the tape had been disclosed at trial, crediting the testimony of the trial prosecutor that he had disclosed the tape, and finding the testimony of petitioner's first and second defense attorneys to be inconsistent and conflicting.

Petitioner appealed the July 30, 1993 decision in the Appellate Division, Second Department. Petitioner also filed a direct appeal from his from his judgment of conviction, claiming 1) insufficient evidence to prove petitioner's guilt beyond a reasonable doubt; 2) prosecutorial misconduct in opening and summation; 3)

improper admission of prejudicial testimony; 4) judicial error in failing to give an interested witness charge and 5) petitioner's sentence was excessive.

While these appeals were pending, petitioner also filed a second motion to vacate the judgment of conviction, this time claiming that the prosecutor had failed to disclose an audiotape that was made by the medical examiner during the autopsy. The motion was denied, and petitioner was denied permission to appeal the decision.

Petitioner's judgment of conviction was unanimously affirmed by a four-judge panel of the Appellate Division, Second Department, on December 12, 1994. The court also affirmed the Supreme Court's July 30, 1993 order denying petitioner's motion to vacate the judgment, noting that the record supported the lower court's finding that the tape of the conversation between the two witnesses had been disclosed to the defense.

In December 1994, petitioner sought leave of the New York Court of Appeals to appeal both of the Appellate Division's orders. Petitioner specifically asked the court to consider his prosecutorial misconduct and improper admission of evidence claims, as well as whether the hearing court should have

4

permitted discovery on the issue of disclosure of the tape.  Leave to appeal was denied in both instances. Petitioner filed this action for habeas corpus on or about April 30, 1997.

Under 28 U.S.C. §2254, a state prisoner's application for a writ of habeas corpus will not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting the presumption by "clear and convincing evidence." 28 U.S.C. §2254 (e)(1).

Here, petitioner makes three claims in support of his motion to vacate his judgment of conviction.  The first is that the trial prosecutor did not turn over the audiotape of the conversation between the two witnesses, and therefore violated petitioner's due process rights.

This claim has already been fully argued and considered in multiple proceedings in the state courts, which found that the tape had in fact been disclosed at trial. Petitioner has not met his burden of rebutting by clear and convincing evidence the presumption that the state court's factual findings were unreasonable or incorrect.

Petitioner's second claim is that there was prosecutorial misconduct during the trial, because the prosecutor misstated or mischaracterized "key facts" in his opening statement, trial and summation, and denigrated the defense. It is clear from a review of the transcript of the trial record that this claim is meritless. The New York Appellate Division rejected this claim as either unpreserved for appellate review, or meritless. The New York Court of Appeals denied leave to appeal this claim. Thus this court is barred from reviewing it because there was an independent and adequate state ground for the rejection of the claim. See Harris v. Reed, 489 U.S. 255, 261-62 (1989).

Petitioner's third claim is that the trial court improperly admitted, over his counsel's objection, petitioner's statement to a detective that he "likes to look at 'messed up' bodies" at the morgue. He contends that this testimony was evidence of an uncharged crime

which served exclusively to establish that petitioner was predisposed to commit the crime charged, and thus its admission violated his due process rights.

The murder for which petitioner stood trial involved multiple stab wounds, some of which were of a specific character similar to the kinds of "messed up" bodies with which petitioner confessed a fascination in his conversation with the detective.  As such, the trial court was reasonable in its determination that such testimony was relevant under state evidentiary law.  Further, the state appellate courts rejected this claim, and it does not rise to the level of an "unreasonable application of clearly established Federal law" properly before this court.

The court has reviewed plaintiff's claims and has determined that they are not of substance.  Thus, petitioner's motion for appointment of counsel is denied. See Cooper v. A. Sargenti Co., 877 F.2d 170 (2d Cir. 1989).

The petition for habeas corpus is denied.

So ordered.

Dated:  Brooklyn, New York
        August 7 , 2001

                                Eugene H. Nickerson
                        Eugene H. Nickerson, U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

FELIPE RODRIGUEZ,

                Petitioner

    - against -

CHARLES GREINER,
Superintendent, Sing Sing
Correctional Facility,

                Respondent

------------------------------------------------X

                **JUDGMENT**
            97-CV-3563 (EHN)

A Memorandum and Order of the Honorable Eugene H. Nickerson, United States District Judge, having been filed on August 20, 2001, denying the petition for a writ of habeas corpus; it is

ORDERED and ADJUDGED that the petitioner take nothing of the respondent; and, that the petition for a writ of habeas corpus is denied.

Dated:  Brooklyn, New York
       August 22, 2001

                          ROBERT C. HEINEMANN
                          Clerk of Court

AO 72A
(Rev.8/82)

FR_001796