21 CV 1649 (AMD)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELIPE RODRIGUEZ,

Plaintiff,

- against -

THE CITY OF NEW YORK, et. al.,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

*GEORGIA M. PESTANA*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York,*
*John Beisel, George Zarrogian, John Wilde,*
*John Califano and Jerry Fennel*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark D. Zuckerman, Esq.*
*Tel: (212) 356-3519*
*Matter No. 2020-047156*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES.................................................................................. iii

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT

      POINT I

            PLAINTIFF'S MALICIOUS PROSECUTION
            CLAIMS SHOULD BE DISMISSED FOR LACK
            OF A FAVORABLE TERMINATION....................................................1

      POINT II

            PLAINTIFF'S COUNT IV ALLEGING BRADY
            VIOLATIONS SHOULD BE DISMISSED
            AGAINST THE MOVING DEFENDANTS..........................................3

      POINT III

            PLAINTIFF HAS FAILED TO PLAUSIBLY
            ALLEGE MALICIOUS PROSECUTION AND
            DENIAL OF FAIR TRIAL BASED ON THE
            ALLEGED FABRICATION OF EVIDENCE .......................................4

      POINT IV

            COUNT V OF THE COMPLAINT ALLEGING
            EXCESSIVE PRETRIAL DETENTION
            SHOULD BE DISMISSED ...................................................................6

      POINT V

            THE DEFENDANT BEISEL DID NOT COMMIT
            ACTIONABLE DISCRIMINATION ...................................................7

**Page**

POINT VI

      COUNT IX OF THE COMPLAINT ALLEGING
MUNICIPAL LIABILITY ARISING FROM
POLICIES OF THE NYPD SHOULD BE
DISMISSED.........................................................................................8

POINT VII

      COUNT XI OF THE COMPLAINT ALLEGING
MUNICIPAL LIABILITY ARISING FROM
POLICIES OF THE QCDA SHOULD BE
DISMISSED.........................................................................................9

CONCLUSION...............................................................................................................10

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                                          <u>**Pages**</u>

<u>An v. City of New York</u>,
    230 F. Supp.3d 224 (S.D.N.Y. 2017)..........................................................................8-9, 10

<u>Ashcroft v. Iqbal</u>,
    556 U.S. 662 (2009) ......................................................................................................5, 6, 9

<u>Collins v. City of New York, et. al.</u>,
    923 F. Supp.2d 462 (E.D.N.Y. 2013)....................................................................................8

<u>Connick v. Thompson</u>,
    563 U.S. 51 (2011) ..........................................................................................................8, 10

<u>Creighton v. City of New York</u>,
    12 CV 7454 (PGG), 2017 U.S. Dist. LEXIS 21194 (S.D.N.Y. Feb. 14, 2017)....................6-7

<u>Fappiano v. City of New York</u>,
    640 Fed App'x 115 (2d Cir. 2016) (Summary Order) .......................................................2, 3

<u>Husbands ex rel. Forde v. City of New York</u>,
    05 CV 9252 (NRB), 2007 U.S. Dist. LEXIS 61042 (S.D.N.Y. Aug. 16, 2007)......................7

<u>Gondola v. City of New York</u>,
    16 CV 369 (AMD), 2020 U.S. Dist. LEXIS 50972 (E.D.N.Y. Mar. 24, 2020) ......................1

<u>Jeanty v. City of Utica</u>,
    6:16 CV 00966 (BKS/TWD), 2021 U.S. Dist. LEXIS 7737
    (N.D.N.Y. Jan. 14, 2021)..................................................................................................2, 3

<u>King v. City of New York</u>,
    12 CV 2344 (NGG)(RER) and 13 CV 37 (NGG)(RER), 2014 U.S. Dist.
    LEXIS 140790 (E.D.N.Y. Sept. 30, 2014) ............................................................................7

<u>Lanning v. City of Glens Falls</u>,
    908 F.3d 19 (2d Cir. 2018) ..............................................................................................1, 2

<u>McLeod v. Llano</u>,
    17 CV 6062 (ARR), 2019 U.S. Dist. LEXIS 39925 (E.D.N.Y. Mar. 12, 2019)......................8

<u>Morris v. City of New York</u>,
    20 Civ. 9314 (GBD), 2021 U.S. Dist. LEXIS 186917
    (S.D.N.Y. Sept. 29, 2021)..................................................................................................5

**<u>Cases</u>**                                                                                                                                                                              **<u>Pages</u>**

<u>Mosca v. City of New York</u>,
    17 CV 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846
    (E.D.N.Y Apr. 24, 2018) .........................................................................................................8

<u>Mosca v. City of New York</u>, 17 CV 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS
    84163 (E.D.N.Y. May 18, 2018).............................................................................................8

<u>Myers v. County of Nassau</u>,
    825 F. Supp.2d 359 (E.D.N.Y. 2011)......................................................................................4

<u>Nnodimele v. Derienzo</u>,
    13 CV 3461 (ARR), 2016 U.S. Dist. LEXIS 9881 (E.D.N.Y. Jan. 27, 2016).........................6

<u>Phelps v. City of New York</u>,
    04 Civ. 8570 (DLC), 2006 U.S. Dist. LEXIS 42926 (S.D.N.Y. June 27, 2006) .....................6

<u>Plair v. City of New York</u>,
    789 F. Supp. 2d 459 (S.D.N.Y. 2011) .....................................................................................9

<u>Ricciuti v. New York City Transit Authority</u>,
    124 F.3d 123 (2d Cir. 1997) ....................................................................................................4

<u>Rohman v. New York City Transit Auth.</u>,
    215 F.3d 208 (2d Cir. 2000) ....................................................................................................4

<u>Rosario v. City of New York</u>,
    18 CV 4023 (LGS), 2019 U.S. Dist. LEXIS 159771 (S.D.N.Y. Sept. 16, 2019)..............1-2, 3

<u>Russo v. City of Bridgeport</u>,
    479 F.3d 196 (2d Cir. 2007) ....................................................................................................6

<u>Salvador v. City of New York</u>,
    15 CV 5164 (DLC), 2016 U.S. Dist. LEXIS 66053 (S.D.N.Y. May 19, 2016) .......................4

<u>Simms v. City of New York</u>,
    480 F. App'x 627, 631 n. 4 (2d Cir. 2012) (Summary Order) .................................................9

<u>Tangreti v. Bachmann</u>,
    983 F.2d 609 (2d Cir. 2020) .............................................................................................5, 6, 7

<u>Tieman v. City of Newburgh</u>,
    13 CV 4178 (KMK), 2015 U.S. Dist. LEXIS 38703 (S.D.N.Y. Mar. 26, 2015)............ 8, 9, 10

<u>Walsh v. Lunsford</u>,
    14 Civ. 7108 (AKH), 2017 U.S. Dist. LEXIS 105033 (S.D.N.Y. July 7, 2017) ......................5

**<u>Statutes</u>**                                                                    **<u>Pages</u>**

42 U.S.C. § 1981 .............................................................................................7

42 U.S.C. § 1983 ..........................................................................................4, 9

N.Y. C.P.L. § 440 .......................................................................................2, 10

Fed. R. Civ. P. 12(b)(6) ...................................................................................1

## PRELIMINARY STATEMENT

Defendants City of New York, John Beisel, George Zaroogian, John Califano, John Wilde and Jerry Fennel, hereby respectfully submit their Memorandum of Law in further support of their motion to dismiss plaintiff's amended complaint (the "Complaint") with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For the reasons set forth in the moving defendants' opening Memorandum of Law, and herein,[1] defendants' motion should be granted in its entirety and the Complaint dismissed with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS SHOULD BE DISMISSED FOR LACK OF A FAVORABLE TERMINATION

In response to defendants' argument that plaintiff's federal malicious prosecution claim should be dismissed for lack of a "favorable termination" in the underlying criminal proceedings, plaintiff does not take issue with the requirement that in order to meet the "favorable termination" requirement for such claim, he must plausibly allege that the underlying criminal proceeding was terminated with  an "affirmative indication[] of innocence."   Lanning v. City of Glens Falls, 908 F.3d 19, 25 (2d Cir. 2018).  Plaintiff also does not dispute that "[a] dismissal that 'leaves the question of guilt or innocence unanswered . . . cannot provide the favorable termination required . . . .'" Gondola v. City of New York, 16 CV 369 (AMD)(SJB), 2020 U.S. Dist. LEXIS 50972, at *14 (E.D.N.Y. Mar. 24, 2020) (quoting Lanning, 908 F.3d at 28-29).  Plaintiff also concedes that "[n]o single type of disposition is necessary or sufficient, but the termination must be 'measured in objective terms by examining the totality of the circumstances.'" Rosario v. City

---

[1] As to any branches of defendants' motion to dismiss and plaintiff's responses thereto not addressed herein, defendants rely on the arguments made in their opening Memorandum of Law.

of New York, 18 CV 4023 (LGS), 2019 U.S. Dist. LEXIS 159771, at *11 (S.D.N.Y. Sept. 16, 2019) (quoting Lanning at 28).

Significantly, plaintiff concedes that "the issue of actual innocence was not before Justice Zayas," (Plaintiff's MOL at p. 7) nor was it.  What was before Judge Zayas upon plaintiff's C.P.L. §440 motion was only whether a Brady violation, a discovery violation by the LIRR police, was reason to vacate plaintiff's conviction and whether the indictment should therefore be dismissed.  The hearing transcript (Exhibit B to the Declaration of Mark D. Zuckerman, dated August 24, 2021, hereinafter "Zuckerman Decl.") clearly demonstrates that plaintiff did not even argue innocence as a basis for vacatur of the conviction.  Rather, the language plaintiff cites from Judge Zayas at the hearing, and in his decision, reflects his finding, as required for there to be a Brady violation, that the discovery violation caused plaintiff "prejudice."  See Fappiano v. City of New York, 640 Fed App'x 115, 118 (2d Cir. 2016) (Summary Order) (internal citation omitted) (for there to be a Brady violation,…"prejudice must have ensued.")  It does not affirmatively indicate plaintiff's innocence, which as not even argued by plaintiff as a ground for the vacatur of his conviction, and a Brady violation is not a *per se* favorable termination. See e.g.  Jeanty v. City of Utica, 6:16 CV 00966 (BKS/TWD), 2021 U.S. Dist. LEXIS 7737, at *91-96 (N.D.N.Y. Jan. 14, 2021) (dismissing malicious prosecution claims despite Brady violation in underlying criminal proceeding).  The underlying criminal proceedings demonstrate that the QCDA did not agree that plaintiff was innocent, and would have opposed any C.P.L. §440 application on that basis.

As to the dismissal of the indictment, while plaintiff cites to half of the QCDA's position, as set forth in defendants' opening Memorandum of Law, the QCDA did not find Javier Ramos' recantation credible. (Exhibit B to Zuckerman Decl., p. 16).  Thus, in the totality of the circumstances in this case, the QCDA's decision not to retry the case was for practical reasons.

See Jeanty, supra, at *93 (declining to find favorable termination where there were practical considerations for not retrying plaintiff's criminal case including the fact that the plaintiff had already served his full sentence, old evidence was destroyed, and plaintiff had a family and job).

As to defendants' argument that plaintiff has not met the state law test for "favorable termination" either, plaintiff does not take issue with any of the cases cited by defendants in their opening Memorandum of Law.  As plaintiff concedes, the criminal proceedings did not terminate based on a motion that determined the merits of plaintiff's guilt or innocence. As such, there is not a "favorable termination" under state law either.

**POINT II**

**PLAINTIFF'S COUNT IV ALLEGING <u>BRADY</u> VIOLATIONS SHOULD BE DISMISSED AGAINST THE MOVING DEFENDANTS**

It is clear that the <u>Brady</u> violations of which plaintiff complains and that are alleged in a non-conclusory manner in the Complaint are the so-called Nagra tape and the six pieces of evidence set forth in ¶¶306-328 of the Complaint.[2]  Complaint, ¶¶305, 387.  Plaintiff does not dispute the law cited by defendants in their opening Memorandum of Law, namely that the alleged suppression of evidence must, at a minimum, be intentional,  Fappiano, supra, and that the Complaint must specify how each defendant contributed to the suppression of evidence, otherwise the Complaint is subject to dismissal against that defendant.  Rosario, supra, at *17.

Knowing that the Complaint is devoid of any well pled factual allegations against the moving individual defendants as to the alleged suppression of either the Nagra tape or the other six pieces of evidence outlined in ¶¶306-328 of the Complaint, and that Count IV of the Complaint

---

[2] Plaintiff's counsel at the pre-motion conference, in response to the Court's inquiry for the Court to "understand the <u>Brady</u> claims" made against the detectives, stated that there were "six pieces of Brady evidence."  (Declaration of Mark D. Zuckerman, dated October 19, 2021, Ex. A, pp. 7-8 (hereinafter "Zuckerman Reply Decl.").  That is contrary to the position plaintiff is taking now in order to save this particular claim.

3

should be dismissed against them, plaintiff is now attempting to be a "moving target," and thus alleges that there are now additional pieces of evidence that establish <u>Brady</u> violations as well. (See plaintiff's Memorandum of Law, pp. 12-13).  However, despite plaintiff's desperate attempt to maintain this claim against the moving individual defendants, the law is that "a Section 1983 claim is stated where a plaintiff can demonstrate that police have turned over fabricated evidence to the prosecutor.  Such conduct can be redressed, not as a <u>Brady</u> violation, but because it violates the right not to be deprived of liberty on the basis of false and fabricated evidence."  <u>Myers v. County of Nassau</u>, 825 F. Supp.2d 359, 367 (E.D.N.Y. 2011) (citing <u>Ricciuti v. New York City Transit Authority</u>, 124 F.3d 123, 130 (2d Cir. 1997)).  All of the evidence beyond the Nagra tape and the pieces of evidence outlined in ¶¶306-328 of the Complaint are not alleged to have been withheld from the defense but rather are alleged to be fabricated evidence.  As such, plaintiff's attempt to hold the moving individual defendants responsible for <u>Brady</u> violations fails.

**POINT III**

**PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE MALICIOUS PROSECUTION AND DENIAL OF FAIR TRIAL BASED ON THE <u>ALLEGED FABRICATION OF EVIDENCE</u>**

In response to defendants' arguments, plaintiff does not dispute that in order to meet the initiation or continuation prong of the element of a claim for malicious prosecution, that "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act."  <u>Rohman v. New York City Transit Auth.</u>, 215 F.3d 208, 217 (2d Cir. 2000).  Courts have dismissed complaints where this requirement is not met.  E.g. <u>Salvador v. City of New York</u>, 15 CV 5164 (DLC), 2016 U.S. Dist. LEXIS 66053, at *18-19 (S.D.N.Y. May 19, 2016) (dismissing malicious prosecution claim where there "is nothing to suggest that the officers played an 'active role'" in the prosecution).

4

The defendants Califano, Wilde, Fennel and Zaroogian argued in defendants' opening Memorandum of Law that plaintiff had not adequately pled "initiation or continuation." As to Califano and Wilde, plaintiff alleges (falsely) that they were involved in one investigatory step (with Det. Beisel) on a single night in September, 1988. Complaint, ¶¶138-145. The Court noted during the pre-motion conference that the "allegations against them are kind of thin, I think." (Zuckerman Reply Decl., Ex. A, p. 9) There simply is no allegation in the Complaint that they played any role in the prosecution, much less an "active role." Dismissal is thus proper.

As to the defendant Fennel, no allegation in the Complaint is made either as to any role he may have played in the prosecution, much less an "active role." Additionally, all of the allegations against him are conclusory and he is simply "lumped" in with allegations against other defendants in an effort to keep him in this case. See Morris v. City of New York, 20 CV 9314 (GBD), 2021 U.S. Dist. LEXIS 186917, at *13 (S.D.N.Y. Sept. 29, 2021) (dismissing complaint because it contained "assertions that improperly lump the Defendants together in a group pleading…"); see also Tangreti v. Bachmann, 983 F.2d 609, 618 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'")

As to the defendant Zaroogian, the Complaint is also devoid of any allegation that he played any role in the prosecution, much less an "active role." As such, dismissal is proper.

Plaintiff points out in his responsive Memorandum of Law that some courts have found an "initiation" where an officer did not have direct contact with the prosecutor. (Plaintiff's Memorandum of Law, p. 8). However, even in some of the cases that plaintiff cites, e.g. Walsh v. Lunsford, 14 CV 7108 (AKH), 2017 U.S. Dist. LEXIS 105033, at *17 (S.D.N.Y. July 7, 2017), that exception requires that there be "statements made by the defendant officers to the complaining

5

officer [which] caused the plaintiff to be arrested." Id. (citing Phelps v. City of New York, 04 CV 8570 (DLC), 2006 U.S. Dist. LEXIS 42926, at *14 (S.D.N.Y. June 27, 2006)).  The Complaint herein does not identify any such statements made by the defendants Califano, Wilde, Fennel or Zaroogian to the defendant Beisel, who allegedly signed the criminal complaint.  As such, plaintiff's argument is not on point.

As to plaintiff's denial of fair trial claim, plaintiff does not dispute that an essential element of the claim is that each defendant has forwarded the allegedly fabricated evidence to prosecutors for liability to attach.  Nnodimele v. Derienzo, 13 CV 3461 (ARR)(RLM), 2016 U.S. Dist. LEXIS 9881, at *34 (E.D.N.Y. Jan. 27, 2016).  Further, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  Tangreti, supra.  (internal quotation omitted)  As to the defendant Beisel, the only specific evidence that plaintiff alleges that he improperly forwarded to prosecutors was a statement of Javier Ramos as to the alleged arrest of Richard Pereira, not plaintiff. Complaint, ¶156.  The remaining allegations on this element of plaintiff's denial of fair trial claim based upon fabricated evidence are conclusory, and threadbare legal conclusions, see Complaint, ¶¶ 245, 380, 381, that evidence was "forwarded" to prosecutors, and do not meet the requirements of Tangreti.  (or Iqbal)

**POINT IV**

**COUNT V OF THE COMPLAINT ALLEGING EXCESSIVE PRETRIAL DETENTION SHOULD BE DISMISSED**

Plaintiff does not dispute that courts have consistently ruled that "[i]n order to satisfy the Russo [v. City of Bridgeport, 479 F.3d 196, 205 (2d Cir. 2007)] standard for excessive pre-trial detention, [the alleged] exculpatory evidence must have conclusively or affirmatively established [Plaintiff's] innocence."  Creighton v. City of New York, 12 CV 7454 (PGG), 2017

U.S. Dist. LEXIS 21194, at *117 (S.D.N.Y. Feb. 14, 2017) (citing King v. City of New York, 12 CV 2344 (NGG)(RER) and 13 CV 37 (NGG)(RER), 2014 U.S. Dist. LEXIS 140790, at *29 (E.D.N.Y. Sept. 30, 2014) and Husbands ex rel. Forde v. City of New York, 05 CV 9252 (NRB), 2007 U.S. Dist. LEXIS 61042 at *12 (S.D.N.Y. Aug. 16, 2007)).  Plaintiff does not even argue that if this standard is applied herein, that this claim survives, nor could he.  Further, regardless of any appropriate standard applied to this claim, there was no easily discovered exculpatory evidence which any defendant was aware of and whose conduct "shocks the conscience."  With respect to Javier Ramos, he testified against plaintiff at the Grand Jury and at trial, and only "recanted" some 27 years later after plaintiff was released from jail.  See Complaint, ¶¶260-263, 284-289, 341.  His testimonies could not have been coerced.  Further, the Complaint does not allege how each individual moving defendant is liable for an excessive pretrial detention under Tangreti.  This claim should thus be dismissed with prejudice as to all of the defendants.

**POINT V**

**THE   DEFENDANT   BEISEL   DID   NOT   COMMIT   ACTIONABLE DISCRIMINATION**

In response to the defendant Beisel's arguments for dismissal, plaintiff argues that all potential suspects in the case were "similarly situated," and that because plaintiff was Hispanic, he was singled out for arrest, as opposed to non-Hispanic potential suspects.  For the reasons set forth in defendants' opening brief, there is not actionable discrimination under the Equal Protection Clause or 42 U.S.C. §1981.  One additional point, however, is pertinent:  At least two of the persons who plaintiff contends should have been considered suspects by Beisel, but were not, appear to have been Hispanic, Jose Perez Rivera, Complaint, ¶97, and Eddie Ruiz, Complaint, ¶102.  The Complaint thus does not plausibly allege actionable discrimination for this reason as well.

7

**POINT VI**

**COUNT IX OF THE COMPLAINT ALLEGING MUNICIPAL LIABILITY
ARISING FROM POLICIES OF THE NYPD SHOULD BE DISMISSED**

In response to the City's motion to dismiss Count IX of the Complaint, plaintiff

contends that he has plausibly alleged a municipal failure to "train, supervise, or discipline," and

makes a number of arguments in opposition to dismissal.  First, plaintiff contends that Connick v.

Thompson, 563 U.S. 51 (2011), only applies to such claims against prosecutors.  (Plaintiff's

Memorandum of Law, p. 18)  Plaintiff is incorrect, however, as district courts post-Connick have

consistently applied it to such claims against municipal agencies other than prosecutorial agencies.

E.g. Mosca v. City of New York, 17 CV 4327 (SJF)(SIL), 2018 U.S. Dist. LEXIS 69846, at *14-

16 (E.D.N.Y  Apr. 24, 2018) (M.J. Locke), adopted by, Mosca v. City of New York, 17 CV 4327

(SJF)(SIL), 2018 U.S. Dist. LEXIS 84163 (E.D.N.Y. May 18, 2018); McLeod v. Llano, 17 CV

6062 (ARR), 2019 U.S. Dist. LEXIS 39925, at *20 (E.D.N.Y. Mar. 12, 2019).

Second, plaintiff seems to argue that he has met Connick's requirement of notice

to the municipality through a "pattern of similar constitutional violations by untrained employees."

Id. at 62.  Plaintiff argues that the Mollen Report satisfies this requirement.  However, the Mollen

Report was issued seven years after Maureen Fernandez's murder and five years after plaintiff's

arrest.  See Tieman v. City of Newburgh, 13 CV 4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at

*48-49 (S.D.N.Y. Mar. 26, 2015) (citing Collins v. City of New York, et. al., 923 F. Supp.2d 462,

479 (E.D.N.Y. 2013)) ("a 'litany of other police-misconduct cases' discussed in plaintiff's

complaint 'were insufficient to make a plausible case for Monell liability,' because they…post-

dated the alleged misconduct in the case at hand…").  The findings of a few other cases which

plaintiff alleges purportedly put the City on notice of an obvious need to remedy its programs

(Complaint, ¶¶462-464) also post-date plaintiff's arrest, and are too few in any event.  See An v.

City of New York,  230 F. Supp.3d 224, 231 (S.D.N.Y. 2017) (six lawsuits and one newspaper article over a four year period insufficient to plausibly allege notice of the need for additional training under a failure to train theory).

Third, plaintiff argues that he is not required to plead a specific deficiency in the City's programs that is closely related to his injury.  However, courts have so required.  Mosca, supra, 2018 U.S. Dist. LEXIS 84163, at *15-16;  Tieman, supra, at *65; Simms v. City of New York, 480 F. App'x 627, 631 n. 4 (2d Cir. 2012) (Summary Order) ("While it may be true that §1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery, this does not relieve them of their obligation under Iqbal to plead a facially plausible claim.").  In any event, plaintiff does not point to a specific deficiency in the City's programs that is closely related to his alleged injuries, but instead relies, improperly on general boilerplate allegations.  Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011).

Plaintiff does not respond to the City's argument that he is required to plead that the City did not investigate the other "similar incidents" alleged in the Complaint, which is a necessary element of such a claim.  This alone is fatal to his claim as plaintiff did not so plead. An, supra, at 231 (complaint was inadequate as there was no allegation that the City, once on notice of a deficiency in its training programs, failed to investigate any such inadequacy).

**POINT VII**

**COUNT XI OF THE COMPLAINT ALLEGING MUNICIPAL LIABILITY ARISING FROM POLICIES OF THE QCDA SHOULD BE DISMISSED**

Plaintiff also claims that he has plausibly alleged a failure to "train, supervise, or discipline" claim against the City arising out of policies and practices of the QCDA, despite the Court stating at the pre-motion conference that "I actually read your complaint differently…almost everything that you are alleging is shortcomings by both different police departments."

9

(Zuckerman Reply Decl., Ex. A, p. 15)  Plaintiff's claim, which is driven solely by the fact that trial prosecutor Alan Safran enjoys absolute immunity, (see Ex. A to Zuckerman Reply Decl., pp. 14-15)  fails for a number of reasons.  First, the only underlying claim against the QCDA that is even made in the Complaint with any specificity is that the so-called Nagra tape was not turned over to the defense, despite all of the other evidence in the case alluded to in the Complaint. However, plaintiff does not plausibly allege any connection between QCDA programs that he challenges and the alleged failure to turn over the Nagra tape.  Second, virtually all of the cases which plaintiff contends put the QCDA on notice of deficiencies in its programs (none of which are sufficiently similar to the alleged withholding of the Nagra tape) are too few in amount given the number of cases the QCDA handles, and were virtually all after plaintiff's trial.  Connick, at 62; An, at 231; Tieman, at *48-49.  Third, plaintiff again fails to allege that the QCDA did not investigate the other purported "similar incidents" in the Complaint.  An, at 231.  Fourth, the alleged deficiencies in the QCDA's programs are improperly boilerplate, and made without sufficient factual support.  Fifth, this claim is barred by collateral estoppel as it was decided against plaintiff after a full and fair evidentiary hearing upon plaintiff's C.P.L. §440 motion, as more fully set forth in defendants' opening Memorandum of Law.[3]  As such, this claim fails.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in their opening Memorandum of Law, defendants' motion to dismiss should be granted in its entirety and plaintiff's Complaint dismissed with prejudice in its entirety.

---

[3] The crucial difference between the cases that plaintiff cites and this case is that plaintiff moved unsuccessfully to vacate his conviction pursuant to C.P.L. §440 based upon the alleged failure of the prosecution to turn over the Nagra tape.  That decision was thus not vacated in any sense by the subsequent granting of another C.P.L. §440 motion made on different grounds.

Dated:      New York, New York
            October 19, 2021

                              GEORGIA M. PESTANA
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants City of New York, John
                              Beisel, George Zaroogian, John Wilde, John
                              Califano and Jerry Fennel
                              100 Church Street, Room 3-133b
                              New York, New York 10007
                              (212) 356-3519


                       By:    /s/ Mark D. Zuckerman
                              MARK D. ZUCKERMAN
                              Senior Counsel