UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FELIPE RODRIGUEZ,

                    Plaintiff,

           - against -


THE CITY OF NEW YORK,
METROPOLITAN TRANSPORTATION
AUTHORITY, LONG ISLAND RAIL
ROAD COMPANY, JOHN BEISEL, in his
individual and official capacities; THOMAS
SULLIVAN,
in his individual and official capacities;
CHARLES WENDEL, in his individual and
official capacities; JERRY FENNEL, in his
individual and official capacities; JOHN
CALIFANO, in his individual and official
capacities; JOHN WILDE, in his individual
and official capacities; GEORGE
ZAROOGIAN, in his individual and official
capacities; and OTHER AS-YET-
UNKNOWN POLICE
OFFICERS & SUPERVISORS JOHN and
JANE DOES # 1–10,

                    Defendants.

21 Civ. 1649 (AMD)(RLM)


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MTA DEFENDANTS' <u>MOTION TO DISMISS</u>

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

   I.   Plaintiff Has Failed to Adequately Plead Malicious Prosecution ........................................ 2

      a.   Neither LIRR Detective Initiated the Criminal Proceedings Against Plaintiff ................ 2

      b.   Plaintiff Has Not Pled Favorable Termination ................................................................. 3

      c.   Plaintiff's Prosecution was Supported by Probable Cause ............................................... 3

      d.   Plaintiff Has Not Adequately Pled Malice ....................................................................... 4

      e.   Plaintiff Fails to State a Claim for Relief Against MTA and LIRR .................................. 5

         i.   MTA ............................................................................................................................. 5

         ii.   LIRR ............................................................................................................................ 5

  II.   Plaintiff Has Not Adequately Pled Excessive Pretrial Detention ....................................... 6

  III.  Plaintiff Has Not Adequately Pled that Sullivan and Wendel Conspired to Violate His
       Constitutional Rights .......................................................................................................... 8

  IV.  Plaintiff Has Not Adequately Pled Municipal Liability on the Theory of Deliberate
       Indifference ......................................................................................................................... 9

   CONCLUSION ................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ali v. Connick*,
136 F. Supp. 3d 270 (E.D.N.Y. 2015) ................................................................ 8, 9

*Andersen v. Long Island R.R.*,
88 A.D.2d 328 (2d Dep't 1982) ........................................................................... 5

*Bartels v. Inc. Vill. of Lloyd Harbor*,
97 F. Supp. 3d 198 (E.D.N.Y. 2015) ................................................................... 9

*Bartels v. Schwarz*,
643 F. App'x 54 (2d Cir. 2016) ........................................................................... 9

*Bertuglia v. City of New York*,
133 F. Supp. 3d 608 (S.D.N.Y. 2015) ................................................................. 4

*Boddie v. Schnieder*,
 105 F.3d 857 (2d Cir. 1997) .............................................................................. 8

*Breitkopf v. Gentile*,
41 F. Supp. 3d 220 (E.D.N.Y. 2014) ................................................................... 9

*Burgess v. Long Island R.R. Auth.*,
79 N.Y.2d 777 (1991) ......................................................................................... 6

*Chandrapaul v. City Univ. of New York*,
No. 14 Civ. 790, 2016 WL 1611468 (E.D.N.Y. Apr. 20, 2016) ......................... 9

*Cipolloni v. City of New York*,
758 F. App'x 76 (2d Cir. 2018) ...................................................................... 9, 10

*Creighton v. City of New York*,
No. 12 Civ. 7454, 2017 WL 636415 (S.D.N.Y. Feb. 14, 2017) ......................... 7

*Dunlop v. City of New York*,
No. 06 Civ. 0433, 2008 WL 1970002 (S.D.N.Y. May 6, 2008) ....................... 8-9

*Greene v. City of New York*,
No. 08-cv-00243, 2017 WL 1030707 (E.D.N.Y. March 15, 2017) ..................... 4

*Gutierrez v. City of New York*,
No. 18-CV-3621, 2021 WL 681238 (E.D.N.Y. Feb. 22, 2021) .......................... 7

*Hadid v. City of New York*,
730 F. App'x 68 (2d Cir. 2018) ........................................................................... 4

*Harewood v. Braithwaite*,
64 F. Supp. 3d 384 (E.D.N.Y. 2014) ................................................................... 6

*Heard v. City of New York*,
319 F. Supp. 3d 687 (S.D.N.Y. 2018) ........................................................ 2

*Herrera-Amador v. New York City Police Dep't*,
No. 16-CV-5915, 2021 WL 3012583 (E.D.N.Y. July 16, 2021) ........................................ 2, 3

*Husbands ex rel. Forde v. City of New York*,
No. 05 Civ. 9252, 2007 WL 2454106 (S.D.N.Y. Aug. 16, 2007) ........................................ 8

*King v. City of New York*
Nos. 12-CV-2344, 13-CV-0037, 2014 WL 4954621 (E.D.N.Y. Sept. 30, 2014) ............... 7-8

*Li v. City of New York*,
246 F. Supp. 3d 578 (E.D.N.Y. 2017) ................................................................. 2, 7

*Newson v. City of New York*
No. 16-CV-6773, 2019 WL 3997466 (E.D.N.Y. Aug. 23, 2019) ........................................ 7

*Nieves v. Fahmy*,
No. 15 Civ. 7297, 2016 WL 6804926 (E.D.N.Y. Nov. 16, 2016) ........................................ 9

*Noonan v. Long Island R.R.*,
158 A.D.2d 392 (1st Dep't 1990) ........................................................ 5

*Santana v. Long Island R.R.*,
No. 2074/2010, 2010 WL 4567842 (Sup. Ct. Nov. 01, 2010) ........................................ 6

*Shaw v. Long Island R.R. Co.*,
No. 16-cv-6972, 2018 WL 748674 (E.D.N.Y. Feb. 7, 2018) ........................................ 6

*Shaw v. Long Island R.R.*,
No. 16-cv-6972, 2017 WL 5634122 (E.D.N.Y. Nov. 21, 2017) ........................................ 5

*Treanor v. Metro. Transp. Auth.*,
414 F. Supp. 2d 297 (S.D.N.Y. 2005) ................................................................. 5

*Wilson v. City of New York*,
480 F. App'x 592, 595 (2d Cir. 2012) ................................................................. 7

*Zalewksi v. Nappi*,
No. 15-cv-00141, 2016 WL 11408357 (E.D.N.Y. Sept. 1, 2016) ........................................ 4

**Statutes**

45 U.S.C. § 51 ................................................................................................ 5

PAL § 1276 ................................................................................................ 5

Defendants Metropolitan Transportation Authority ("MTA"), Long Island Rail Road Company ("LIRR") and retired Detectives Thomas Sullivan and Charles Wendel (together the "MTA Defendants"), respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff's opposition brief advances no legal arguments that merit the survival of the claims now at issue. Plaintiff purports to defend against MTA Defendants' motion by regurgitating allegations that are specific to the fair trial claims, which Detectives Sullivan and Wendell do not seek to have dismissed at this stage of the proceeding – but which cannot save the remaining claims on which MTA Defendants do seek dismissal. Plaintiff cannot maintain a malicious prosecution claim on the grounds that Detectives Sullivan and Wendel collected witness statements that conflict with Plaintiff's versions of events. Contradictory information which was indisputably turned over by prosecutors is not intentionally fabricated evidence. Moreover, the existence of probable cause to prosecute remains a viable defense independent of the allegedly falsified evidence. Plaintiffs' pleading fails to show that there was no such probable cause. Plaintiff's opposition brief also fails to establish the plausibility of his claims that he was subject to excessive pretrial detention or that Sullivan and Wendell conspired to violate Plaintiff's civil rights. These claims are entirely conclusory and speculative.

Plaintiff's efforts to sustain claims for employer or municipal liability are also deficient. First, Plaintiff asks this Court, without support, to disregard the statutory preconditions for maintaining suits under state law. Plaintiff indisputably failed to comply. Second, Plaintiff argues that somehow the MTA should be liable in tort on a theory of *respondeat superior* notwithstanding that it did not employ or exert any control over the LIRR PD detectives. Finally, Plaintiff tries to

1

revive his municipal liability claims against MTA and LIRR solely by their association with NYPD. This is plainly insufficient as a matter of law, necessitating the dismissal of the federal claims as against MTA and LIRR.

**I.   Plaintiff Has Failed to Adequately Plead Malicious Prosecution**

      **a.   Neither LIRR Detective Initiated the Criminal Proceedings Against Plaintiff**

Plaintiff improperly attempts to use group pleadings to maintain his claim that each individual defendant initiated the criminal prosecution against him. The initiation prong, however, must be analyzed as to each defendant separately. *Herrera-Amador v. New York City Police Dep't*, No. 16-CV-5915, 2021 WL 3012583, at *3 (E.D.N.Y. July 16, 2021). Plaintiff's brief points to no facts to support his claim that either Sullivan or Wendel took an active role in the prosecution, or that either knowingly furnished false information to the prosecutor. That they allegedly collected witness statements that are now alleged to be untrue, does not establish a constitutional violation. As courts have recognized, in the course of their duties investigating crimes, detectives gather information from a multitude of sources and it is up to the prosecutor to seek an indictment upon the totality of those facts, and ultimately the jury to determine guilt. The mere fact that there are disparities between versions of events as collected by investigators does not support the proposition that the detectives intentionally falsified information or fabricated evidence. *See Heard v. City of New York*, 319 F. Supp. 3d 687, 697 (S.D.N.Y. 2018).

As to the allegedly coerced statement from Javier Ramos, Plaintiff does not point to any facts to support his claim that either Sullivan or Wendel played a role in the alleged coercion, other than that they were physically present. Mere presence is not enough to establish personal involvement. *Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017). ADA Dikman was also present and, along with Det. Beisel, conducted the interview of Ramos which implicated

Plaintiff. The ADA, with presumed personal knowledge of Ramos's statements, determined to seek and obtain an indictment against Plaintiff.  Ramos testified under oath at the Grand Jury and at the criminal trial and there are no allegations that he did so under duress from Sullivan or Wendel.

It is Plaintiff's burden to allege that Sullivan or Wendel were personally responsible for and maliciously suppressed evidentiary materials during the criminal prosecution. Because he does not and cannot do so, Plaintiff cannot satisfy the initiation prong.

### b.   Plaintiff Has Not Pled Favorable Termination

Plaintiff failed to point to allegations to support the favorable termination requirement. The QCDA's concession that it cannot now prove Plaintiff's guilt beyond a reasonable doubt is not indicative of innocence.  After more than 25 years, witnesses go missing, or have forgotten details about the case, or simply decide to change their testimony.  Plaintiff's reliance on Ramos's recantation to establish innocence is misplaced, given that he testified to the contrary several times under oath in advance of Plaintiff's conviction.  *Jeanty* remains instructive here because, like in that case, Plaintiff has failed to muster any evidence that any of the purportedly withheld evidence at his trial would have proven his innocence.  On these facts, and after so many years, it is simply not plausible to claim with certainty that with the benefit of newly discovered evidence Plaintiff would have procured a more favorable result at trial.

### c.   Plaintiff's Prosecution was Supported by Probable Cause

The absence of probable cause is also an element that must be analyzed separately as to each defendant. *Herrera-Amador*, 2021 WL 3012583, at *3.  Plaintiff has failed to provide more than mere conjecture and surmise that his indictment was procured as a result of conduct undertaken by Detectives Sullivan or Wendel in bad faith.  The Second Circuit has "routinely

affirmed dismissals of malicious prosecution claims at the pleading stage where the plaintiff has failed to allege facts sufficient to rebut the presumption of probable cause flowing from a grand jury indictment." *Hadid v. City of New York*, 730 F. App'x 68, 74 n.1 (2d Cir. 2018).

As this Court has held, "the plaintiff must establish some connection between the alleged falsification of evidence and the procurement of the indictment," noting that a Plaintiff's liberty is not impaired until after the allegedly fabricated evidence was introduced in evidence before the grand jury and an indictment is returned. *Greene v. City of New York*, No. 08-cv-00243 (Donnelly, J.), 2017 WL 1030707, at *22 (E.D.N.Y. March 15, 2017), *aff'd*, 742 F. App'x 532 (2d Cir. 2018); *see also Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 627-28 (S.D.N.Y. 2015) (presumption of probable cause not rebutted where officer did not testify before the grand jury).  Plaintiff does not allege that the Grand Jury considered Ramos' purportedly coerced affidavit, but rather his live testimony.  (FAC ¶¶ 261-63.)

Finally, Plaintiff's assertion regarding certain information not being included in the DD-5 reports by Sullivan or Wendel is meaningless given that the same information is documented elsewhere in the investigation file by other detectives.  Because the purportedly withheld evidence is contained in reports by other detectives, and the indictment was obtained after receiving live testimony from several witnesses, Plaintiff's malicious prosecution claim cannot survive the MTA's motion. *Greene*, 2017 WL 1030707, at *21 ("the existence of probable cause independent of the allegedly falsified evidence is a defense to a malicious prosecution claim") (citation omitted).

### d.  Plaintiff Has Not Adequately Pled Malice

Finally, in his opposition papers, Plaintiff still makes no attempt to plead that Sullivan or Wendel acted with malice, or from any other motive other than serving the ends of justice.  The

4

malicious prosecution claim fails on this ground alone.  *See Zalewksi v. Nappi*, No. 15-cv-00141 (Donnelly, J.), 2016 WL 11408357, at *6 (E.D.N.Y. Sept. 1, 2016).

### e.  Plaintiff Fails to State a Claim for Relief Against MTA and LIRR

#### i.  MTA

To save his tort claim sounding in *respondeat superior* against the MTA, Plaintiff asks this Court to disregard the black letter law that the MTA is a distinct legal entity from the LIRR and "may not be liable for the torts committed by a subsidiary arising out of the operations of the subsidiary corporation." *Noonan v. Long Island R.R.*, 158 A.D.2d 392, 393 (1st Dep't 1990).  He cites only to *Pappalardo*, an action based on the Federal Employers' Liability Act (45 U.S.C. § 51, *et seq*.), *see* Pl. Mem. 17, which has no applicability or relevance here.

Plaintiff recognizes the weakness of his defense and offers to voluntarily dismiss the claim against the MTA, so long he can hold Sullivan and Wendel's true employer—the LIRR—liable under a *respondeat superior* theory.  Pl. Mem. 17 n.10.  But he cannot, because he failed to comply with conditions precedent for suits against LIRR and his efforts now are untimely.

#### ii.  LIRR

Plaintiff claims without support that his failure to comply with PAL § 1276 "should" be cured by filing a notice of claim on the MTA.  *Id*. at 16, *see also* Pl. Ex. 1.  The PAL pre-suit demand is distinct from and serves a different purpose from a notice of claim, though. *Shaw v. Long Island R.R.*, No. 16-cv-6972, 2017 WL 5634122, at *1-4 (E.D.N.Y. Nov. 21, 2017); *Andersen v. Long Island R.R*., 88 A.D.2d 328, 329 (2d Dep't 1982), *aff'd*, 59 N.Y.2d 895 (1983) (statutory amendment abolishing requirement of filing formal notice of claim against MTA's subsidiary corporations did not eliminate statutory requirements under PAL 1276(1)); *Treanor v. Metro. Transp. Auth.*, 414 F. Supp. 2d 297, 301 (S.D.N.Y. 2005) (same).

Further, Plaintiff's September 30, 2021 demand is untimely, and his request to amend the Complaint to comply with § 1276's pleading requirement must be rejected. First, amendment of the pleadings to permit an untimely demand is not appropriate because the statutory demand is a substantive precondition to suit, and Plaintiff cannot now cure this jurisdictional deficiency. *Shaw v. Long Island R.R. Co.*, No. 16-cv-6972, 2018 WL 748674, at *2 (E.D.N.Y. Feb. 7, 2018). Second, the claim accrued when the criminal charges were dismissed on December 30, 2019. The one-year statute of limitations period ran on December 30, 2020.[1] *Burgess v. Long Island R.R. Auth.*, 79 N.Y.2d 777, 778 (1991). Plaintiff did not file this action until March 26, 2021 (Dkt. 1) and LIRR was not served until April 9, 2021. (Dkt. 17.) Any estoppel argument is also meritless. *Santana v. Long Island R.R.*, No. 2074/2010, 2010 WL 4567842 (Sup. Ct. Nov. 01, 2010).

## II. Plaintiff Has Not Adequately Pled Excessive Pretrial Detention

Plaintiff's excessive pretrial detention claim should be treated as distinct from Plaintiff's separate claims of malicious prosecution and denial of a right to fair trial. The thrust of the excessive pretrial detention claim concerns the amount of time Plaintiff was detained prior to his trial, and whether he could have been released from custody any earlier. A claim for unreasonable pre-trial detention "may arise where a police officer fails to investigate specific, readily-verifiable claims of innocence [made by a detained arrestee] in a reasonable time period." *Harewood v. Braithwaite*, 64 F. Supp. 3d 384, 401 (E.D.N.Y. 2014) (citation omitted).

Plaintiff continues to fall short of the pleading standards for this claim. He does not allege that he had an earlier[2] opportunity to obtain pre-trial release, or that he was aware of and identified exculpatory evidence that had been withheld prior to trial which could have been checked. He

---

[1] When a pre-suit demand is properly filed, the effective limitations period is one year and thirty days. *Burgess*, 79 N.Y.2d at 778.
[2] By Plaintiff's admission, he was released on bail approximately 49 days after he was indicted at Grand Jury. (FAC ¶¶ 259, 268, 271.)

6

does not plausibly allege that Sullivan and Wendel intentionally withheld evidence, or withheld evidence at all; only that certain evidence was not turned over to him by the prosecutor during the criminal prosecution.

Nor has Plaintiff identified behavior by Sullivan or Wendell that would meet the "shock the conscience" requirement. While Plaintiff identifies conflicting testimonial evidence gathered during the investigation, he assumes the truth only of the evidence that is favorable to him, and makes conclusory assertions that such evidence was not available to the trial court. Pl. Mem. 18-19. This argument fails on two grounds. First, "[t]he failure to obtain or disclose evidence that is only arguably exculpatory does not shock the conscience." *Li*, 246 F. Supp. 3d at 623 (citing *Wilson v. City of New York*, 480 F. App'x 592, 595 (2d Cir. 2012)). Plaintiff does not point to facts sufficient to show that Sullivan or Wendel acted with "an evil intent, or recklessness, or at least deliberate indifference to the consequences of [their] conduct." *Newson v. City of New York*, No. 16-CV-6773, 2019 WL 3997466, at *6 (E.D.N.Y. Aug. 23, 2019) (citation omitted). Second, all of the allegedly exculpatory information, including conflicting reports about the color of Ramos' car, and the description of the individual seen leaving the industrial lot where the victim was discovered, was included in the investigation file and provided to the prosecutor. (FAC ¶ 273.) Sullivan and Wendel did not withhold "readily available" evidence that conclusively would have caused an earlier pre-trial release. *Gutierrez v. City of New York*, No. 18-CV-3621, 2021 WL 681238, at *20 (E.D.N.Y. Feb. 22, 2021).

The Court should not adopt Plaintiff's proposal to follow the *Taylor* and *Newson* cases, Pl. Mem. 19, and instead should follow established precedent in both the Southern and Eastern Districts that the purportedly withheld evidence must conclusively establish Plaintiff's innocence to state a claim. *See, e.g.*, *Creighton v. City of New York*, No. 12 Civ. 7454, 2017 WL 636415, at

\*45 (S.D.N.Y. Feb. 14, 2017); *King v. City of New York*, Nos. 12-CV-2344, 13-CV-0037, 2014 WL 4954621, at \*29 (E.D.N.Y. Sept. 30, 2014); *see also Husbands ex rel. Forde v. City of New York*, No. 05 Civ. 9252, 2007 WL 2454106, at \*12 (S.D.N.Y. Aug. 16, 2007) (rejecting excessive pre-trial detention claim where the evidence that the police had failed to investigate "in no way affirmatively established [plaintiff's] innocence"). Otherwise, purely hypothetical claims, as the one Plaintiff now proffers, could proceed. Where withheld evidence establishes innocence, there is no question that a pretrial detainee would be entitled to immediate release. *Taylor* and *Newson* should not be followed because without such certainty, it is wholly conclusory to suggest how allegedly withheld evidence would impact a court's decision to offer Plaintiff pre-trial release. Further, it would be total speculation to allege that the release would have come any earlier than when Plaintiff obtained his pretrial release.

**III.   Plaintiff Has Not Adequately Pled that Sullivan and Wendel Conspired to Violate His Constitutional Rights**

Plaintiff attempts to save his conspiracy claim with a bald assertion that that the defendant detectives all worked together to prepare police reports and other accounts of investigative activities. Without any evidence tying the alleged conspirators together other than the acts taken in furtherance of their employment as detectives, Plaintiff does not plausibly allege a conspiracy. The Second Circuit requires "more than conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights." *Ali v. Connick,* 136 F. Supp. 3d 270, 282 (E.D.N.Y. 2015) (quoting *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997)).

Further, Plaintiff's argument that the intra-corporate conspiracy doctrine does not apply fails. First, he alleges that LIRR PD detectives Sullivan and Wendel were acting as agents of the NYPD, such that they cannot have conspired with other NYPD detectives. *Dunlop v. City of New York*, No. 06 Civ. 0433, 2008 WL 1970002, at \*9 (S.D.N.Y. May 6, 2008) (doctrine applied "where

the complaint fails to allege that the various entities were effectively acting as separate entities in carrying out the alleged conspiracy"). Second, while Plaintiff argues that the Second Circuit has not adopted the doctrine, the precedent has been overwhelmingly adopted by the District Courts, including by this Court. *See, e.g.*, *Chandrapaul v. City Univ. of New York*, No. 14 Civ. 790 (Donnelly, J.), 2016 WL 1611468, at *23 (E.D.N.Y. Apr. 20, 2016); *Ali*, 136 F. Supp. 3d at 282 (collecting cases); *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 216 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 F. App'x 54 (2d Cir. 2016) (same).

## IV.   Plaintiff Has Not Adequately Pled Municipal Liability on the Theory of Deliberate Indifference

In his opposition, Plaintiff argues that his municipal liability, or *Monell*, claim is premised upon a purported deliberate indifference to training, supervision and discipline. Pl. Mem. 20. Plaintiff, however, failed to plead any specific facts showing that the LIRR PD or the MTA did not train its police officers. Given such a clear deficiency, the motion to dismiss must be granted. *See Nieves v. Fahmy*, No. 15 Civ. 7297 (Donnelly, J.), 2016 WL 6804926, at *5–7 (E.D.N.Y. Nov. 16, 2016) ("the plaintiff[] must identify a specific deficiency in the [municipality's] training program and establish that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.") (citation omitted).

It is not enough to allege that an injury could have been avoided if an individual officer had certain or additional training or supervision. Without actual or constructive "notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Breitkopf v. Gentile*, 41 F. Supp. 3d 220, 253 (E.D.N.Y. 2014) (citing *Connick*, 563 U.S. at 62). Deliberate indifference must be the product of conscious choice, not mere negligence. *Cipolloni v. City of New York*, 758 F. App'x 76, 79 (2d Cir. 2018). Here, the pleading is devoid of any

specific allegations to suggest that MTA or LIRR policymakers made a conscious choice to omit training or supervision of its officers knowing to a moral certainty that constitutional violations would result.  Indeed, Plaintiff does not allege that there are any other cases where *Brady* violations occurred as a result of misconduct by the MTA or LIRR police officers or detectives, rendering his claim of deliberate indifference implausible.

Plaintiff's reliance on the findings of the Mollen Commission Report, Pl. Mem. 22, to save this claim is unavailing.  Plaintiff concedes that the Mollen Report did not investigate the LIRR or the MTA, but instead tries to improperly bootstrap *Monell* claims by arguing that LIRR PD "routinely conducted joint investigations" with the NYPD, "so it is at least plausible to infer that the same practices were common in the LIRR PD in the context of joint investigations." *Id*.  This claim is entirely devoid of factual support.  Plaintiff pleads no facts that connect the findings from the Mollen Report, nor the more recent cases Plaintiff cites in the Complaint, to any policies and practices of the MTA or LIRR at the time Detectives Sullivan and Wendell were investigating the Fernandez murder.

## CONCLUSION

Accordingly, for the reasons set forth herein, and in their opening brief, MTA Defendants' motion to dismiss the Amended Complaint should be granted in its entirety, together with such additional further relief as this Court deems just and proper.

Dated: October 19, 2021          HOGUET NEWMAN
New York, New York          REGAL & KENNEY, LLP

Ira J. Lipton
Helene R. Hechtkopf
Steven M. Silverberg
60 East 42nd Street, 48th Floor
New York, NY 10165

Telephone: (212) 689-8808
*Attorneys for MTA Defendants*