# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------

|  |  |
|---|---|
| FELIPE RODRIGUEZ, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

Plaintiff,

-against-

THE CITY OF NEW YORK, METROPOLITAN
TRANSPORTATION AUTHORITY, LONG ISLAND
RAIL ROAD COMPANY, JOHN BEISEL, in his
individual and official capacities; THOMAS SULLIVAN,
in his individual and official capacities; CHARLES
WENDEL, in his individual and official capacities; JERRY
FENNEL, in his individual and official capacities; JOHN
CALIFANO, in his individual and official capacities;
JOHN WILDE, in his individual and official capacities;
GEORGE ZAROOGIAN, in his individual and official
capacities; and OTHER AS-YET-UNKNOWN POLICE
OFFICERS & SUPERVISORS JOHN and JANE DOES #
1-10,

21-cv-1649 (AMD)(RLM)

Defendants.

-----------------------------------------------------

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure,
defendants City of New York, John Beisel, George Zaroogian, John Wilde, Jerry Fennel and
John Califano, hereby respond and object to plaintiff's First Set of Interrogatories and Requests
for the Production of Documents as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1.      By responding to any interrogatory or document request, defendants do
not concede the materiality of the subject to which it refers.  Defendants' responses are made
expressly subject to, and without waiving or intending to waive, any questions, or objections as
to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other

purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.  Defendants object to these Interrogatories and Document Requests to the extent that they demand documents and/or information which are protected by the attorney-client and/or work-product privileges, or which constitute material prepared for litigation purposes.

3.  Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.  Defendants object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories and Document Requests.

5.  Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

6.  Defendants are continuing to search for information responsive to plaintiffs' requests and therefore reserve the right to supplement their responses to each interrogatory and/or request with additional information, if and when such information becomes available to defendants' counsel.  Defendants also reserve the right to object to the future disclosure of any such information and/or documents.

7.  With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, as appropriate.

8.      Defendants object to plaintiffs' interrogatories and document requests on the grounds that, individually and cumulatively, the discovery sought is unduly burdensome based on the number of paper files that would have to be searched for from decades ago, and seeks discovery not proportional to the needs of the case, considering the importance of the discovery in resolving the issues, the parties' resources and that the burden and/or expense thereof outweighs any likely benefit for the same reasons.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all witnesses upon whose affidavit or testimony Defendants will rely to controvert any matter alleged in Plaintiff's Complaint, substantiate any matter alleged in Defendants' Answer, or support any affirmative defenses Defendants have asserted or may assert, and provide each witness's current address and telephone number.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague and ambiguous as to the phrase "rely to controvert" and is premature. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the individuals responsive to this interrogatory that defendants may rely on in defense of this matter are as follows:

1) Felipe Rodriguez;

2) Gladys Rodriguez;

3) Javier Ramos;

4) John Beisel;

5) George Zaroogian;

6) John Califano;

7) John Wilde;

8) Jerry Fennel;

9) Thomas Sullivan;

10) Charles Wendel;

11) David Dikman;

12) Alan Safran;

13) Robert Alexander;

14) Robert Masters;

15) Jerry Loverdi;

16) Joseph Castillo;

17) Robert Thompson;

18) William Perry;

19) Richard Pereira;

20) Thomas Rosa;

21) Patricia Owens;

22) Iris Montalvo;

23) All persons referred to in plaintiff's Amended Complaint;

24) All persons who testified at Felipe Rodriguez's underlying trial and any hearings related thereto;

25) All persons referenced in the documents produced herein and/or in the Court of Claims case.

Defendants will supplement their response to this Interrogatory with the witnesses' contact information as it becomes known to defendants.

**INTERROGATORY NO. 2:**

Set forth the present location of all notes made by any defendant regarding the Incident or the subsequent investigation, including all detective notebooks, including, but not limited to, the physical location of the original notebooks containing the entries appended to this set of Interrogatories and Requests for the Production of Documents as Exhibits A through I.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague and ambiguous as to the phrases "all notes" and "all detective notebooks," requests information that may be outside the possession, custody and control of the responding defendants as to "all notes" and "detective notebooks" as they may be in the custody or control of the LIRR defendants, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, since copies of the referenced notes have been produced to plaintiff in the Court of Claims litigation or otherwise. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA's Office in the Court of Claims litigation or otherwise for any responsive documents.

**INTERROGATORY NO. 3:**

Provide the full name and contact information (including phone number, email, and address) of Louis Vega, NYPD Scientific Research Division, who conducted the polygraph examination of Robert Thompson on or about March 1, 1988.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

        Defendants object to Interrogatory No. 3 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given limitations on the NYPD's ability to conduct employment searches for civilians for the period of time requested.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, searches to date by the NYPD have not yielded the requested responsive information.  The NYPD is continuing to search for information responsive to this Interrogatory, and if responsive information is located, will provide such information to plaintiff by November 2, 2021.

**INTERROGATORY NO. 4:**

        Identify all homicide investigations in which Det. John Beisel assisted or was assigned as a detective, by providing the name of the victim, the date on which the homicide occurred (or was discovered), the name of the defendant (if any), the NYPD case number, and the court and docket number if a defendant was prosecuted.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

        Defendants object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the words "assisted" and "assigned," overbroad since it seeks information beyond the subject investigation of the murder of Maureen Fernandez, unduly burdensome as neither the Queens County DA nor the NYPD maintains such information as requested from the period of time in which Det. Beisel was an NYPD detective and any such files are stored as paper only from that period of time and are not maintained based on the information requested herein, and seeks information not relevant to any party's claim or defense nor is proportional to the needs of the case for the same reason, considering the importance of the discovery in

- 6 -

resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, as any other homicide investigations involving Det. Beisel have no bearing on the issues raised in plaintiff's Amended Complaint, or are so peripheral as to be disproportionate.  Defendants also object to this Interrogatory on the grounds that <u>Monell</u> discovery is stayed, thus plaintiff's <u>Monell</u> claims may not be the basis for this Interrogatory.  Information responsive to this Interrogatory may also be sealed, and defendants object to this Interrogatory on this grounds as well.

**<u>INTERROGATORY NO. 5:</u>**

Identify the present location of the tape recording of the interview of Robert Thompson by Thomas Sullivan and Charles Wendel on or about March 17, 1988, at the LIRR PD HQS Audio Video Section in Hollis, Queens, New York, concerning the Maureen Fernandez murder investigation.

**<u>OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:</u>**

Defendants object to Interrogatory No. 5 on the grounds that the requested tape may be in the possession, custody or control of the LIRR defendants, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, since the recording has been transcribed and the transcript has been produced to plaintiff in the Court of Claims litigation or otherwise.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the referenced tape recording has not been located to date by the Queens County DA's Office or NYPD.

**INTERROGATORY NO. 6:**

Identify any and all trials, grand jury proceedings, criminal hearings, or other proceedings in which the Queens County District Attorney's Office or any other instrumentality of the State of New York or City of New York called Robert Thompson as a trial witness by setting forth the date and location of the proceedings, the name and docket number of the case. and the name and full contact information of the assistant district attorney or other New York City employee responsible for presenting the testimony and/or examining Mr. Thompson as a witness.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given that the request seeks information that does not pertain to the underlying investigation of Maureen Fernandez's murder, and given the limitations of the Queens County DA to conduct a computerized search for the requested information.  Further, any paper file search would be unduly burdensome given that files are not maintained based on the information requested herein.  This Interrogatory also may request sealed information and is objected to on that basis as well.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, especially given the commonality of Robert Thompson's name, the Queens County DA would require information from plaintiff such as a date of birth and NYSID number, to be able to conduct a more accurate computerized search for any of the information requested.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

The complete file or files of the New York City Police Department ("NYPD") and of the Queens District Attorney's Office ("QDAO") concerning the investigation of the murder of Maureen Fernandez and/or the prosecution of Felipe Rodriguez, from November 26, 1987, through the present, including pre-trial and trial proceedings, sentencing, direct appeal, FOIL requests, response and litigation, CPL 440 motions, and federal habeas corpus proceedings. This Request includes, but is not limited to, the following: notes, notebooks, memo book entries, reports, emails, correspondence, press releases, teletypes, text messages, memoranda, DD5 reports, wanted posters, medical records, oral or video recordings, 911 tapes, SPRINT reports, photographs, drawings, physical evidence of any kind, lab reports, Medical Examiner's reports, subpoenas, receipts, returns on subpoenas, material witness applications and orders, orders to produce, requests for recognition, diary entries, calendar entries and logs, receipts or correspondence regarding *Rosario, Brady* or other evidence disclosures, Voluntary Disclosure Form, and other documents.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague and ambiguous in its entirety, unduly burdensome and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit thereof, given that a file has been maintained by the Queens County District Attorney's Office concerning the underlying prosecution arising out of the murder of Maureen Fernandez and produced to plaintiff in the Court of Claims litigation.

The City objects to plaintiff's demand for FOIL requests and responses related to the subject matter of this case as there is no computerized search that could be conducted to fully respond to plaintiff's request, and any paper file search for FOIL requests and responses would be unduly burdensome given that files are not maintained based on the information requested herein.   Further, "the right to compel the production of documents under the relevant discovery rules is not expanded by operation of FOIL."  Greenberg v. Board of Education, 125 F.R.D. 361, 362 (E.D.N.Y. 1989) (internal citations omitted).   Thus, the proper way for plaintiff to proceed with written discovery demands in this case is to request information and/or documents affirmatively, rather than seeking the information through the production of FOIL requests and responses.

Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA in the Court of Claims case, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or withheld for the other reasons set forth by the Queens County DA's Office.  See Exhibit A hereto.  The NYPD is searching its records and will produce a copy of its file relating to the investigation of the murder of Maureen Fernandez by October 29, 2021, if located, and subject to objections to specific documents upon the location of its file and/or privilege.   DD5s pertaining to the underlying investigation of the murder of Maureen Fernandez maintained by the NYPD are produced herewith as D006-D080.   The arrest report and related documents pertaining to the underlying arrest of Felipe Rodriguez is produced herewith as D001-D005.  OCME is searching its records and will produce responsive documents to plaintiff, if located, by October 29, 2021, subject to objections to specific documents upon the location of its records and/or privilege.   As to

plaintiff's request for physical evidence in the possession of the NYPD's Property Clerk, additional information is required from plaintiff as to Property Clerk's Invoice Nos. for any searches to be conducted. The Queens County DA and NYPD are searching their records for press related documents and will produce responsive documents by October 29, 2021, if located. No searches have been conducted for FOIL requests and responses. Defendants refer plaintiff to their response to Document Request No. 2 as it pertains to requests for emails.

**DOCUMENT REQUEST NO. 2:**

All documents, including emails, encompassed by the previous Request, in the possession, custody or control of the following individuals or offices:

A.  Queens County District Attorney's Office;

B.  New York City Police Department;

C.  John J. Santucci, Queens County District Attorney (1977 to 1991);

D.  Robert J. Masters, QDAO;

E.  Alan Safran, QDAO;

F.  David Dikman, QDAO;

G.  Steven Zissou, QDAO;

H.  Robert Alexander, QDAO;

I.  Jerome Lo Verdi, QDAO;

J.  John Beisel, NYPD;

K.  Jerry Fennel, NYPD;

L.  George Zaroogian, NYPD;

M.  John Wilde, NYPD;

N.  John Califano, NYPD;

O.  Michael Pafitis, NYPD;

P.      FNU Hickman, NYPD;

Q.      Roy Zinkiewicz, NYPD;

R.      The QDAO's and NYPD's Public Information and press offices.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague and ambiguous in its entirety, that the requests are improper as to Santucci, Masters, Safran, Dikman, Zissou, Alexander, Lo Verdi, Pafitis, Hickman and Zinkiewicz, as they are non-parties to this litigation, is overbroad in time and scope since no time frames have been provided and the request is for time periods beyond the underlying investigation of the murder of Maureen Fernandez and reinvestigation of the case by the Queens County DA's Office, is unduly burdensome and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit thereof, given the burden of the requested e-discovery in light of the issues raised in plaintiff's Amended Complaint.   Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the Queens County DA will apply agreed upon date ranges and search terms to the electronically stored information ("ESI") collected from agreed upon custodians  and produce relevant, non-privileged responsive ESI returned from those searches, though the Queens County DA will not be conducting searches for Santucci, Safran, Dikman, Zissou and Alexander, given that they were not using email during the subject prosecution. Additionally, defendant City refers plaintiff to the emails contained in the documents produced by the Queens County DA's Office in the Court of Claims case, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or withheld for the other reasons set forth by the Queens County DA's Office.   See Exhibit A

hereto.  Given that the defendant detectives, upon information and belief, were not using email at the time of the subject investigation, the NYPD objects to conducting any e-discovery searches, as do the individual defendants. No searches for documents in the possession of non-parties Santucci, Masters, Safran, Dikman, Zissou, Alexander, Lo Verdi, Pafitis, Hickman and Zinkiewicz have been conducted.

## DOCUMENT REQUEST NO. 3:

All documents of or maintained by the NYPD and/or QDAO concerning:

A. **Javier Ramos**, including, but not limited to (i) his interactions with employees of the NYPD or QDAO from November 1987 through June 1990; (ii) his cooperation with the NYPD and/or QDAO relating to the investigation of Maureen Fernandez murder and/or the prosecution of Felipe Rodriguez; (iii) his cooperation with the NYPD and/or QDAO on any other matter; (iv) material witness applications, orders, returns, and/or court transcripts; (v) documents submitted in connection with his application to become a member of the NYPD; (vi) documents related to his service as an auxiliary police officer with the NYPD.

B. **Richard Pereira**, including, but not limited to, (i) police and QDAO records related to his arrest on or about September 10, 1988; (ii) police and QDAO records related to any other arrest or prosecution for unlawful or criminal behavior; (iii) his cooperation with the NYPD and/or QDAO relating to the investigation of Maureen Fernandez murder and/or the prosecution of Felipe Rodriguez; (iv) communications to or from Pereira and the QDAO and/or police relating to the prosecution of Felipe

Rodriguez and/or the investigation or reinvestigation of the Maureen Fernandez murder.

C. **Robert Thompson**, including, but not limited to, (i) police and QDAO records related to his conviction on or about May 3, 1989, including records related to his arrest and prosecution; (ii) police and QDAO records related to his conviction on or about September 11, 1989, including records related to his arrest and prosecution; (iii) police and QDAO records related to any other conviction or arrest; (iv) communications with outside agencies concerning his cooperation, testimony, or release or imprisonment, including, but not limited to, the New York City Department of Correction, New York State Department of Correctional Services, New York State Division of Parole, New York City Department of Probation, or any other corrections agency or facility in New York City or the State of New York; (v) payments to him or on his behalf or other benefits provided to him by the police or QDAO; (vi) communications concerning him with his attorney, legal representative, or any court.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3(A) on the grounds that it is vague and ambiguous as to nos. (i)-(iv) thereof, assumes facts not in evidence as to alleged "cooperation," is overbroad beyond documents sought in connection with the underlying investigation into the murder of Maureen Fernandez and prosecution of Felipe Rodriguez, is unduly burdensome as neither the Queens County DA nor the NYPD maintains documents based on the information that plaintiff has requested, seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the

discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given that the request seeks information that does not pertain to the underlying investigation of Maureen Fernandez's murder or prosecution of Felipe Rodriguez, and given the limitations of the Queens County DA and NYPD to conduct a computerized search for the requested information. Any paper file search would be unduly burdensome given that files are not maintained based on the information requested herein. The request also may seek sealed information and is objected to on that basis. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, especially given the commonality of Javier Ramos's name, the Queens County DA would require information from plaintiff such as a date of birth and NYSID, to be able to conduct an accurate computerized search for the information requested. The NYPD is conducting a search for documents sought in nos. (v) and (vi), and if located, will be produced by November 2, 2021. Defendant City refers plaintiff to the documents produced by the Queens County DA's Office in the Court of Claims litigation or otherwise as to Javier Ramos' testimonies in connection with the prosecution of plaintiff for the murder of Maureen Fernandez, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or withheld for the other reasons set forth by the Queens County DA's Office. See Exhibit A hereto.

Defendants object to Document Request No. 3(B) to the extent that it assumes facts not in evidence as to alleged "cooperation." The request also may seek sealed information and is objected to on that basis. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections. defendant City refers plaintiff to the documents produced by the Queens County DA in the Court of Claims litigation or otherwise, subject to privilege (privilege log to be supplemented by October 22, 2021) or withheld for the

other reasons set forth by the Queens County DA's Office.  Exhibit A hereto.  Searches to date by the NYPD have not yielded any arrest reports pertaining to Richard Pereira.  The NYPD requires additional information from plaintiff such as a date of birth and NYSID of Richard Pereira, to be able to conduct an additional computerized search for the information requested as to purported arrests of Richard Pereira.

Defendants object to Document Request No. 3(C) on the grounds that it vague and ambiguous in its entirety, assumes facts not in evidence as to alleged "cooperation," is unduly burdensome as neither the Queens County DA nor the NYPD maintains documents as plaintiff has requested them, seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case for the same reason, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given that the request seeks information that does not pertain to the underlying investigation of Maureen Fernandez's murder, and given the limitations of the Queens County DA and NYPD to conduct a computerized search for the requested information.  Any paper file search would be unduly burdensome given that files are not maintained based on the information requested herein.  The request also may seek sealed information and is objected to on that basis. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, especially given the commonality of Robert Thompson's name, the Queens County DA and NYPD would require additional information from plaintiff such as a date of birth and NYSID, to be able to conduct an accurate computerized search for the information requested as to arrests/prosecutions or Robert Thompson.  Searches to date by the NYPD for arrests of Robert Thompson have not yielded the requested information.  Defendant City also refers plaintiff to the documents produced by the Queens County DA's Office in the Court of

Claims litigation, subject to privilege (privilege log to be supplemented by October 22, 2021) or withheld for the other reasons set forth by the Queens County DA's Office,  Exhibit A hereto, as to Robert Thompson's involvement in the underlying prosecution of Felipe Rodriguez.

**DOCUMENT REQUEST NO. 4:**

       The notebooks and memo books of all NYPD detectives, officers, sergeants, captains and other NYPD employees or agents who investigated the murder of Maureen Fernandez or assisted in the investigation, including, but not limited to, the notebooks containing the entries in Exhibits A through I appended to this set of Interrogatories and Requests for the Production of Documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

       Defendants object to Document Request No. 4 on the grounds that it requests information that may be outside the custody and control of the responding defendants as to notes or notebooks that may be in the possession, custody or control of the LIRR defendants, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, since copies of the referenced notes have been produced to plaintiff in the Court of Claims litigation or otherwise.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA's Office in the Court of Claims litigation or otherwise.  The NYPD is searching its records and will produce a copy of its file relating to the investigation of the murder of Maureen Fernandez by October 29, 2021, if located.

**DOCUMENT REQUEST NO. 5:**

        The video tape recording of the interview of Robert Thompson by Thomas Sullivan and Charles Wendel on or about March 17, 1988, at the LIRR PD HQS Audio Video Section in Hollis, Queens, New York, concerning the Maureen Fernandez murder investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

        Defendants object to Document Request No. 5 on the grounds that the requested tape may be in the possession, custody or control of the LIRR defendants, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, since the recording has been transcribed and the transcript has been produced to plaintiff in the Court of Claims litigation or otherwise.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the referenced tape recording has not been located to date by the Queens County DA's Office or NYPD.

**DOCUMENT REQUEST NO. 6:**

        The NYPD and QDAO "informant" files for Robert Thompson, Javier Ramos, and Richard Pereira.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

        Defendants object to Document Request No. 6 on the grounds that it is vague and ambiguous as to the phrase "informant" files, is unduly burdensome as neither the Queens County DA nor the NYPD maintains documents as plaintiff has requested them, seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given that the request seeks information that

does not pertain to the underlying investigation of Maureen Fernandez's murder, and given the time period for which the request is made. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, the Queens County DA does not maintain "informant" files. See also Exhibit A hereto. As to the NYPD, plaintiff has made no good faith showing that Robert Thompson, Javier Ramos or Richard Pereira were "confidential informants." No searches have been conducted for the documents requested herein.

**DOCUMENT REQUEST NO. 7:**

All subpoenas, material witness orders, *Damiani* orders, requests in lieu of subpoenas, orders to produce, *ex parte* orders (including supporting applications for such subpoenas and orders), concerning the investigation of the murder of Maureen Fernandez, and the investigation and/or prosecution of Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, given that the requested information does not pertain to the allegations in plaintiff's Amended Complaint. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA in the Court of Claims case or otherwise, subject to the documents withheld on the basis of privilege or for the other reasons set forth by the Queens County DA's Office. See Exhibit A hereto.

**DOCUMENT REQUEST NO. 8:**

The full and complete NYPD and QDAO files concerning murder investigations for which Jack Beisel was assigned as a detective, in which either (a) a defendant gave a confession, (b) an out-of-court identification procedure took place, or (c) a witness gave a statement accusing a defendant of murder, including pre-trial and trial proceedings, sentencing, direct appeal, FOIL requests, response and litigation, CPL 440 motions, and federal habeas corpus proceedings. This Request includes, but is not limited to, the following: detective notes, memo book entries, reports, e-mails, correspondence, press releases, teletypes, text messages, memoranda, DD5 reports, wanted posters, medical records, oral or video recordings, drawings, diary entries, calendar entries and logs, receipts or correspondence regarding *Rosario, Brady* or other evidence disclosures, Voluntary Disclosure Form, and other documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague and ambiguous as to the words "assisted" and "assigned," is overbroad since it seeks information beyond the subject investigation of the murder of Maureen Fernandez, is unduly burdensome as neither the Queens County DA nor the NYPD maintains such information as requested by plaintiff from the period of time in which Det. Beisel was an NYPD detective and any such files that may be responsive are stored as paper files only (and given the number of files that may be responsive and would have to be reviewed manually to determine if a file is responsive) and seeks information not relevant to any party's claim or defense nor is proportional to the needs of the case for the same reason, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, as any other homicide investigations involving Det. Beisel have no bearing on the issues raised in plaintiff's Amended Complaint, or are so peripheral as to be disproportionate.  Defendants also object to Document

Request No. 8 since <u>Monell</u> discovery is also stayed.  This request may also seek information which is sealed and defendants object to Document Request No. 8 on this basis as well.  No searches have been conducted for the documents requested herein.

**DOCUMENT REQUEST NO. 9:**

All documents and other evidence documenting disclosures that were made to Plaintiff or his defense counsel prior to or during his trial of discovery pursuant to CPL Art. 240, *Rosario* material, and/or *Brady, Giglio* or *Vilardi* material.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague and ambiguous in its entirety, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA in the Court of Claims case or otherwise, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or for the other reasons set forth by the Queens County DA's Office.  See Exhibit A hereto.

**DOCUMENT REQUEST NO. 10:**

The complete personnel files of John Beisel, Jerry Fennel, John Wilde and John Califano, and George Zaroogian.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden

and/or expense thereof outweighs any likely benefit, given that the requested documents are so peripheral to the issues raised by plaintiff's Amended Complaint. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced herewith as D220-D255 (Zaroogian), D256-D344 (Califano), D345-D371 (Wilde) and D372-D474 (Beisel). (See foregoing documents for "CONFIDENTIAL" designations pursuant to the parties' confidentiality stipulation) Defendant City is continuing to search for the personnel file of the defendant Fennel, which will be produced to plaintiff by November 2, 2021, if located.

**DOCUMENT REQUEST NO. 11:**

All allegations, investigations, findings and/or discipline concerning John Beisel, Jerry Fennel, John Wilde, John Califano, and/or George Zaroogian, maintained by the NYPD or any other City agency including, but not limited to, the complete files of the Civilian Complaint Review Board, Central Personnel Index, and Command Discipline, as well as all civil lawsuit complaints and/or documentation of criminal investigations or prosecutions, which concern or contain allegations of false arrest, malicious prosecution, evidence manufacturing or fabrication, perjury, false statement, abuse of process, civil rights violations, coercion of witnesses, excessive force, violations of due process or the right to a fair trial, or otherwise concern their honesty, integrity, or credibility.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vague and ambiguous in its entirety, that it requests information that is of public record as to records of civil complaints and is equally available to plaintiff, is overbroad in time and scope as it requests private and personal information relating to incidents that are not similar and beyond ten years before the subject incident (and requests records after the subject incident) and beyond

substantiated allegations of fabrication of evidence, abuse of authority, false arrest and dishonesty, may violate the deliberative process, self-critical analysis and law enforcement privileges as to any open investigations, is unduly burdensome given the number of files to be searched for from decades ago, that it seeks information not relevant to any party's claim or defense as the present case, and to the extent it seeks information not relevant nor proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, as the information requested is so peripheral as to be disproportionate.  Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the CCRB spreadsheet of CCRB investigations of the individual defendants (D061-D062), IAB resumes (D148-D160), CPI Indices (D212-D219), IAB Comprehensive Reports (D161-D211) and CCRB Closing Reports.  (D063-D147)  (See foregoing documents for "CONFIDENTIAL" designations pursuant to the parties' confidentiality stipulation).  There may be investigative files related to the matters identified in the individual defendants' CCRB and IAB name checks, but it would be unduly burdensome and disproportionate to search for such files from decades ago, especially in light of the IAB Comprehensive reports provided herewith, the CCRB closing reports which have been located and provided, as well as the other disciplinary records produced. There are documents responsive to this Document Request being withheld (IAB and CCRB files-if located).  No searches have been conducted for documents pertaining to civil lawsuits against the defendant officers.

**DOCUMENT REQUEST NO. 12:**

All records maintained by the QDAO of allegations, investigations, findings, or discipline concerning Alan Safran and David Dikman, including, but not limited to, allegations of false arrest, malicious prosecution, evidence manufacturing or fabrication, perjury, false

statement, abuse of process, civil rights violations, coercion of witnesses, violations of due process or the right to a fair trial, or otherwise concern such individual's honesty, integrity, and/or credibility.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague and ambiguous in its entirety, that it seeks private and personal disciplinary information for an unspecified time period for non-similar conduct, if any, concerning non-parties and is thus not relevant, that <u>Monell</u> discovery has been stayed and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit, for the foregoing reasons as well as that the information requested is so peripheral as to be disproportionate. No searches have been conducted for the documents requested herein.

**DOCUMENT REQUEST NO. 13:**

All documentation of any payments made or other benefits provided to any witness, potential witness, or informant, for any purpose, by Defendant Thomas Sullivan, including receipts for such for payments, in connection with the Incident and/or Maureen Fernandez murder investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that the requested documents may be in the possession, custody or control of the LIRR defendants, and seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers

plaintiff to the documents produced by the Queens County DA in the Court of Claims case or otherwise for any responsive documents, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or for the other reasons set forth by the Queens County DA's Office.  See Exhibit A hereto.

**DOCUMENT REQUEST NO. 14:**

All statements alleged to have been made by Plaintiff concerning the subject matter of this lawsuit, including, but not limited to, written statements, or those recorded by mechanical, electrical, audio, or computerized means, or a transcription of it that recites substantially verbatim the statement.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it seeks information not relevant to any party's claim or defense, nor is proportional to the needs of the case, considering the importance of the discovery in resolving the issues, and that the burden and/or expense thereof outweighs any likely benefit. Subject to the foregoing, and without waiving in any way or limiting these objections or the General Objections, defendant City refers plaintiff to the documents produced by the Queens County DA in the Court of Claims case or otherwise for any responsive documents, subject to the documents withheld on the basis of privilege (privilege log to be supplemented by October 22, 2021) or for the other reasons set forth by the Queens County DA's Office.  See Exhibit A hereto.

Dated:      New York, New York
            September 10, 2021

GEORGIA M. PESTANA
Corporation Counsel of the
 City of New York
*Attorney for Defendants City of New York, John
Beisel, George Zaroogian, John Califano, John
Wilde and Jerry Fennel*
100 Church Street, Room 3-133B
New York, New York 10007
(212) 356-3519


By:    /s/ Mark D. Zuckerman
           MARK D. ZUCKERMAN
           *Senior Counsel*



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

October 29, 2021

**VIA EMAIL**
Zachary Margulis-Ohnuma
ZMO Law PLLC
260 Madison Ave., 17th Floor
New York, New York 10016

Re:  Felipe Rodriguez v. City of New York, et. al., 21 Civ. 1649 (AMD)(RLM)

Dear Mr. Margulis-Ohnuma:

Defendant City hereby supplements its Responses to plaintiff's First Set of Document Requests as follows:

Document Request No. 1:

Defendant City refers plaintiff to the documents previously produced by the Queens County DA's Office bearing bates nos. QCDA 237-QCDA 468, and which are responsive to plaintiff's request for NYPD files relating to the Maureen Fernandez homicide investigation.  Defendant City is continuing to search for any additional NYPD investigative documents, and will produce same, if located.

Defendant City refers plaintiff to the documents produced herewith as D476-D499, which constitute the OCME file relating to the homicide of Maureen Fernandez.  The documents are "CONFIDENTIAL" pursuant to the parties' protective order herein.  The photographs of the deceased in the possession of OCME, bates no. 500, are objected to as irrelevant and private, are being withheld and will not be produced.

Defendant City refers plaintiff to the document produced herewith as D475, relating to the portion of plaintiff's document request relating to Queens County DA press related documents.  The NYPD responds that there were no press releases related to the Felipe Rodriguez conviction vacatur.  The NYPD is still searching its records to determine if there were

any press inquiries related to the Felipe Rodriguez conviction vacatur, and the City will supplement its response to this Document Request, if located.

        If there are questions, please let me know.

                                Yours Very Truly,

                                /s/ Mark D. Zuckerman
                                Mark D. Zuckerman
                                Senior Counsel

cc:     All Counsel (via email)

2



**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

November 19, 2021

**VIA EMAIL**
Zachary Margulis-Ohnuma, Esq.
ZMO Law PLLC
260 Madison Ave., 17th Floor
New York, New York 10016

Re:  Felipe Rodriguez v. City of New York, et. al., 21 Civ. 1649 (AMD)(RLM)

Dear Mr. Margulis-Ohnuma:

Defendant City hereby supplements its Responses to plaintiff's First Set of Document Requests.

1)     With respect to the privilege log provided by the Queens County District Attorney's Office to the parties in the Court of Claims litigation on March 22, 2021 (see annexed hereto and as Exhibit A to defendants' discovery responses), the City supplements the privilege log as follows, in addition to the grounds set forth therein:  Withheld documents bearing bates nos. 5-9, 10-28, 31, 63, 64, 65-112 and 174 are withheld on the additional grounds of the deliberative process and self-critical analysis privileges.

2)     Annexed hereto please find a supplemental privilege log for withheld Queens County District Attorney's Office documents.  The supplemental privilege log includes the 12 emails discussed in the letter of the Queens County District Attorney's Office to the parties with its production of non-privileged emails of March 3, 2021 (annexed hereto) in the Court of Claims litigation.  The email and attachments that were discussed in that letter relating to NYPD disciplinary proceedings is being produced herewith and is no longer being withheld. (CONFIDENTIAL)  See also the supplemental privilege log for additional documents withheld as set forth in the letter of the Queens County District Attorney to the parties in the Court of Claims litigation of November 13, 2020.  (see annexed hereto and as Exhibit A to defendants' discovery responses)

3)       The Grand Jury materials, criminal trial transcripts and OCME file also referenced in the Queens County District Attorney's Office letter of November 13, 2020, and previously withheld appear to have been subsequently produced to the parties in this litigation from other sources.  The Queens County District Attorney's Office in its letter of November 13, 2020 previously set forth the bases of such documents being withheld by that Office.

I plan to bates stamp documents for which no bates stamp has been provided to date, but you should now have all of the non-withheld QCDA documents.

If there are questions, please let me know.


Yours Very Truly,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel


cc:      All Counsel (via email)



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Corporation Counsel*

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

December 1, 2021

**VIA HAND**
Zachary Margulis-Ohnuma, Esq.
ZMO Law PLLC
260 Madison Ave., 17th Floor
New York, New York 10016

Re: <u>Felipe Rodriguez v. City of New York, et. al.</u>, 21 Civ. 1649 (AMD)(RLM)

Dear Mr. Margulis-Ohnuma:

      Defendant City hereby supplements its Responses to plaintiff's First Set of Document Requests with DD5s in the possession of the NYPD. (See enclosed disc, D501-D800)

      If there are questions, please let me know.

Yours Very Truly,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc:    Steven Silverberg, Esq. (via hand)(with enclosure)