

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 28, 2022

**VIA ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: <u>Felipe Rodriguez v. City of New York, et. al.</u>, 21 Civ. 1649 (AMD)(RLM)

Your Honor:

  I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. George Zaroogian (Ret.) Det. John Beisel (Ret.), Det. John Califano (Ret.), Det. Jerry Fennel (Ret.) and John Wilde (Ret.) in the above referenced matter. We write in opposition to plaintiff's motion to compel discovery at Docket 57 herein.

  Plaintiff first seeks the identification of each homicide investigation on which the defendant Det. Beisel was the lead detective and all files in the possession of NYPD and the QCDA relating to each such homicide investigation. Plaintiff's motion should be denied principally based on the disproportionate nature of the request given the needs of this litigation. "Information is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." <u>Vaigasi v. Solow Mgmt. Corp.</u>, 11 Civ. 5088 (RMB)(HBP), 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016). Even if the Court determines that evidence is relevant, which it should not, it "must also be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to the information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>North Shore-Long Island Jewish Hospital v. Multiplan, Inc.</u>, 325 F.R.D. 36, 49 (E.D.N.Y. 2018). "'Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the

information in issue, the less likely its discovery will be found to be disproportionate.'" United States v. Town of Oyster Bay & Town Supervisor John Venditto, 14 Civ. 2317 (GRB)(SIL), 2022 U.S. Dist. LEXIS 2362, at *6 (E.D.N.Y. Jan. 3, 2022) (quoting Vaigasi) "Proportionality focuses on the marginal utility of the discovery sought." Vaigasi, at *43.

      Despite the obvious proportionality issue that exists as to this discovery demand, plaintiff does not even attempt to conduct a proportionality analysis. The requests are disproportionate for a number of reasons. First, pursuant to Judge Donnelly's Order of July 12, 2021, Monell discovery is stayed herein. So, plaintiff's Monell claims cannot be the basis of such demands at the present juncture. Rather, plaintiff has provided the flimsiest of arguments for relevance, that the requested discovery is necessary to create F.R.E. 404(b) evidence against Det. Beisel, despite plaintiff's admission that "propensity" evidence is not admissible, and which defendants contend is the true purpose behind this request. Plaintiff's Initial Disclosures already identify **183 witnesses** in this case. (Exhibit A hereto) Thousands of pages of documents have already been produced by the parties in this case. Yet, plaintiff would exponentially expand this litigation to have the parties conduct mini-trials on all of Det. Beisel's other homicide investigations. By extrapolation, if the same number of witnesses and documents that have been disclosed with respect to the Rodriguez investigation were applicable to each of Det. Beisel's other homicide investigations, and discovery was conducted on all of them, this case would never advance from its present posture of fact discovery on plaintiff's non-Monell claims.

      The flimsy and vague relevance argument that plaintiff has made for production of all of this information should be weighed against the burden on the City in having to produce it. As I have tried to explain repeatedly to plaintiff's counsel, because the discovery sought is from approximately thirty years ago, none of it is computerized. I told plaintiff's counsel after our "meet and confer" of January 6, 2022, that NYPD would attempt to search for the 104th Pct. Homicide logbook from over 30 years ago that may have some information as to which homicide investigations that Det. Beisel led. But forcing the NYPD and QCDA (which has no record of what homicide investigations Det. Beisel led) to conduct manual searches for paper files of Det. Beisel's other homicide investigations (the identities of which are presently unknown) dating back 30 years in precincts, offices and storage facilities, especially given staffing issues in a pandemic, is clearly disproportionate to the needs of this litigation and exactly why that rule is in place. Plaintiff's demands are also unduly burdensome on its face based on the foregoing.

      Plaintiff's other reasons for this discovery lacks merit. Plaintiff contends that he is trying to develop F.R.E. 404(b) evidence as to the use of the 3rd placement at lineups conducted by Det. Beisel. Plaintiff contends that the use of the number 3 was improper at his lineup. However, plaintiff provides no evidence whatsoever of other instances of improper uses of the number 3 at lineups conducted by Det. Beisel. Though plaintiff refers to an earlier lineup in the subject investigation, the subject of that lineup has never come forward to complain about how his lineups were conducted. In fact, that subject had his arrest voided and was immediately released based solely upon the fact that those lineups conducted by Det. Beisel produced no hits. Other than plaintiff's allegation, which Det. Beisel fiercely denies, plaintiff has provided no other **evidence** of the manipulation of lineups by Det. Beisel, including the "other defendant in a wrongful conviction action" who plaintiff's counsel supposedly represents. Plaintiff's proffer in no way supports the sweeping discovery that would exponentially expand this litigation into mini-trials on all of Det. Beisel's other homicide investigations, and quite frankly, just because

Det. Beisel may have been a lead detective on those other cases does not mean that he conducted any lineups in those cases, if any were conducted at all.

Finally, plaintiff points to the investigation of the murder of Anthony Venditti based upon a hearsay newspaper article as support for the requested discovery. Based on that article, it is clear that there is nothing similar about that case to plaintiff's case. It appears that the Venditti investigation had a focus on a mafia-related murder. There were multiple trials. Plaintiff has made absolutely no showing that that case is in any way similar to this case, and based on the newspaper article, the NYPD and QCDA files would be sealed anyway based on the exonerations of the subjects. Further, the City has produced Det. Beisel's NYPD disciplinary records herein and no allegations have been brought against Det. Beiesel arising out of whatever work he did on the Venditti investigation, which plaintiff in the most vague way alludes to.

Second, plaintiff seeks to have the NYPD conduct disproportionate and unduly burdensome searches to determine if witnesses Javier Ramos and Robert Thompson were used by the NYPD as "confidential informants." Javier Ramos was a witness against Felipe Rodriguez at his trial based upon statements that Felipe Rodriguez made to him about committing the murder, and his loaning of his car to Felipe Rodriguez on the night of the underlying murder of Maureen Fernandez. Robert Thompson was also a witness and identified Felipe Rodriguez with Maureen Fernandez at a bar hours before her murder. There is no evidence whatsoever that either Javier Ramos or Robert Thompson were used by the NYPD as "confidential informants." That Javier Ramos was not prosecuted for destroying evidence in his car related to the Maureen Fernandez homicide does not logically relate to an allegation that he was an NYPD "confidential informant." The same applies to plaintiff's argument for "confidential informant" files relating to Robert Thompson. That he was paid $10.00 on two separate occasions for his expenses by the Long Island Railroad Police, (Exhibit B hereto) which is a separate entity from the NYPD, does not logically relate to an allegation that he was an NYPD "confidential informant." There is simply zero evidence that either Javier Ramos or Robert Thompson were ever NYPD "confidential informants" and this discovery request was not in "good faith." Chartwell Therapeautics Licensing LLC v. Citron Pharma LLC, 16 Civ. 3181 (MKB)(CLP), 2018 U.S. Dist. LEXIS 119210, at *10 n.2 (E.D.N.Y. July 17, 2018) (by making a discovery request, the party propounding the request certifies that is was made in good faith).

In any event, this discovery request is disproportionate and unduly burdensome. The NYPD does not have a computerized database of "confidential informants" from over 30 years ago, and for NYPD to even conduct a search, NYPD would have to know more information about the "confidential informant," i.e., which NYPD officer made him/her a "confidential informant," and/or in what precinct. Plaintiff has been unable to provide any information that would even allow manual searches to be conducted, because there is simply no evidence whatsoever that Javier Ramos or Robert Thompson were ever NYPD "confidential informants." Any searches that plaintiff seeks are clearly disproportionate based on the complete lack of evidence that these witnesses were ever NYPD "confidential informants."

The City is withdrawing its objection to the production of the requested unredacted lineup sheets and will produce same.

Thank you for your consideration herein.

3

                                              Respectfully submitted,

                                              /s/ Mark D. Zuckerman
                                              Mark D. Zuckerman
                                              Senior Counsel

cc:      All Counsel (via ECF)