# ZMO Law PLLC

February 25, 2022

*Via ECF*

Hon. Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE: *Felipe Rodriguez v. City of New York et al.*, 21-cv-01649

Dear Judge Mann:

    This office represents Felipe Rodriguez in the above-captioned matter. We write to provide new information relevant to Plaintiff's motion to compel the City Defendants to disclose whether witness Robert Thompson was an NYPD "confidential informant" and, if he was, to produce Thompson's "confidential informant" file. ECF No. 57. After Plaintiff filed his motion on January 26, 2022, the City Defendants produced a notebook documenting communication between the NYPD and Thompson's probation officer and indicating that Thompson may have avoided a probation violation by assisting the NYPD's investigation. We respectfully submit that this is an independent and compelling basis for granting Plaintiff's motion.  We have conferred with counsel for the City Defendants, who informed us that their position has not changed and they will not produce Thompson's "confidential informant" file.

    Plaintiff's motion noted that, in March 1988, Defendant Det. Thomas Sullivan of the Long Island Railroad Police Department ("LIRR PD") made two cash payments to Thompson, the only person who identified Plaintiff as the man with the victim at a Brooklyn bar shortly before the murder. The complaint alleges that the defendants withheld this information from Plaintiff's trial counsel. ECF No. 33. Receipts for the payments state that "this money was received for [Thompson's] cooperation" and "ongoing assistance in the Fernandes [sic] homicide investigation." ECF No. 57-1, 18, 19. In their Response on January 28, 2022, the City Defendants argued that the payments do not "logically relate to an allegation that [Thompson] was an NYPD 'confidential informant'" because the LIRR PD was "a separate entity from the NYPD," even though the two agencies worked closely together throughout the investigation.

    On February 11, 2022, the City Defendants produced, for the first time, the NYPD's original investigative file on the Fernandez homicide, containing more than 1600 pages of documents. The file contains a written note, ostensibly from an NYPD employee to NYPD Det. Michael Pafitis, about conversations between the employee and Thompson's probation officer. *See* Exhibit A. The note is dated December 7, 1987, approximately one

260 Madison Avenue, 17th Floor • New York, NY 10016
(212) 685-0999 • info@zmolaw.com
www.zmolaw.com

ZMO LAW PLLC

week after the murder. It states that Thompson had not reported to his probation officer in seven months but that he was "not violated yet," and directs Det. Pafitis to call Thompson's probation officer "to verify he is helping you."

The note shows that Thompson directly assisted the NYPD from the investigation's early stages and that he may have received additional benefits that were not disclosed to the defense. Given the discovery of this note and Det. Sullivan's cash payments, the Court should require City Defendants to search for and produce additional documentation of Thompson's role in assisting the NYPD, including his "confidential informant" file.

Very truly yours,

ZMO Law PLLC

By: *Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma
Benjamin Notterman

Encls.

CC:   All counsel (via email and ECF)

2/25/22
Page 2