

**THE CITY OF NEW YORK**

**GEORGIA M. PESTANA**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

February 25, 2022

**VIA ECF**
The Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Felipe Rodriguez v. City of New York, et. al.</u>, 21 Civ. 1649 (AMD)(RLM)

Your Honor:

I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. George Zaroogian (Ret.), Det. John Beisel (Ret.), Det. John Califano (Ret.), Det. Jerry Fennel (Ret.) and John Wilde (Ret.) in the above referenced matter. We write in response to plaintiff's letter at Docket 60 which purports to "supplement" their motion to compel at Docket 57.

Plaintiff's letter, which really is a reply brief in disguise and which is not allowed by the Court's Rules, should do nothing to change the outcome of plaintiff's motion. Plaintiff continues to assert that the City should produce Robert Thompson's "confidential informant" file. There continues to be absolutely no evidence that Robert Thompson was an NYPD "confidential informant," that there is a "confidential informant" file for Robert Thompson, or a good faith basis for the unduly burdensome and disproportionate searches that plaintiff desires the NYPD undertake. All that the note that plaintiff now provides the Court[1] demonstrates is

---

[1] I informed plaintiff's counsel on January 18, 2022 that the NYPD original homicide file (which contains the note) had been found that very same day, and that we would be producing the file, which was from over thirty years ago, as quickly as possible. Plaintiff elected to proceed with his motion before the production of the 1,600 pages NYPD original homicide file from over thirty years ago.

that Robert Thompson was on probation when the subject murder investigation was initiated and that he was assisting the NYPD in the investigation. These are hardly new facts and do absolutely nothing to establish a good faith basis to believe that Robert Thompson was an NYPD "confidential informant." Plaintiff cannot seriously argue, or perhaps he does not understand, that someone who is on probation, or is assisting the NYPD with a murder investigation, does not make that person an NYPD "confidential informant." There is no logical connection between such facts. Plaintiff's letter at Docket 60 should therefore not change the outcome of the pending motion to compel, which should be denied.

    Thank you for your consideration herein.

                       Respectfully submitted,

                        /s/ Mark D. Zuckerman
                        Mark D. Zuckerman
                        Senior Counsel

cc:  All Counsel (via ECF)