**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**FELIPE RODRIGUEZ,**

                                    Plaintiff,                            **MEMORANDUM**
                                                                           **AND ORDER**

                  -against-                                      **21-CV-1649 (AMD) (RLM)**

**CITY OF NEW YORK,** *et al.*,

                                  **Defendants.**
-----------------------------------------------------------------------x
**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a motion to compel discovery, as well as a supplemental submission, filed by plaintiff Felipe Rodriguez ("plaintiff"). See Motion to Compel (Jan. 26, 2022) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #57; Letter Supplementing Plaintiff's Motion to Compel (Feb. 25, 2022) ("Pl. Supp."), DE #60. Specifically, plaintiff seeks (1) information and documents relating to other homicide investigations conducted by the lead detective (defendant John Beisel) who handled the investigation of the Fernandez homicide that is the subject of this civil action; (2) confidential informant files on Javier Ramos and Robert Thompson, two prosecution witnesses at plaintiff's criminal trial; and (3) unredacted lineup sheets for lineups involving plaintiff that took place in 1988 and 1989. See generally Pl. Motion. The City of New York and the individual City defendants (including retired detective Beisel) oppose the motion to compel the first two categories of materials and information but have agreed to produce the unredacted lineup sheets. See Response in Opposition (Jan. 28, 2022) ("City Opp."), DE #58. They also object to plaintiff's letter of February 25, 2022, which they correctly characterize as an unauthorized

"reply brief in disguise[.]" Letter in Response to Plaintiff's Letter (Feb. 25, 2022) ("City Supp.") at 1, DE #61. The Court has nevertheless considered the parties' submissions of February 25, 2022, but reminds plaintiff's counsel that judicial authorization is needed to file replies in connection with discovery disputes.

## DISCUSSION

The Court sustains the City defendants' objection to plaintiff's demand for an interrogatory response identifying Beisel's other homicide investigations and for production of the NYPD and Queens DA's files relating to such investigations. Plaintiff's justification for such discovery is that, in connection with those other investigations, Beisel may have engaged in misconduct similar to that alleged in the instant Complaint; in particular, plaintiff posits that Beisel used suggestive tactics in conducting lineups in this case, including placing plaintiff and an earlier suspect in the same position (number 3) in their respective lineups. See Pl. Motion at 2-3. Plaintiff's demands are not, however, limited to other investigations in which Beisel was responsible for arranging and conducting the lineups, and thus the demands are overbroad. Moreover, according to the response of the City defendants, the discovery sought "is from approximately thirty years ago, [and] none of it is computerized." City Opp. at 2. Given plaintiff's tenuous showing of relevance, and the burdensome nature of having to locate and search through hard-copy files from decades ago, the Court concludes that the information sought is not "proportional to the needs of the case," inasmuch as "the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiff is, however, free to examine Beisel about his alleged misconduct in the Fernandez investigation and about whether he employed similar tactics in other cases.

The remaining discovery dispute concerns plaintiff's motion to compel the production of informant files relating to Ramos and Thompson, who plaintiff contends received benefits in connection with the Fernandez homicide investigation.  See Pl. Motion at 2-3; Pl. Supp. at 1-2.[1]  While not disputing the receipt of "benefits" cited by plaintiff, the City defendants counter that there nonetheless is "no evidence whatsoever that either Javier Ramos or Robert Thompson were used by the NYPD as 'confidential informants.'"  City Opp. at 3; see City Supp. at 1.  They further argue that "this discovery request is disproportionate and unduly burdensome[,]" in that "[t]he NYPD does not have a computerized database of 'confidential informants' from over 30 years ago," and that plaintiff "has been unable to provide any information that would even allow manual searches to be conducted[.]"  City Opp. at 3.

The benefits cited by plaintiff do establish that Ramos and Thompson provided assistance to the homicide investigation and/or trial, but do not necessarily show that they were "confidential informants" for whom so-called "informant files" would have been created.  The Court will not, on the record before it, order that the NYPD conduct a search of 30-year-old hard-copy documents in an attempt to locate the purported informant files relating to Ramos or Thompson.  Nevertheless, as the lead detective on the homicide investigation at issue in this case, defendant Beisel presumably would have knowledge as to whether Ramos and/or Thompson had been designated by the NYPD as "confidential informants."  Therefore, counsel for the City defendants is directed to file, by March 21, 2022, a sworn statement from defendant Beisel addressing whether the NYPD ever designated Ramos and/or Thompson as

---

[1] Although plaintiff originally demanded informant files maintained by the NYPD or Queens District Attorney, plaintiff appears to have accepted the representation of counsel for the City defendants that the Queens DA "did not maintain informant files."  Pl. Motion at 2.

"confidential informants" and, if the answer is yes as to either or both individuals, the City defendants are directed to promptly arrange for the NYPD to conduct a search of its hard-copy files for the responsive informant file(s) and to produce such file(s). To the extent that Ramos or Thompson is deposed, plaintiff's counsel may examine each of them as to whether he was a confidential informant for the NYPD and, if either answers in the affirmative, the City defendants are directed to promptly search for and produce the NYPD's informant file(s).

## CONCLUSION

For the reasons and to the extent described above, plaintiff's motion to compel is denied in part and denied in part without prejudice.

**SO ORDERED.**

Dated: Brooklyn, New York
March 15, 2022

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**