# ZMO Law PLLC

July 29, 2022

*Via ECF and email*

Hon. Roanne L. Mann
Eastern District of New York
US Courthouse, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

>      RE: *Felipe Rodriguez v. City of New York et al.*, 21-cv-01649

Dear Judge Mann:

   This office represents Plaintiff Felipe Rodriguez in the above-captioned matter. We write in response to the City Defendants' motion seeking to extend the deposition of non-party witness Javier Ramos, ECF No. 87.

   We respectfully submit that the motion should be denied because (1) it ignores the Court's procedural rules and (2) further questioning of Mr. Ramos is unnecessary. We also ask that the letter-motion, which was filed by Senior Assistant Corporation Counsel Mark Zuckerman, be stricken and removed from the docket because it misstates the record and contains scurrilous, defamatory allegations of impropriety that are unrelated to the relief sought.

### The Motion Should Be Denied

   *First*, the motion fails to comply with the Court's procedural requirements. Mr. Zuckerman did not try to resolve the dispute with either Plaintiff or counsel for the witness prior to filing his motion as required by Local Rule 37.3(a) and Fed. R. Civ. P. 37(a)(1). Moreover, this Court's Individual Practices limit such letter motions to three pages, exclusive of attachments (Motions § A). The text of Mr. Zuckerman's letter runs to almost four pages. These reasons alone justify denying the motion.

   *Second*, the motion fails to set forth a valid reason for exceeding the presumptive seven-hour time limit set for depositions in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(d)(1). Mr. Ramos has already answered more than seven hours of questions over two days by three different attorneys. ECF No. 87 at 2. Mr. Ramos testified in detail about his interactions with police during the Maureen Fernandez homicide investigation in 1988 and 1989, which are central to this litigation. In aggressive questioning, Mr. Zuckerman repeatedly challenged Mr. Ramos's recollection of being physically and verbally abused by the detectives. *See* Ex. A: Deposition of Javier Ramos (May 23, 2022) at 48-51, 73-77, 149. Mr. Zuckerman also questioned Mr. Ramos about a lawsuit Mr. Ramos filed in the 1990s alleging discrimination by the New York City Police Department ("NYPD"). *Id.* at 92-108. Much of Mr. Zuckerman's questioning was hostile, leaving Mr. Ramos visibly upset during

353 Lexington Avenue, Suite 900 • New York, NY 10016
(212) 685-0999 • zach@zmolaw.com
www.zmolaw.com

ZMO Law PLLC

the proceedings. *See, e.g., id.* at 46-47 (Mr. Zuckerman: "[Y]ou perjured yourself so many times you can't even remember?"); 75:13-14 (Mr. Ramos: "How many times do I have to repeat the same answer to the same question over and over again?"); 123:10 (Mr. Zuckerman: "Your memory's not good, is it?").

Mr. Zuckerman now seeks to reopen and extend the deposition past seven hours to ask Mr. Ramos *more* questions about the same employment dispute with the NYPD. ECF No. 87 at 3. Mr. Zuckerman's pretext for additional questioning is that the City Defendants recently obtained a court file from the employment case, including a 1991 handwritten statement by Mr. Ramos about his dealings with Beisel during the Fernandez murder investigation. These are publicly available documents Mr. Zuckerman could have obtained earlier and, in any case, should have been in the Law Department's files. Most of the material (other than the handwritten statement), including deposition transcripts from the employment case discussing the same matters, was turned over by the Queens District Attorney's office years ago, and by us to Mr. Zuckerman on August 16, 2021. *See* Ex. B: QDA 153-159, 169-189.

Further, there is nothing new in the 1991 handwritten statement. Mr. Zuckerman questioned Mr. Ramos repeatedly about his treatment at the hands of Mr. Zuckerman's clients. The testimony was corroborated by testimony from Richard Pereira. If Mr. Zuckerman sees something that he thinks impeaches Mr. Ramos in the 1991 statement, he can try to use it at trial. The Court should not reopen the deposition just so counsel can probe the same topic using a document that Mr. Zuckerman could have obtained prior to questioning Mr. Ramos in May. *See Chang v. Safe Horizons*, 03-cv-10100 (WHP) (RLE), 2004 WL 1874965, at *1 (S.D.N.Y. Aug. 20, 2004) (denying motion to reopen deposition because counsel already had "ample time" to question the witness).

Forcing Mr. Ramos to sit for further questioning by Mr. Zuckerman would be a waste of attorney time and an undue imposition on Mr. Ramos. We are concerned that further combative questioning by Mr. Zuckerman could be a means to discourage Mr. Ramos from testifying live at trial. The parties have completed eight depositions and have agreed to take 11 more. If Mr. Zuckerman is granted additional time, we ask that equal time be afforded to Plaintiff and, if they wish, attorneys for the MTA defendants.

### *The Letter Should be Stricken*

We ask that Docket No. 87 be stricken and removed from the public docket on the grounds that it contains unfounded, inappropriate allegations against the witness, his counsel, and opposing counsel. These allegations are irrelevant to the resolution of the motion, false, and defamatory.

As to Mr. Ramos, Senior Assistant Corporation Counsel Zuckerman has accused him—in writing and in public—of a federal crime, to wit: "outright perjury." ECF No. 87 at 2, n. 2. As to counsel, Mr. Zuckerman states that "development of this testimony appears to have been improper." But Mr. Zuckerman conceals from the Court that *the supposedly contradictory*

7/29/22
Page 2

ZMO LAW PLLC

*testimony was consistent with sworn testimony that Mr. Ramos gave in his Court of Claims deposition on February 25, 2021*. See Ex. C: Ramos Court of Claims Testimony at 32:12-13 (Detectives "[p]ushed my head, smacked the back of my head.").

Mr. Zuckerman also recounts the fact that I referred Mr. Ramos to his current attorney, Daniel McGuinness, Esq., and insinuates there was something improper about that. (Mr. Zuckerman himself represents multiple defendants and non-party witnesses who have an interest in aligning their testimony). It was precisely to avoid even the appearance of improper influence that I referred Mr. Ramos to Mr. McGuinness, Esq., a respected civil rights lawyer and a member of both the Manhattan 18-b Panel and the Southern District of New York's Criminal Justice Act Panel. To casually suggest that Mr. McGuinness suborned perjury is reckless and irresponsible.

Finally, Mr. Zuckerman falsely claims that I "directed Mr. Ramos (Mr. McGuinness' [sic] client) not to answer the question." ECF No. 87 at 3. The cited transcript does not show this; it shows that I pointed out to Mr. Zuckerman that his additional questioning was improper. ECF 87-4 at 4 (Tr. 311:21-25).

These false, personal attacks against Mr. McGuinness, Mr. Ramos, and me are uncalled for and do not advance the truth-seeking function of this litigation. Scorched earth tactics like that have no place in an important civil rights case like this one.

Thank you for your attention to this case.

Very truly yours,

*Zachary Margulis-Ohnuma*

Zachary Margulis-Ohnuma

CC: All Counsel (via ECF and email)
Daniel McGuinness, Esq. (via email)