UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
**FELIPE RODRIGUEZ,**

                              **Plaintiff,**                **MEMORANDUM**
                                                     **AND ORDER**

            -against-                             **21-CV-1649 (AMD) (RLM)**

**CITY OF NEW YORK,** *et al.***,**

                              **Defendants.**
------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are two discovery-related motions concerning non-party witness Javier Ramos: a motion by the City defendants to continue Ramos' deposition for an additional hour of testimony concerning his application to become a NYPD police officer and his resulting lawsuits challenging his disqualification, see generally Motion to Compel (July 26, 2022) ("City Mot."), Electronic Case Filing ("ECF") Docket Entry ("DE") #87; and a cross-motion filed by plaintiff Felipe Rodriguez ("plaintiff") to strike the City defendants' motion to compel as "contain[ing] scurrilous, defamatory allegations of impropriety that are unrelated to the relief sought[,]" Motion to Strike (Aug. 1, 2022) ("Pl. Opp./Cross-Mot.") at 1, DE #92. For the reasons that follow, the City defendants' motion to compel is granted in substantial part, and plaintiff's motion to strike is denied.

## FACTUAL BACKROUND

      Ramos is a critical witness in this wrongful conviction action: Ramos initially implicated another individual (Richard Pereira) in the 1987 homicide that ultimately led to plaintiff's prosecution, conviction, and incarceration for nearly 27 years; Ramos then changed

his account, implicating plaintiff in place of Pereira, including in testimony at plaintiff's criminal trial; years later, Ramos recanted his trial testimony, claiming that members of the NYPD had coerced him into falsely implicating plaintiff, his close friend, in the 1987 murder.

Ramos, who is based in Florida and is represented by counsel, sat for a remote deposition via videoconference on May 23, 2022. After approximately 4½ hours of examination by counsel for the City defendants, the deposition was adjourned for the day, at the request of plaintiff's counsel, who claimed that he would be unable to complete his examination in the time remaining. See City Mot. at 2. The examination resumed on July 8, 2022. See id. After less than three hours of examination by plaintiff's counsel and counsel for the MTA defendants, the City defendants' attorney resumed his questioning of Ramos, seeking to inquire into lawsuits filed by Ramos in which he challenged the disqualification of his application to become an NYPD police officer. See id. at 2-3. No response was elicited from the witness, as plaintiff's counsel immediately interposed a speaking objection, arguing that "[t]his did not come up in our questioning[,]" and insisting that "[y]ou have to be within the scope." Ramos Deposition Transcript (docketed on July 26, 2022) at 311, DE #87-4. While not expressly directing the witness not to answer, plaintiff's counsel effectively blocked the examination by persisting in pressing that argument pending a ruling from the Court, see id. at 312-13; Ramos' attorney then echoed the same objection and explicitly directed his client not to answer, see id. at 313. Thereupon, at 12:54 p.m., counsel for the City defendants telephoned the Court's chambers to arrange a hearing and left a voicemail message. See id. at 314-15.

2

Immediately thereafter, plaintiff's counsel invited the attorney for the City defendants to ask the witness—who, he announced, would be "done at 3:00"—questions "arguably within the scope[.]" Id. at 315. The examiner preferred to await a callback from the Court, see id. at 315-16, and plaintiff's counsel continued to argue that the challenged inquiry was improper, see id. at 315, 317-18. In the midst of this back-and-forth, Ramos' attorney volunteered that his client "is out at 2:00 p.m. for a doctor's appointment." Id. at 316. Within minutes, the court reporter observed that the room in which the deposition was being conducted "was only reserved [until] 1:00[.]" Id. at 318. As no other room was available, all counsel acknowledged that the City defendants would move to reopen the deposition, with the examiner noting that he had "about 15 minutes worth of questions." Id. at 319. The deposition was then suspended. Minutes after 1:00 p.m., a member of the Court's staff responded by phone to counsel's voicemail message, but all the participants, other than counsel for the City defendants, had dispersed.

## **DISCUSSION**

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides in relevant part that

> [a]n objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). Accordingly, "[t]he Rule makes clear that once an objection is noted for the record the examination proceeds and the testimony of the deponent is taken subject to the objection." Weinrib v. Winthrop-Univ. Hosp., CV 14-953 (JFB) (AKT), 2016 WL

3

1122033, at *2 (E.D.N.Y. Mar. 22, 2016) (collecting cases).  "Directions to a deponent not to answer a question can be even more disruptive than objections."  Fed. R. Civ. P. 30 advisory committee's note to 1993 amendments; accord Bennett v. Metro-North R.R. Co., 3:19-CV-00081 (KAD), 2020 WL 2113589, at *1 (D. Conn. May 4, 2020); Weinrib, 2016 WL 1122033, at *2; U.S. *ex rel.* Tiesinga v. Dianon Sys., Inc., 240 F.R.D. 40, 43 (D. Conn. 2006).  Thus, in circumstances analogous to those in the case at bar, courts have admonished counsel for directing a Rule 30(b)(6) witness not to answer questions allegedly outside the scope of the noticed topics.  See, e.g., Fashion Exch. LLC v. Hybrid Promotions, LLC, 333 F.R.D. 302, 307 n.6 (S.D.N.Y. 2019).

In violation of Rule 30(c)(2), the tag-team of plaintiff's counsel and the attorney for the witness jointly disrupted the Ramos deposition and prevented counsel for the City defendants from completing his examination of Ramos.  Plaintiff's opposition to the motion to reopen that deposition ignores the clear mandate of Rule 30(c)(2) and instead raises a series of makeweight arguments.  First, plaintiff contends that the movant "did not try to resolve the dispute with either Plaintiff or counsel for the witness prior to filing his motion[.]"  Pl. Opp./Cross-Mot. at 1.  This contention is belied by the transcript of the second deposition session, which reflects that the movant tried in vain to resolve the dispute and that all participants understood that only a ruling from the Court would break the stalemate.

In an equally unavailing argument, plaintiff for the first time complains that the City defendants' motion "fails to set forth a valid reason for exceeding the presumptive seven-hour time limit set for depositions in [Rule 30(d)(1)]."  Id.  Notably, at the time that the attorney for the City defendants telephoned Chambers to obtain a ruling, plaintiff's counsel was expecting

that the deposition would conclude by 3:00 p.m.—i.e., within two hours—and then Ramos' attorney explained that his client had to leave by 2:00 p.m. for a doctor's appointment. Thus, regardless of the length of the examination, no participant at the deposition was invoking and seeking to enforce the presumptive seven-hour limit.[1]

As for the merits of plaintiff's objection to the proposed line of inquiry as "outside the scope" of his questioning of the witness, plaintiff's opposition to the motion to compel does not even attempt to justify that challenge, and the Court is aware of no basis on which to sustain it.

Finally, given the critical nature of Ramos' testimony, the Court rejects the assertion of Ramos' counsel that the City defendants' desire to examine Ramos about his lawsuits involving the NYPD is designed "solely to cause maximal discomfort to [the witness]." [Ramos] Opposition to Motion to Compel (Aug. 1, 2022) at 2, DE #93. Had Ramos answered the questions that were put to him on July 8, 2022, he could have avoided the inconvenience of having to sit for another deposition session.

For the foregoing reasons, the Court grants the City defendants' motion to compel the continuation of the Ramos deposition. That said, the Court declines to authorize a full hour of additional examination by the City defendants. Given defense counsel's contemporaneous estimate of 15 minutes of further questioning, the Court reopens the deposition for no more than an additional 30 minutes of examination by the City defendants. Plaintiff's counsel is warned that the Court will tolerate no further conduct impeding the progress of the deposition.

---

[1] Nor is the Court prepared to deny the City defendants' motion on the ground that their letter-motion ran ½ page over the Court's three-page limit. See Pl. Opp./Cross-Mot. at 1.

As for plaintiff's cross-motion to strike the City defendants' letter-motion, that application is without merit and is denied.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
                **August 31, 2022**

                                                 /s/ *Roanne L. Mann*
                                                 **ROANNE L. MANN**
                                                 **UNITED STATES MAGISTRATE JUDGE**